# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, and JAMES FRANCE, <br><br> Defendants. | Civil Action No. 3:24-cv-886 <br><br> **MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM IN SUPPORT** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Rules 7.1(c) and 16.1(f), Plaintiffs 2311 Racing, LLC ("23XI"), d/b/a 23XI Racing, and Front Row Motorsports, Inc. ("Front Row" and together with 23XI, "Plaintiffs") hereby seek an order granting limited expedited discovery (the "Motion") that is narrowly tailored to gather documents exclusively in the control of Defendants National Association for Stock Car Auto Racing, LLC ("NASCAR") and James France ("France" and together with NASCAR, "Defendants") that are relevant to the Court's consideration of Plaintiffs' pending Motion for a Preliminary Injunction (Dkt. 20).

Plaintiffs have attempted in good faith to confer with Defendants to resolve this matter. Counsel for Plaintiffs conferred with counsel for Defendants via telephone on October 8, 2024, but the parties were unable to resolve any disagreements related to Plaintiffs' requested expedited discovery. Defendants noted that their clients are located in Daytona, Florida and not reachable currently due to the hurricane's impact on business operations.

1

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I.   | INTRODUCTION ................................................................................................... | 1 |
| II.  | EXPEDITED DISCOVERY REQUESTS ............................................................... | 2 |
| III. | LEGAL STANDARD ............................................................................................ | 3 |
| IV.  | ARGUMENT .......................................................................................................... | 5 |
|      | 1. Plaintiffs' Request for Expedited Discovery is Timed to Provide the Court with Factual Information That Will Assist in Deciding the Pending Motion for a Preliminary Injunction ............................................................................................ | 5 |
|      | 2. Plaintiffs' Discovery Requests Are Narrowly Tailored and Seek Targeted Documents that Are Highly Relevant to Their Preliminary Injunction Motion .... | 6 |
|      | 3. Plaintiffs Have Shown a Likelihood of Irreparable Harm Without Access to Expedited Discovery ........................................................................................... | 8 |
| V.   | CONCLUSION ...................................................................................................... | 9 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*,
   No. 3:17-CV-00398, 2017 WL 3065115 (W.D.N.C. July 19, 2017) ..................................5, 6

*Ciena Corp. v. Jarrad*,
   203 F.3d 312 (4th Cir. 2000) ............................................................................................5, 6

*Dan River, Inc. v. Unitex Ltd.*,
   624 F.2d 1216 (4th Cir. 1980) ................................................................................................5

*Gaming v. W.G. Yates & Sons Constr. Co.*,
   No. 1:16CV30, 2016 WL 3450829 (W.D.N.C. June 16, 2016)................................................5

*KBG Holding Corp. v. Union Bank & Trust Co.*,
   56 Fed. App'x. 111 (4th Cir. 2003) .........................................................................................5

*Lab'y Corp. of Am. Holdings v. Cardinal Health Sys., Inc.*,
   No. 510CV353, 2010 WL 3945111 (E.D.N.C. Oct. 6, 2010).................................................5

*Me2 Prods., Inc. v. Does 1-16*,
   2016 WL 7017268 (E.D.N.C. Dec. 1, 2016) .....................................................................5, 7

*Teamworks Innovations, Inc. v. Starbucks Corp.*,
   No. 1:19-CV-1240, 2020 WL 406360 (M.D.N.C. Jan. 24, 2020) (Auld,
   Magistrate J.)................................................................................................................. *passim*

**Statutes**

Sherman Act Section § 1..................................................................................................................2

Sherman Act Section § 2..................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26.............................................................................................................................4

## I. INTRODUCTION

On October 2, 2024, Plaintiffs filed a complaint (Dkt. 1) (the "Complaint") against Defendants alleging violations of Sections 1 and 2 of the Sherman Act. Plaintiffs are both premier stock car racing teams that field chartered teams in NASCAR's top-tier Cup Series. NASCAR and its CEO James France are responsible for the unlawful monopolization of premier stock car racing, through which they have enriched themselves at the expense of the racing teams, including Plaintiffs, that make the sport popular. Complaint at ¶¶ 59–116.

Defendants have unlawfully maintained their monopsony position over premier stock car racing teams by, among other things, entering into exclusive agreements with top-tier racetracks, acquiring a company that owned almost half of the top-tier racetracks that host Cup Series events, acquiring NASCAR's only potential competitor for conducting a premier stock car racing circuit, imposing restrictive covenants preventing chartered racing teams from competing in non-NASCAR events, barring chartered racing teams from using their Next Gen cars and parts in non-NASCAR events, and mandating the release of antitrust claims against Defendants by teams signing the 2025 Charter Agreement. *See* Dkt. 21-1, Declaration of Daniel A. Rascher at ¶¶ 12–15.

