UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE <br><br>Defendants. | Civil Action No. 3:24-cv-886-FDW-SCR |

## MOTION TO EXTEND DEADLINES AND CONTINUE HEARING

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendants National Association for Stock Car Auto Racing, LLC ("NASCAR") and James France respectfully move this Court for a modest extension of deadlines set in this Court's orders, (Doc. Nos. 23, 24), and to continue the scheduled hearing on the preliminary injunction, (Doc. No. 24). In short, Defendants request an extension of the deadlines and hearing set by the Court because of the impact of Hurricane Milton on Defendants' client representatives and because the motion for preliminary injunction neither requests nor requires expedited consideration outside of the response time permitted under this Court's Local Rules. Plaintiffs consent in part and oppose in part the instant motion.

Defendants respectfully request the Court extend the time for Defendants to respond to the Motion to Expedite Discovery, (Doc. No. 22), and Motion for Preliminary Injunction, (Doc. No. 20), as follows:

| Event | Original Deadline under Local Rules | Current Date/Deadline | Proposed Date/Deadline |
|---|---|---|---|
| Opposition to Plaintiffs' Motion to Expedite Discovery | 10/23/2024 | 10/11/2024 | 10/25/2024 |
| Opposition to Plaintiffs' Motion for a Preliminary Injunction | 10/23/2024 | 10/14/2024 | 10/25/2024 |
| Reply in Support of Plaintiffs' Motion for Expedited Discovery | 10/30/2024 | 10/18/2024 | 11/1/2024 |
| Reply in Support of Plaintiffs' Motion for a Preliminary Injunction | 10/30/2024 | [None] | 11/1/2024 |
| Hearing on Plaintiffs' Motion for a Preliminary Injunction | Anytime after 10/30/2024 | 10/16/2024 | 11/4/2024 or at the convenience of the Court |

In support of this motion, Defendants state as follows:

Good cause exists for such an extension. First, multiple key NASCAR employees with knowledge relevant to the issues raised in Plaintiffs' Motion for a Preliminary Injunction and Motion for Expedited Discovery are located in Florida and immediately impacted by Hurricane Milton. NASCAR's offices in Daytona Beach, Florida were closed yesterday, are closed today and tomorrow, and may be closed for the remainder of the week, and thus employees with relevant knowledge will be dealing with the impact of Hurricane Milton.

Additionally, nothing in Plaintiffs' Motion for a Preliminary Injunction suggests or requests this Court depart from the briefing schedule permitted under this Court's Local Rules, which allow fourteen days for a response brief and seven days for a reply brief. *See* LCvR 7.1(e). Plaintiffs' Motion for a Preliminary Injunction includes multiple declarations and exhibits spanning over 400 pages, including a declaration from an economist that spans over 40 pages. In order to properly respond to Plaintiffs' allegations and claims in their Motion for Preliminary

2

Injunction, Defendants are working to prepare oppositions that provide argument, applicable law, and, evidentiary support to demonstrate Defendants' positions: 1) Plaintiffs are seeking a mandatory injunction that is only warranted in the most extraordinary circumstances (which are not present here) since they are seeking to alter the status quo through an injunction requiring NASCAR to provide Charters for 2025 and beyond notwithstanding that the time to sign Charters for 2025 has expired; 2) Plaintiffs cannot establish irreparable harm since Plaintiffs and their counsel have confirmed that Plaintiffs' teams will compete as open teams in 2025, which means that money damages can compensate Plaintiffs even if they were to ultimately prevail; and 3) Plaintiffs cannot establish a likelihood of success on the merits for multiple reasons, including that this is a dispute over contract terms, not an antitrust case. That preparation requires communicating with employees directly affected by Hurricane Milton.

Plaintiffs will not be harmed by such an extension. Plaintiffs currently compete under the 2016 Charter Agreements, and those agreements remain in effect through December 31, 2024. Plaintiffs make no allegation that NASCAR has taken, or will take, any action that violates those agreements. And even if the Court were to grant the extraordinary relief Plaintiffs seek, the 2025 Charter Agreements do not go into effect until January 1, 2025. Notably, Plaintiffs did *not* seek a temporary restraining order, and Plaintiffs filed their Motions a week after filing their Complaint. Further, the fact Plaintiffs filed their Motion for Expedited Discovery *concurrently* with their Motion for a Preliminary Injunction demonstrates that Plaintiffs do not need additional discovery at the preliminary injunction phase of the litigation.

Defendants' counsel has conferred with Plaintiffs' counsel regarding the instant motion, and counsel for Plaintiffs indicated they do not oppose an extension to the motion for preliminary injunction but indicated that their consent is limited to an opposition to the preliminary injunction

3

motion being filed on October 21, 2024, a reply being filed on October 25, 2024, and a hearing on October 28 or 29, 2024, depending on the Court's availability. Plaintiffs oppose any extension of time to oppose the motion for expedited discovery.

Given the effects of Hurricane Milton and the significant resources required to respond to Plaintiffs' Motion, Defendants respectfully request that the Court grant a modest extension and continuance as described above. This modest extension will allow Defendants reasonable time to submit evidence and argument so that the Court can rule on the merits of the motion for preliminary injunction at the hearing.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE FOLLOWS]

Dated: October 9, 2024                     Respectfully submitted,

By:   */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com


* Admitted *pro hac vice*

*Counsel for Defendants NASCAR and Jim France*

5

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document contains fewer than 4,500 words according to the word count feature in Microsoft Word and is therefore in compliance with the word limitation set forth in Judge Whitney's Scheduling Order.

This the 9th day of October, 2024.

                                               Respectfully submitted,

                                               */s/ Tricia Wilson Magee*
                                               Tricia Wilson Magee (N.C. Bar No. 31875)
                                               SHUMAKER, LOOP, & KENDRICK, LLP
                                               101 S Tryon Street, Suite 2200
                                               Charlotte, NC 28280
                                               Tel: 704-375-0057
                                               Fax: 704-332-1197
                                               Email: tmagee@shumaker.com

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 9th day of October, 2024.

*/s/ Tricia Wilson Magee*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO EXTEND DEADLINES AND CONTINUE HEARING** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com


Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com


Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com


Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Plaintiffs 23XI Racing and
Front Row Motorsports Inc.*


This the 9th day of October, 2024.

                                              */s/ Tricia Wilson Magee*