UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE<br><br>Defendants. | Civil Action No. 3:24-cv-886-FDW-SCR |

## MOTION TO SEAL

Pursuant to LCvR 6.1, Defendants National Association for Stock Car Auto Racing (NASCAR) and James France respectfully move this Court for an order permitting them to file certain materials under seal.

On October 23, 2024, Defendants intend to file a response in opposition to Plaintiffs' Motion for Preliminary Injunction. The response, and certain supporting documents to be concurrently filed, will contain confidential information from the following:

1. The 2016 NASCAR Cup Series Charter Member Agreement, (Doc. No. 21-4), which was previously ordered sealed by this Court, *see* Order Granting Doc. No. 10, Plfs' Mot. Seal (Oct. 4, 2024) (Text-Only Order);

2. The 2025 NASCAR Cup Series Charter Member Agreement, (Doc. No. 21-5), which was previously ordered sealed by this Court, *see* Order Granting Doc. No. 10, Plfs' Mot. Seal (Oct. 4, 2024) (Text-Only Order);

3. Information regarding and documents from Defendants containing highly sensitive commercial financial information, such as revenue, rights agreements, and sponsorship agreements. Defendants would not share this highly sensitive financial information publicly, and it should be sealed to avoid harming Defendants' businesses and business relationships;

4. Confidential information Plaintiffs filed under seal, including portions of their Memorandum of Law in support of Plaintiffs' Motion for Preliminary Injunction, (Doc. No. 21), and the attached exhibits and declarations, (Doc. Nos. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6, 21-7, 21-8, 21-9).

Sealing this confidential information is necessary because it is highly sensitive commercial and financial information and disclosing it publicly would harm Defendants' businesses and business relationships, including relevant third parties' business. There is no alternative to filing under seal because to properly defend against Plaintiffs' claims, Defendants must reference the 2016 and 2025 Charter Agreements—contracts central to Plaintiffs' claims—and related, highly sensitive financial information. The information Defendants seek to seal "is of utmost importance to them but not generally available to the public or bearing importance to any public matters." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07–CV–275–D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (concluding the First Amendment right of access overcome by party's showing that materials that it sought to seal "contain[ed] confidential and proprietary commercial information, including information relating to . . . highly sensitive financial and business information belonging to the parties as well as third-parties, information"); *see also Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 294 (W.D.N.C. 2019) (relying on *Silicon Knights*, reaching same conclusion), *aff'd*, 845 F. App'x 205 (4th Cir. 2021).

Defendants seek to have these documents filed under seal permanently or until deleted by the Court.

Defendants' counsel has conferred with Plaintiffs' counsel regarding the instant motion, and Plaintiffs' counsel consents to the motion to seal.

Should the Court grant this motion to seal, Defendants will file an unsealed, redacted version of their response in opposition to Plaintiffs' Motion for Preliminary Injunction.

For the reasons stated above, Defendants respectfully request the Court grant this motion to file under seal the response in opposition to Plaintiffs' Motion for Preliminary Injunction and certain concurrently filed supporting documents to the extent that either contain information from: (1) the 2016 and 2025 Charter Agreements; (2) documents detailing highly sensitive financial information; and (3) highly sensitive, non-public information from rights agreements and sponsorship agreements.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE FOLLOWS]

Dated: October 18, 2024               Respectfully submitted,

By: */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

* Admitted *pro hac vice*

*Counsel for Defendants NASCAR and Jim France.*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document contains fewer than 4,500 words according to the word count feature in Microsoft Word and is therefore in compliance with the word limitation set forth in Judge Whitney's Scheduling Order.

This the 18th day of October, 2024.

        Respectfully submitted,

        */s/ Tricia Wilson Magee*
        Tricia Wilson Magee (N.C. Bar No. 31875)
        SHUMAKER, LOOP, & KENDRICK, LLP
        101 S Tryon Street, Suite 2200
        Charlotte, NC 28280
        Tel: 704-375-0057
        Fax: 704-332-1197
        Email: tmagee@shumaker.com

# ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 18th day of October, 2024.

*/s/ Tricia Wilson Magee*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO SEAL** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com


Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com


Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com


Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Plaintiffs 23XI Racing and
Front Row Motorsports Inc.*

This the 18th day of October, 2024.

                                                             */s/ Tricia Wilson Magee*