UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE, <br><br> Defendants. | **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** <br><br> Civil Action No. 3:24-cv-886-FDW-SCR <br><br> Public Redacted Version |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .................................................................................................................................. 1
   I.     Plaintiffs Seek a Prohibitory, Not Mandatory, Injunction .................................................. 1
   II.    Likelihood of Success ......................................................................................................... 3
         A.     The Statute of Limitations Is No Bar. ..................................................................... 3
         B.     SRX's Failure Shows Defendants' Monopoly. ........................................................ 3
         C.     The 2016 Release Does Not Apply. ........................................................................ 4
         D.     An Antitrust Release Imposed by a Monopolist is an Exclusionary Act. ............... 4
         E.     NASCAR Cannot Rely on Joint Venture Case Law. .............................................. 4
   III.   Irreparable Harm ................................................................................................................. 4
   IV.   Balance of Equities ............................................................................................................. 5
CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aggarao v. MOL Ship Mgmt. Co., Ltd.*,
 675 F.3d 355 (4th Cir. 2012) ...................................................................................................1

*Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*,
 269 F.3d 1149 (10th Cir. 2001) ................................................................................................2

*Duke Energy Carolinas, LLC v. NTE Carolinas II LLC*,
 111 F.4th 337 (4th Cir. 2024) ...................................................................................................3

*Eco Fiber Inc. v. Vance*,
 2024 WL 3092773 (W.D.N.C. June 21, 2024) (Whitney, J.) ....................................................5

*Haywood v. NBA*,
 401 U.S. 1204 (1971) ................................................................................................................2

*Lutz v. Case Farms*,
 2020 WL 5111217 (W.D.N.C. Aug. 31, 2020) .....................................................................2, 5

*Madison Square Garden, L.P. v. NHL*,
 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008) ...........................................................................4

*McKesson & Robbins, Inc. v. Charles Pfizer & Co.*,
 235 F. Supp. 743 (E.D. Pa. 1964) .............................................................................................2

*In re Microsoft Corp. Antitrust Litig.*,
 333 F.3d 517 (4th Cir. 2003) ....................................................................................................2

*NASL v. NFL*,
 670 F.2d 1249 (2d Cir. 1982) ...................................................................................................4

*Omega World Travel, Inc. v. Trans World Airlines*,
 11 F.3d 14 (4th Cir. 1997) ........................................................................................................2

*Pashby v. Delia*,
 709 F.3d 307 (4th Cir. 2013) ................................................................................................1, 2

*Total Vision, LLC v. Vision Serv. Plan*,
 717 F. Supp. 3d 922 (C.D. Cal. 2024) ......................................................................................4

*U.S. v. Clarkson*,
 2007 WL 1988257 (D.S.C. July 3, 2007) .................................................................................5

*U.S. v. South Carolina*,
 720 F.3d 518 (4th Cir. 2013) ..................................................................................................2

*VKK Corp. v. NFL*,
 244 F.3d 114 (2d Cir. 2001)...................................................................................................4

*W. Penn Allegheny Health Sys. v. UPMC*,
 627 F.3d 85 (3d Cir. 2010)......................................................................................................3

**Statutes**

15 U.S.C. §15b................................................................................................................................3

# PRELIMINARY STATEMENT

Defendants do not dispute that NASCAR's Cup Series is the only premier stock car racing series in which Plaintiffs can race. This means they have monopoly power. Defendants do not dispute that they use restrictive covenants denying competitors access to racetracks and racing teams—and their economist has not offered *any* procompetitive justification for such restrictions or for NASCAR's acquisitions of racetracks and a competitor. This means that Defendants have used exclusionary acts—not legitimate competition—to maintain their monopoly. And Defendants do not dispute that the Charter Agreement requires Plaintiffs to agree to a release of claims in order to be able to compete.

Defendants argue that Plaintiffs can compete as "open" teams to avoid irreparable injury. But what Defendants do not tell the Court is that they mandate the same release of claims as the "price" for competing "open." Unless a preliminary injunction is granted, Plaintiffs will suffer the indisputable irreparable harm of being unable to compete without risking forfeiting their antitrust claims.

"Might" does not make "right" under the antitrust laws.

