UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE <br><br> Defendants. | Civil Action No. 3:24-cv-886-FDW-SCR |

## MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION AND CONSENT MOTION TO SEAL

Pursuant to LCvR 6.1 and LCvR 7.1(e) to the extent it is applicable,[1] Defendants NASCAR and James France respectfully move this Court (1) for leave to file a supplemental declaration and (2) for an order permitting them to file the supplemental declaration and accompanying exhibits under seal.

On October 9, 2024, Plaintiffs filed a motion for preliminary injunction, (Doc. No. 20), and on October 23, 2024, Defendants filed an opposition to Plaintiffs' motion for preliminary injunction, (Doc. No. 31). On October 30, 2024, Plaintiffs filed a reply in support of their motion for a preliminary injunction. (Doc. No. 34.)

In their reply, Plaintiffs discuss the NASCAR Cup Series Open Team Owner Agreements ("Open Team Agreements")—agreements entered into by NASCAR and "open" teams that

---

[1] The limited relief requested herein—a declaration accompanied by additional evidence relevant to an evidentiary issue raised by Plaintiffs' reply brief—tracks the "when warranted" standard as articulated in this Court's Local Rule 7.1(e) for sur-replies.

compete in NASCAR Cup Series events. (*Id.* at 4-5). Plaintiffs attached to their reply an unsigned Open Team Agreement from 2024. (Doc. No. 34-3). Plaintiffs have both previously entered into multiple Open Team Agreements with NASCAR. Those executed agreements, which Defendants seek to submit through the supplemental declaration, are important to Defendants' ability to properly defend against Plaintiffs' claims and are relevant to the Court's ruling on the Plaintiffs' motion for preliminary injunction. Accordingly, Defendants' request to file a supplemental declaration is warranted in this case. Additionally, there is no prejudice to Plaintiffs as they were signatories to and have access to their respective Open Team Agreements.

Notably, this Court's Notice of Hearing on Plaintiffs' Motion for a Preliminary Injunction indicated, "At the hearing, each side shall have thirty (30) minutes for a brief presentation of critical evidence and argument." (Doc. No. 24, p. 2.) In filing the instant motion, Defendants seek to ensure the Court has this "critical evidence" in advance of the hearing, as opposed to waiting to present the evidence at the hearing. *See, e.g., Sycamore Brewing, LLC, v. Stone Brewing Co., LLC*, 3:22-cv-148 (Doc. No. 22, p. 1 (even though motion, response, and reply briefing concluded prior to hearing, the Court noted, "After reviewing the pleadings, exhibits thereto, and applicable law, and *after hearing the evidence and arguments presented by counsel at the hearing*, . . . ." (emphasis added)); *see also Tropical Nut & Fruit v. Forward Foods, LLC, et. al.*, 3:13-cv-515, (Doc. Nos. 26-31, exhibits presented at hearing after motion had been fully briefed via memorandum in support, response in opposition, and reply).

Relatedly, Defendants request the Court's permission to file Defendants' declaration and exhibits (the executed Open Team Agreements) under seal.

As Plaintiffs noted in their motion to seal, (Doc. No. 34-3), sealing the Open Team Agreements is necessary because they contain highly sensitive commercial and financial

information and disclosing them publicly would harm Plaintiffs' businesses, as well as Defendants' businesses and business relationships, including other relevant parties' business. There is no alternative to filing under seal because to properly defend against Plaintiffs' claims, Defendants must reference the executed Open Team Agreements, which are central to Plaintiffs' reply. The information Defendants seek to seal "is of utmost importance to them but not generally available to the public or bearing importance to any public matters." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07–CV–275–D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (concluding the First Amendment right of access overcome by party's showing that materials it sought to seal "contain[ed] confidential and proprietary commercial information, including information relating to . . . highly sensitive financial and business information belonging to the parties as well as third-parties, information"); *see also Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 294 (W.D.N.C. 2019), aff'd, 845 F. App'x 205 (4th Cir. 2021) (relying on *Silicon Knights*, reaching same conclusion).

Defendants seek to have these documents filed under seal permanently or until deleted by the Court.

Defendants' counsel has conferred with Plaintiffs' counsel regarding the instant motion, and Plaintiffs' counsel do not consent to Defendants filing the supplemental declaration; however, should the Court allow the supplemental filing, Plaintiffs do consent to the motion to seal.

Should the Court grant this motion to seal, Defendants will file an unsealed, redacted version of their supplemental declaration.

For the reasons stated above, Defendants respectfully request the Court grant their motion for leave to file a supplemental declaration, which Defendants will file as soon as practicable

following the Court's ruling, and their request for an order permitting Defendants to file the declaration and accompanying exhibits under seal.

Dated: October 31, 2024

Respectfully submitted,

By: */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

* Admitted *pro hac vice*

*Counsel for Defendants NASCAR and Jim France.*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document contains fewer than 4,500 words according to the word count feature in Microsoft Word and is therefore in compliance with the word limitation set forth in Judge Whitney's Scheduling Order.

This the 31st day of October, 2024.

                                            Respectfully submitted,

                                            */s/ Tricia Wilson Magee*
                                            Tricia Wilson Magee (N.C. Bar No. 31875)
                                            SHUMAKER, LOOP, & KENDRICK, LLP
                                            101 S Tryon Street, Suite 2200
                                            Charlotte, NC 28280
                                            Tel: 704-375-0057
                                            Fax: 704-332-1197
                                            Email: tmagee@shumaker.com

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 31st day of October, 2024.

*/s/ Tricia Wilson Magee*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION AND CONSENT MOTION TO SEAL** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com


Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com


Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com


Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Plaintiffs 23XI Racing and
Front Row Motorsports Inc.*

This the 31st day of October, 2024.

/s/ Tricia Wilson Magee