UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE <br><br> Defendants. | Civil Action No. 3:24-cv-886-FDW-SCR |

## **OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING**

**Bottom Line Up Front**. Plaintiffs' motion to expedite should be denied. Plaintiffs tactically delayed filing their new motion for a preliminary injunction for over a week, intentionally dropping it on NASCAR and the Court on the eve of the Thanksgiving holiday after first posting about it on social media many hours before filing.[1] In that post, Plaintiffs' counsel described that Plaintiffs were submitting a second preliminary injunction motion, but Plaintiffs' counsel did not file that motion until hours later and did not provide the unredacted version to Defendants' counsel until *another* two hours later—just hours before midnight (after re-posting their social media posting about the second preliminary injunction motion in the interim). The "new" deadlines Plaintiffs now claim require expedited briefing and consideration of their motion are artificially created. In short, although Plaintiffs claim the need for expedition, their delay in

---

[1] https://www.on3.com/pro/news/23xi-racing-posts-deletes-statement-regarding-second-injunction-filing/ (identifying 23XI's post including statement by Plaintiffs' counsel regarding second injunction filing more than two hours before Plaintiffs' counsel actually filed the motion, noting "23XI Racing and Front Row Motorsports posted and deleted a statement, saying they are submitting a second preliminary injunction to the court with new evidence against NASCAR.").

bringing their motion and their own decision to focus more on the media than Court filings demonstrate the opposite: the Court's standard briefing schedule as established in LCvR 7.1 is appropriate.[2]

Plaintiffs' Motion to Expedite Briefing fails to provide any sufficient basis to modify the Court's Local Rules governing briefing for civil motions, (LCvR 7.1), including motions for a preliminary injunction, and any need for "expedited" consideration is created by Plaintiffs' intentional and strategic delay in bringing the instant motion late night on the eve of the Thanksgiving holiday, despite knowing since at least November 14, 2024, of their intent file such a motion. (*See* Doc. No. 52-16 (Exhibit 13, dated November 14); *see also* Doc. No. 52, pp. 2-3, 6 section "New Circumstances" describing events on November 15 and November 18). Further, Defendants are working diligently to prepare their motions to dismiss, answer, and other responsive pleadings to the Complaint, which are due December 2. The Court should deny the Motion to Expedite.

Over two weeks ago, on November 8, 2024, the Court denied Plaintiffs' Motion for a Preliminary Injunction without prejudice. (Doc. No. 43.) Plaintiffs filed a notice of appeal, (Doc. No. 44), and subsequently filed a motion to expedite appellate briefing before the Fourth Circuit, (Plaintiffs-Appellants' Mot to Expedite Appeal and Set Briefing Deadlines, *2311 Racing LLC v. National Association for Stock Car Auto Racing LLC*, No. 24-02134, Doc. No. 3 (4th Cir. Nov. 14, 2024)). As part of the latter, Plaintiffs proposed the following schedule:

- November 22: Plaintiffs' opening brief.

---

[2] In Plaintiffs' motion to expedite, (Doc. No. 53), Plaintiffs claim that Defendants also proposed an expedited briefing schedule. Defendants' proposal made during efforts to meet and confer was an attempt to reach compromise, despite Defendants' continued representation to Plaintiffs that the Court's standard briefing schedule should apply and explicit request to inform the Court of Defendants' opposition to any expedited briefing schedule.

- December 4: Defendants' response (12 days after Plaintiffs' opening brief); and
- December 6: Plaintiffs' reply (2 days after Defendants' response).

(*Id.* at 9.) Plaintiffs filed a reply in support of their motion to expedite but the Fourth Circuit never ruled on Plaintiffs' motion to expedite because on November 20, Plaintiffs decided to voluntarily dismiss their appeal, noting their intent "to seek new relief from the district court." (Plaintiffs-Appellants' Mot for Voluntary Dismissal of Appeal, *2311 Racing LLC v. National Association for Stock Car Auto Racing LLC*, No. 24-02134, Doc. No. 23 at 1 (4th Cir. Nov. 20, 2024).) Almost a week later—in a late night filing on the Tuesday before Thanksgiving—Plaintiffs filed a new motion for a preliminary injunction and another motion seeking an expedited briefing schedule for that motion, again claiming urgency. This time, Plaintiffs propose that Defendants receive only ten calendar days to file their response, four days of which include the Court Holidays of November 28 and 29,[3] as well as the holiday weekend.