Plaintiffs have filed a Motion for a Preliminary Injunction to enable them to continue to compete as chartered teams in 2025 without being subject to the risk of forfeiting their antitrust claims against Defendants by virtue of the mandatory release that Defendants have included in the 2025 Charter Agreement. To obtain this preliminary relief, Plaintiffs must, among other things, show their likelihood of prevailing in their Section 2 monopolization claim. The expedited discovery requested by Plaintiffs seeks documents that are exclusively in the hands of Defendants that will be relevant to deciding whether Plaintiffs have met their burden of showing the required likelihood of success on the merits.

Specifically, Plaintiffs seek limited discovery from NASCAR's corporate files, and the electronic files of a small number of identified NASCAR executives, on an expedited basis, relating to each of the categories of exclusionary actions used by Defendants to unlawfully maintain their monopoly power so that Plaintiffs' economic expert can analyze this evidence in further support of Plaintiffs' Motion for a Preliminary Injunction. This is the type of highly relevant, limited discovery that courts regularly grant in support of a preliminary injunction motion based on a claim where the evidence of unlawful conduct is largely in the hands of the Defendants.

As set forth herein, Plaintiffs' requests satisfy the "good cause" or "reasonableness" standard for expedited discovery. As such, this Court should require Defendants to produce responsive documents within five business days after Defendants are served with an order granting this Motion so that the information can be reviewed in the reply brief that will be filed by Plaintiffs in support of their Motion for a Preliminary Injunction.

## II. EXPEDITED DISCOVERY REQUESTS

Plaintiffs request that the Court order Defendants to produce, within five business days after service of an order granting this Motion, the following sets of documents from NASCAR's central corporate files and the electronic files of the following NASCAR Executives:[1] James France, Steve Phelps, Steve O'Donnell, Lesa France Kennedy, Ben Kennedy, and Scott Prime.

1. Sanction and other agreements between NASCAR and racetracks that have hosted Cup Series races since January 1, 2016, which contain exclusivity provisions or other terms restricting the ability of the racetracks to host non-NASCAR racing events.

2. All documents discussing the competitive purpose or effect of NASCAR's 2019

---

[1] Plaintiffs' eight expedited discovery requests are included herein for ease of reference and attached to this Motion as Exhibit A.

acquisition of International Speedway Corporation ("ISC"), which owned a number of top-tier racetracks that host Cup Series events.

3. All documents discussing the competitive purpose or effect of NASCAR's acquisition of the Automobile Racing Club of America ("ARCA") Menards Series, which was the only other stock car racing circuit with national broadcast coverage.

4. All documents discussing the purpose or effect of the provisions in the 2016 and 2025 Charter Agreements prohibiting chartered teams from competing in non-NASCAR racing events.

5. All documents discussing the purpose or effect of the restrictions placed on teams only allowing for the use of Next Gen parts in NASCAR events.

6. All documents discussing the purpose or effect, or the scope of, the mandatory release of claims provision contained in Section 10.3 of the 2025 Charter Agreement.

7. All documents discussing NASCAR's decision to negotiate the 2025 Charter Agreement directly with individual teams, and not with the Team Negotiating Committee ("TNC") chosen by the teams as their representative.

8. All documents discussing NASCAR's decision to impose a September 6, 2024 deadline for teams to sign the 2025 Charter Agreement or risk losing their charters.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) permits courts to authorize expedited discovery prior to a Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26. Such expedited discovery is "particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Teamworks Innovations, Inc. v. Starbucks Corp.*, No. 1:19-CV-1240, 2020 WL 406360, at *2 (M.D.N.C. Jan.

24, 2020) (Auld, Magistrate J.) (internal quotations omitted).[2] Indeed, courts in the Fourth Circuit routinely grant expedited discovery when the request is limited to issues raised in a preliminary injunction motion. *Lab'y Corp. of Am. Holdings v. Cardinal Health Sys., Inc.*, No. 510CV353, 2010 WL 3945111, at *3 (E.D.N.C. Oct. 6, 2010) (court allowed discovery on issues raised by plaintiff's preliminary injunction motion); *Bojangles' Int'l*, 2017 WL 3065115, at *7 (same).

In evaluating a request for expedited discovery relating to a preliminary injunction motion, courts in the Fourth Circuit apply the "good cause" or "reasonableness" test "that takes into account the totality of the circumstances." *Gaming v. W.G. Yates & Sons Constr. Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2016); *Teamworks Innovations*, 2020 WL 406360, at *3; *see also Me2 Prods., Inc. v. Does 1-16*, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016) (applying reasonableness standard to grant request for expedited discovery). This test requires courts to consider (1) the timing of the motion, (2) whether the party seeking discovery narrowly tailored its requests to gather information relevant to a preliminary injunction determination, and (3) whether the requesting party has shown a likelihood of irreparable harm without access to expedited discovery. *Teamworks Innovations*, 2020 WL 406360, at *3; *W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3–4. For the reasons discussed herein, Plaintiffs have good cause for the expedited discovery requested in this Motion.