# ARGUMENT

## I. Plaintiffs Seek a Prohibitory, Not Mandatory, Injunction

Plaintiffs ask the Court for a prohibitory injunction to return the parties to the last uncontested status of Plaintiffs racing as chartered teams under the terms NASCAR offered on September 6. *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (injunction is "prohibitory" if it "preserve[s] the status quo," "the last uncontested status between the parties which preceded the controversy."). The "status quo" is "not the circumstances existing at the moment the lawsuit [] was actually filed." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 378 (4th Cir. 2012); *see*

1

*also Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001).

Plaintiffs' request for an injunction requiring Defendants to proceed with the 2025 Charter Agreement offered to Plaintiffs on September 6, but prohibiting them from enforcing their mandatory release against Plaintiffs' antitrust claims, is the only way to prevent irreparable harm and "preserve the court's ability to render a meaningful judgment on the merits." *U.S. v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013); *see also McKesson & Robbins, Inc. v. Charles Pfizer & Co.*, 235 F. Supp. 743, 746, 751 (E.D. Pa. 1964) (requiring defendants to "continue to sell to [plaintiff] under the same terms and conditions as existed prior to the ... termination").

The requested injunction is prohibitory even though Defendants withdrew their charter offer shortly before litigation was filed. *See Pashby*, 709 F.3d at 313–15, 320 ("last uncontested status between the parties was the pre-[policy] regime, under which [plaintiffs] were able to receive" the benefits rescinded under the new policy). But even if the injunction were mandatory, it still should be granted "to preserve the court's ability to enter ultimate relief on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003).

Defendants' citation to *Omega World Travel, Inc. v. Trans World Airlines* is misplaced. 111 F.3d 14 (4th Cir. 1997). Plaintiffs seek to hold Defendants responsible for unlawful monopolization and to preliminarily enjoin the release provision in the Charter Agreement; unlike *Omega*, they do not claim that the entire Charter Agreement is an antitrust violation. *See Lutz v. Case Farms*, 2020 WL 5111217, at *4 (W.D.N.C. Aug. 31, 2020) (distinguishing *Omega* because plaintiff sought enforcement of agreement "to the extent [it] do[es] not violate [federal law]" and therefore plaintiff's "request for a preliminary injunction [wa]s not inconsistent with the relief he request[ed] in his [c]omplaint"); *Haywood v. NBA*, 401 U.S. 1204, 1205–07 (1971) (reinstating

2

preliminary injunction permitting otherwise ineligible player to play; part of eligibility rules were challenged as an antitrust violation).

II. **Likelihood of Success**

Defendants do not refute Plaintiffs' showing that: (1) Defendants possess monopoly power and (2) willfully acquired and maintained that power through exclusionary acts. *See* Mot. 7–11. They do not dispute the exclusionary acts that Defendants undertook to maintain their monopoly. Nor does their expert offer any procompetitive justifications for these exclusionary acts. Rascher II¶¶42–44, 79.

A. **The Statute of Limitations Is No Bar.**

Unlike the cases Defendants cite, Plaintiffs have shown ongoing exclusionary acts, such as the restrictive covenants on the racetracks and racing teams, during the limitations period. *See* 15 U.S.C. §15b. Moreover, Plaintiffs can rely on conduct before the limitations period, such as NASCAR's acquisitions, to establish a continuing monopolization. *W. Penn Allegheny Health Sys. v. UPMC,* 627 F.3d 85, 109 n.15 (3d Cir. 2010); *see also Duke Energy Carolinas, LLC v. NTE Carolinas II LLC*, 111 F.4th 337, 355 (4th Cir. 2024).

B. **SRX's Failure Shows Defendants' Monopoly.**

Defendants' reference to SRX confirms Defendant's monopoly. SRX had to adopt a "differentiated" format precisely because of Defendant's exclusionary acts. And SRX shut down after only three seasons.[1] Rascher II ¶¶64–66.

---

[1] Defendants wrongly attempt to shift the market away from premier stock car racing to Plaintiffs' decision to invest in stock car racing "rather than IndyCar or another sport." Opp. 13. The relevant market is the input market for premier stock car racing teams and NASCAR is the only purchaser in that market. *See* Rascher II ¶¶14–16.