Plaintiffs' arguments do not come close to establishing that such an abbreviated schedule is appropriate, especially given Plaintiffs' delay in filing their new motion. Defendants need time to appropriately respond to Plaintiffs' "changed" motion featuring twenty-five exhibits and multiple new declarations. Defendants need time to review the new motion to understand—for the first time—the grounds for this new motion. Plaintiffs' expedited proposal fails to provide for sufficient time to review and investigate, particularly given the Thanksgiving holiday weekend and the fact that Defendants are working to prepare an answer and responsive briefing that are due on December 2. Neither Defendants nor this Court should be required to expedite addressing Plaintiffs' new preliminary injunction motion when Plaintiffs' tactical delay in filing the motion belies their claims of urgency. Defendants respectfully submit that the typical time allowed under

---

[3] https://www.ncwd.uscourts.gov/court-info/court-holidays

3

the Local Rules time would benefit the Court with more fulsome briefing and allow the Court to set a hearing the week of December 16, 2024.

Indeed, Plaintiffs have failed to show good cause exists to expedite the Court's standard briefing schedule. Plaintiffs' preliminary injunction motion seeks to have this Court expedite its decision based on a manufactured deadline of December 17, 2024. Plaintiffs claim to seek a ruling "on its motion to meet certain contractual deadlines on December 17." (Doc. No. 53 ¶2.) But this type of general assertion does not merit an abbreviated schedule, particularly in light of the fact that *Plaintiffs* decided to wait to bring this renewed motion for over a week after becoming aware of their claimed "changed circumstances"—thereby putting Defendants, as opposed to themselves, "on the clock" over Thanksgiving and the holiday weekend. The Court should reject this orchestrated urgency and decline to entertain the expedited schedule proposed by Plaintiffs.

Consistent with the briefing schedule ordered by this Court on Plaintiffs' first motion for a preliminary injunction, (Doc. No. 26), Defendants respectfully request the Court order that the standard briefing schedule applies to Plaintiffs' second motion for a preliminary injunction, which would allow fourteen days for a response and seven days for a reply. Of course, Plaintiffs would still be at liberty to expedite this schedule by filing their reply early (such as they requested in their appellate briefing) or foregoing filing one. Such action would allow Plaintiffs to decide whether briefing can be completed on December 10, or any day thereafter. Plaintiffs should not be rewarded for delaying their filing by requiring *Defendants* to respond to their motion with a level of expediting that they did not apply to themselves in drafting and filing.

4

In the alternative, Defendants propose the following modified briefing schedule, which is consistent with the time allowed in the proposed schedule that *Plaintiffs* sought from the Fourth Circuit in their motion to "expedite" the appeal to allow "prompt consideration":[4]

- November 26: Plaintiffs' Renewed Motion For a Preliminary Injunction
- December 9: Defendants' Opposition (1 day of additional time compared to Plaintiffs' proposed length in the Fourth Circuit because otherwise deadline falls on a Sunday)
- December 12: Plaintiffs' Reply (1 day of additional time compared to Plaintiffs' proposed length in the Fourth Circuit)

If the Court were to adopt this alternative schedule, Defendants could have a reasonable amount of time to respond given an impending holiday, and the motion would still be ripe for a hearing anytime after December 12 or earlier, depending on when Plaintiffs filed their reply. Additionally, Plaintiffs could choose to forego a reply or file their reply brief in advance of the deadline in order to have their motion heard earlier.

Accordingly, because Plaintiffs have not shown good cause for an expedited briefing schedule or a sufficient basis to depart from the well-established Local Rules governing Motions in Civil Cases, LCvR 7.1, the Court should deny Plaintiffs' motion for expedited briefing. In the alternative, Defendants respectfully request that the Court order Defendants' alternative proposal, which is consistent with the timing Plaintiffs sought in the Fourth Circuit, ordering a response by December 9, 2024, and a reply by December 12, or earlier should Plaintiffs so choose. Plaintiffs' manufactured urgency seeking a decision "before December 17, 2024"—which Defendants

---

[4] Plaintiffs-Appellants' Mot to Expedite Appeal and Set Briefing Deadlines, *2311 Racing LLC v. National Association for Stock Car Auto Racing LLC*, No. 24-02134, Doc. No. 3, at 2 (4th Cir. Nov. 14, 2024).

contest—could still be addressed under either the standard briefing schedule or Defendants' proposed alternative schedule.

Dated: November 27, 2024

Respectfully submitted,

By: *Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

* Admitted *pro hac vice*

*Counsel for Defendants NASCAR and Jim France*

6

## **WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document contains fewer than 4,500 words according to the word count feature in Microsoft Word and is therefore in compliance with the word limitation set forth in Judge Whitney's Scheduling Order.

This the 27th day of November, 2024.

Respectfully submitted,

*/s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: tmagee@shumaker.com

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 27th day of November, 2024.

*/s/ Tricia Wilson Magee*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com


Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com


Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com


Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Plaintiffs 23XI Racing and
Front Row Motorsports Inc.*

This the 27th day of November, 2024.

                                                         */s/ Tricia Wilson Magee*