---

[2] *See KBG Holding Corp. v. Union Bank & Trust Co.*, 56 Fed. App'x. 111, 114 (4th Cir. 2003) ("The parties engaged in expedited discovery in preparation for the . . . hearings on the competing motions for preliminary injunction."); *Ciena Corp. v. Jarrad*, 203 F.3d 312, 320 (4th Cir. 2000) (remanding "with instructions to allow . . . such expedited discovery on the injunction application as [] may justify to the [district] court"); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980) (noting that the district court "set a hearing on the motion for a preliminary injunction and directed the parties to engage in discovery on an expedited basis prior to that hearing"); *Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.,* No. 3:17-CV-00398, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017) ("expedited discovery may be appropriate when a party requests preliminary injunctive relief").

## IV.  ARGUMENT

On October 8, 2024, Plaintiffs filed a Motion for a Preliminary Injunction (Dkt. 20) asking the Court to issue relief requiring Defendants to permit Plaintiffs to compete as chartered teams under the terms of the 2025 Charter Agreement, while prohibiting Defendants from enforcing the mandatory release of claims contained in Section 10.3 of that Agreement against the antitrust claims asserted by Plaintiffs in this action.  The pendency of such a preliminary injunction request weighs in favor of the Court granting expedited discovery for documents exclusively in the hands of Defendants relevant to Plaintiffs demonstrating the required likelihood of success on the merits. *Teamworks Innovations, Inc*, 2020 WL 406360, at *5; *see Ciena Corp.*, 203 F.3d at 320; *Bojangles' Int'l, LLC*, 2017 WL 3065115, at *6.

   1. **Plaintiffs' Request for Expedited Discovery is Timed to Provide the Court with Factual Information That Will Assist in Deciding the Pending Motion for a Preliminary Injunction**

Plaintiffs are filing this motion concurrently with their Motion for a Preliminary Injunction, weeks before Defendants are due to file their opposition and before Plaintiffs file their reply.  The motion seeks highly targeted documents from Defendants' corporate files, and the electronic files of six NASCAR executives, concerning the antitrust merits of Plaintiffs' claims, which are directly relevant to showing the required likelihood of success on the merits.  The motion is properly timed so that Plaintiffs can "incorporate appropriate information into" the record "that will be helpful to the Court as it works to render a just and fair decision."  *Teamworks Innovations, Inc*, 2020 WL 406360, at *3.  Since Plaintiffs acted diligently in filing this request for expedited discovery, they have satisfied the timing requirement for such a motion.  *See id.* (timing of motion favored expedited discovery when motion was filed "seven business days after filing the [preliminary injunction] Motion and three weeks before Defendants' (extended) deadline to respond to the [preliminary injunction] Motion").

2. **Plaintiffs' Discovery Requests Are Narrowly Tailored and Seek Targeted Documents that Are Highly Relevant to Their Preliminary Injunction Motion**

Plaintiffs seek eight narrowly tailored categories of documents that are exclusively in the control of Defendants, and which are highly relevant to Plaintiffs' request for a preliminary injunction. *Me2 Prods.*, 2016 WL 7017268, at *1 (allowing expedited discovery where "information plaintiff seeks is narrowly tailored to meet its objective"). Plaintiffs have further narrowed their discovery requests by limiting them to a search of Defendant NASCAR's corporate files and the electronic files of six NASCAR executives who Plaintiffs believe were directly involved in the facts being discovered.

***Independent Racetrack Contracts With Exclusivity or Other Restrictive Provisions (Request 1).*** The first request seeks NASCAR's contracts with independently owned racetracks that have hosted Cup Series races since 2016 to the extent such contracts contain exclusivity or other provisions that prevent these racetracks from hosting any other stock car racing events. This is one of the categories of exclusionary acts that Plaintiffs contend have been used by Defendants for the unlawful maintenance of their monopoly power.

***Competitive Purpose or Effect of NASCAR's 2019 Acquisition of ISC, Which Owned Almost Half of the Racetracks Hosting Cup Series Events (Request 2).*** The second request seeks a narrowly targeted universe of documents discussing the competitive purpose or effect of NASCAR's acquisition of ISC, which gave it direct control over many of the top-tier racetracks in the United States suitable for premier stock car racing events. This is another one of the exclusionary acts that Plaintiffs contend have been used by Defendants to unlawfully maintain their monopoly power.

***Competitive Purpose or Effect of the ARCA Acquisition (Request 3).*** The third request seeks a narrowly targeted universe of documents discussing the competitive purpose or effect of

NASCAR's acquisition of ARCA, NASCAR's only potential competitor for premier stock car racing events. This is another one of the exclusionary acts that Plaintiffs contend have been used by Defendants to unlawfully maintain their monopoly power.