3

C.   **The 2016 Release Does Not Apply.**

The release in the 2016 Charter Agreement is limited to ███████████████████ ███████████████████████████. Dkt. 21-4 §10.3.  It does not apply to the antitrust claims asserted against Defendants' unlawful monopolization after 2016.  A release of future antitrust claims would be against public policy and void.  *See* Mot. 10–11.  Defendants' own case differentiates between an enforceable antitrust release by the members of a "legitimate joint venture" from one imposed by a monopsonist, which raises "public policy concerns."  *Madison Square Garden, L.P. v. NHL*, 2008 WL 4547518, at *5–9 (S.D.N.Y. Oct. 10, 2008).

D.   **An Antitrust Release Imposed by a Monopolist is an Exclusionary Act.**

*VKK Corp. v. NFL* does not state that an antitrust release imposed by a monopolist is not an exclusionary act.  244 F.3d 114, 125–27 (2d Cir. 2001).  Where, as here, such a release is part of the antitrust violation, it is invalid.  *See Total Vision, LLC v. Vision Serv. Plan*, 717 F. Supp. 3d 922, 933 (C.D. Cal. 2024) (plaintiff "plausibly pled that the Release is invalid because it was 'part and parcel' of VSP's antitrust conspiracy").

E.   **NASCAR Cannot Rely on Joint Venture Case Law.**

Plaintiffs are independent contractors—not joint venture members of NASCAR.  *See* Dkt. 21-4 §13.6; Rascher II ¶43.  The authorities Defendants cited, (*see* Opp. 2, 11), indicating that a joint venture sports league can turn down new members or can impose equipment restrictions on its members, are thus of no relevance.  Indeed, even an actual joint venture sports league, like the NFL, violates the antitrust laws when it restricts competitors' access to owners it needed to compete.  *See NASL v. NFL*, 670 F.2d 1249, 1259–62 (2d Cir. 1982).

III.  **Irreparable Harm**

Defendants argue that Plaintiffs can compete as "open" teams and avoid irreparable harm.  But what Defendants do not tell the Court is that they have included the same mandatory release

in their "open" agreements as they imposed in their Charter Agreements. Kessler Reply Decl. ¶3, Ex. 12. Without an injunction, Plaintiffs cannot compete at all without suffering the irreparable harm of risking the forfeiture of their antitrust claims.

Defendants' argument that Plaintiffs have maintained operations despite the release in the 2016 Charter Agreement is a non sequitur. That release only applied to ████████████, not the antitrust violations asserted here.

Further, competing as "open" teams would cause irreparable harm to Plaintiffs, as they would risk losing irreplaceable competitive opportunities, drivers and sponsor goodwill. Polk Decl. ¶¶35–40; Jenkins Decl. ¶¶37–47; *Eco Fiber Inc. v. Vance*, 2024 WL 3092773, at *4 (W.D.N.C. June 21, 2024) (Whitney, J.) ("[L]oss of goodwill in the relevant industry … [is] difficult to quantify in terms of money damages and thus may justify injunctive relief."). Since 2016, when charters were established, only one race team operated an "open" car full-time without a charter, and that car ceased competing full-time after just one season. Rascher II ¶83; Jenkins Decl. ¶41. Competing "open" would thus "threaten [Plaintiffs'] existence," (Opp. 8), during "the pendency of this matter." *Eco Fiber*, 2024 WL 3092773, at *4; *see also Lutz*, 2020 WL 5111217, at *7.

## IV. Balance of Equities

An injunction will not harm Defendants. It will simply require Defendants to enter into the status quo 2025 Charter Agreements offered to Plaintiffs two weeks before this litigation—absent the ability to enforce the release. *U.S. v. Clarkson*, 2007 WL 1988257, at *3 (D.S.C. July 3, 2007) (defendant "will not suffer irreparable harm by being forced to comply with the law"). By contrast, if the injunction is not granted, Plaintiffs will either have to forego competing or risk losing their antitrust rights.

5

## **CONCLUSION**

The Court should issue the preliminary injunction.

Dated: October 30, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limitation set forth in Rule 3(b)(iv) of the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney because, excluding the parts of the document exempted by Rule 3(b)(iv), the Motion contains a total of 1,492 words.

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs 2311Racing LLC d/b/a 23XI Racing and Front Row Motorsports Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, and I caused an unredacted copy of the foregoing to be served on counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com

Lawrence E. Buterman
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Anna M. Rathbun
Christopher J. Brown
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
chris.brown@lw.com

*Counsel for Defendants National Association for Stock Car Auto Racing, LLC and James France*

                                                        *Jeffrey L. Kessler*
                                                        Jeffrey L. Kessler