***Documents Discussing the Purpose or Effect of the Provisions of the 2016 and 2025 Charter Agreements Prohibiting Chartered Teams from Competing in Non-NASCAR Racing Events (Request 4).*** The fourth request seeks a narrowly targeted universe of documents discussing the purpose or effect of the provision in the Charter Agreements that restrict the chartered teams, even though they are independent contractors, from competing in non-NASCAR events. This is another one of the exclusionary acts that Plaintiffs contend have been used by Defendants to unlawfully maintain their monopoly power.

***Documents Discussing the Purpose or Effect of the Restrictions on Teams' Use of Next Gen Parts to NASCAR Events (Request 5).*** The fifth request seeks a narrowly targeted universe of documents discussing the purpose or effect of the restriction regarding Next Gen parts that blocks chartered teams from using the Next Gen parts and cars in non-NASCAR events. This is another one of the exclusionary acts that Plaintiffs contend have been used by Defendants to unlawfully maintain their monopoly power.

***Documents Discussing the Purpose or Effect, or the Scope, of the Mandatory Release Provision Contained in the 2025 Charter Agreement (Request 6).*** The sixth request seeks a narrowly targeted universe of documents discussing the purpose or effect, or scope, of the mandatory release provision in the 2025 Charter Agreement that is the specific subject of the request for preliminary injunctive relief. This provision is being challenged as one of the exclusionary acts used by Defendants to unlawfully maintain their monopoly power and a source of the irreparable injury that Plaintiffs will suffer if preliminary relief is not granted.

***Documents Discussing the Decision by Defendants to Cease Negotiating with the TNC, and Only Negotiate with the Individual Racing Teams, with Respect to the 2025 Charter Agreement (Request 7).*** The seventh request seeks a narrowly targeted universe of documents discussing NASCAR's exercise of its monopsony power to impose anticompetitive terms on the chartered teams in the 2025 Charter Agreement by refusing to continue to negotiate with the TNC, as opposed to the individual teams. This information will be relevant to proving the antitrust injury suffered by Plaintiffs as a result of Defendants' unlawful monopolization.

***Documents Discussing the Decision by Defendants to Present a Take-it-or-Leave-it Final Proposal for the 2025 Charter Agreement on September 6, 2024 (Request 8).*** The eighth request seeks a narrowly targeted universe of documents discussing NASCAR's exercise of its monopsony power to impose anticompetitive terms on the chartered teams in the 2025 Charter Agreement by coercing the teams to accept a take-it-or-leave-it offer on September 6, 2024, or risk losing their charters altogether. This information will be relevant to proving the antitrust injury suffered by Plaintiffs as a result of Defendants' unlawful monopolization.

The eight narrowly tailored document requests sought by Plaintiffs on an expedited basis pose a minimal burden to Defendants. They also are highly relevant to Plaintiffs' showing of a likelihood of success on the merits to support their preliminary injunction motion. All the requested expedited discovery is warranted because it "could impact the Court's ruling on the [preliminary injunction] [m]otion" and "Plaintiff[s] would suffer significant harm if denied expedited discovery on that front." *Teamworks Innovations, Inc.*, 2020 WL 406360, at *6.

3. **Plaintiffs Have Shown a Likelihood of Irreparable Harm Without Access to Expedited Discovery**

Finally, Plaintiffs refer the Court to their concurrently filed Memorandum in Support of the Preliminary Injunction (Dkt. 21 at 11–14) which demonstrates Plaintiffs' ability to show a

likelihood of irreparable harm prior to having any access to expedited discovery. Plaintiffs' narrowly tailored discovery requests will create a more fulsome record, thus providing this Court with stronger and more concrete evidence upon which to base its ruling, which supports the granting of Plaintiffs' request for expedited discovery. *Teamworks Innovations*, 2020 WL 406360, at *3. With this showing, Plaintiffs have satisfied each of the requirements for obtaining expedited discovery in this Circuit. *Id*.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court exercise its discretion to require Defendant to produce documents responsive to each of Plaintiffs' expedited discovery requests within five days of this Court's order granting this Motion.

Dated: October 9, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

# **CERTIFICATE OF COMPLIANCE**

This memorandum in support of the motion complies with the word limitation set forth in Rule 3(b)(iv) of the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney because, excluding the parts of the document exempted by Rule 3(b)(iv), the memorandum in support of the motion contains a total of 2,587 words.

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM IN SUPPORT** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

Tricia Wilson Magee
Shumaker Loop & Kendrick, LLP
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

*Counsel for Defendants National Association for Stock Car Auto Racing, LLC and James France*

                                           */s/ Jeffrey L. Kessler*
                                               Jeffrey L. Kessler