**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE, <br><br> Defendants. | **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR RENEWED MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Public Redacted Version <br><br> Civil Action No. 3:24-cv-886-KDB-SCR |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| ARGUMENT | | 1 |
| I. | Plaintiffs Are Suffering Irreparable Harm Now. | 1 |
| | A. ███████████████████████ | 1 |
| | B. The Irreparable Harm from NASCAR's Refusal to Approve an SHR Transfer Unless Front Row Surrenders Its Antitrust Rights. | 3 |
| II. | Plaintiffs Are Likely to Succeed on the Merits. | 4 |
| III. | Plaintiffs' Requested Relief Does Not Contradict Their Complaint. | 4 |
| IV. | The Balance of Equities Favors Plaintiffs. | 5 |
| V. | Plaintiffs Are Not Seeking an Advisory Opinion. | 5 |
| CONCLUSION | | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com v. WDC Holdings*,
   2021 WL 3878403 (4th Cir. 2021) (per curiam)..........................................................................2

*Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*,
   111 F.4th 337 (4th Cir. 2024) ...................................................................................................4

*Eco Fiber Inc. v. Vance*,
   2024 WL 3092773 (W.D.N.C. June 21, 2024) .....................................................................3, 4

*Lutz v. Case Farms, LLC*,
   2020 WL 5111217 (W.D.N.C. Aug. 31, 2020)..........................................................................5

*Michigan v. United States Army Corps of Eng'rs*,
   667 F.3d 765 (7th Cir. 2011) .....................................................................................................2

*Omega World Travel, Inc. v. Trans World Airlines*,
   111 F.3d 14 (4th Cir. 1997) ......................................................................................................4

*Principal Life Ins. Co. v. Robinson*,
   394 F.3d 665 (9th Cir. 2005) ....................................................................................................5

*Shenandoah Valley Network v. Capka*,
   669 F.3d 194 (4th Cir. 2012) ....................................................................................................5

*Southtech Orthopedics, Inc. v. Dingus*,
   428 F. Supp. 2d 410 (E.D.N.C. 2006).......................................................................................3

*Stuller, Inc. v. Steak N Shake Enterprises, Inc.*,
   695 F.3d 676 (7th Cir. 2012) ....................................................................................................3

## INTRODUCTION

Plaintiffs have demonstrated far more than a mere possibility of irreparable harm. ██████████████████████████████████████████████████ ██████████, because NASCAR is denying Plaintiffs the ability to race chartered cars due to their refusal to sign the take-it-or-leave-it agreements that NASCAR contends would have released their antitrust claims in this lawsuit. The threat of irreparable harm to Plaintiffs' goodwill is similarly not speculative. ██████████████████████████████████ ██████████████████████████████████. Now, NASCAR has inflicted further irreparable harm by reneging on its agreement to approve the transfer of a Stewart-Haas Racing, LLC ("SHR") charter to Front Row. NASCAR is withholding approval of this transfer, ████ ██████████████████, unless Front Row agrees to abandon its antitrust claims. The law does not require Plaintiffs to suffer financial ruin before obtaining preliminary relief. Nor does it allow Defendants to continue inflicting irreparable harm with impunity while blaming Plaintiffs for refusing to acquiesce to their monopolistic abuses.

## ARGUMENT

**I.     Plaintiffs Are Suffering Irreparable Harm Now.**

   **A.**   ██████████████████████████████████.

Defendants' arrogance cannot change the reality that circumstances have changed. Plaintiffs are *already* incurring irreparable harm without charter rights due to Defendants' monopolization. Dkt. 52 at 5-8. ██████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ This irreparable injury is immediate. Dkt. 52 at 1-7.

1

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████

████████████████████████████████
██████████████████████████████████████
███████ ██████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

████████████████████████████████████ Plaintiffs are suffering a loss of goodwill that will not be compensable in monetary damages, ██████████████ ██████████████████████████████████████

Defendants' position that the Court must wait until ████████████████████ before granting an injunction turns the concept of preliminary relief—which is intended to ***prevent*** irreparable harm—on its head. *Michigan v. United States Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) ("harm need not be occurring or be certain to occur before a court may grant relief"); *Amazon.com v. WDC Holdings*, 2021 WL 3878403, at *8 (4th Cir. 2021) (per curiam) (analyzing whether irreparable harm will occur "before judgment"). ████████████ ██████████████████████████████████████

████████████████████████████████████████
██████████████████████████████████████

2

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

Nor is this irreparable harm self-inflicted. *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 679-80 (7th Cir. 2012) (rejecting argument injuries were "self-inflicted" and affirming preliminary injunction to prevent franchisor from terminating franchise contract while franchisee challenged new policy implemented pursuant to that contract). The fact that Plaintiffs were the only two teams who would not acquiesce to NASCAR's demands does not change the fact that Defendants' monopolization is causing Plaintiffs' irreparable harm. Blaming victims for asserting their antitrust rights is not a defense to a Sherman Act violation.

### B. The Irreparable Harm from NASCAR's Refusal to Approve an SHR Transfer Unless Front Row Surrenders Its Antitrust Rights.

Before this action was filed, NASCAR President Phelps told Front Row that the transfer of the SHR charter it was purchasing was approved. Freeze Decl. ¶7; Custer Decl. ¶5. Phelps confirmed that approval. Freeze Decl. ¶8. Now, NASCAR has done an about face. As the transfer must ████████████, this is immediate irreparable harm.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████ Contrary to Defendants' assertions, Front Row has agreed to execute the required joinder agreement with a customary release. *Id.* ¶¶11-12, 19. But NASCAR has taken

3

the position that unless Front Row drops its antitrust action, it will not approve the transfer. *Id.* ¶¶10-11. This is another exclusionary act to maintain Defendants' monopoly.

Plaintiffs ask that preliminary relief also requires NASCAR to grant its promised approval of the SHR transfer to Front Row. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## II. Plaintiffs Are Likely to Succeed on the Merits.

Defendants regurgitate the same erroneous arguments against likelihood of success that Plaintiffs already refuted. Dkt. 34 at 3–5; Dkt. 52 at 8–11.

***Statute of Limitations and Standing.*** Defendants have committed numerous exclusionary acts within the four-year limitations period. Dkt. 52 at 10. Plaintiffs, as direct participants in the monopsonized market, have antitrust standing. *Id.* at 8.

***Market Definition***. The monopsonized input market for premier stock car racing teams is supported by case law and expert testimony. *Id.* at 9. Defendants' franchise analogy is inapposite. Dkt. 60 at 13.

***Exclusionary Conduct.*** Defendants' exclusionary acts are classic Section 2 violations to maintain Defendants' monopsony without efficiency justifications. Dkt. 52 at 9; *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 353 (4th Cir. 2024) (exclusionary acts considered collectively).

## III. Plaintiffs' Requested Relief Does Not Contradict Their Complaint.

Plaintiffs have *not* argued that the charters should be "dissolve[d]." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). The fact that Plaintiffs contend that

4

these more than one-hundred-page agreements contain two provisions—a restrictive covenant and a release—that are exclusionary acts does not render the entire agreements unlawful. Plaintiffs seek to race under the charter terms "to the extent they do not violate [federal law]" because without such rights they are blocked from effectively competing in the market Defendants monopolize. *Lutz v. Case Farms, LLC*, 2020 WL 5111217, at *3 (W.D.N.C. Aug. 31, 2020).

## IV. The Balance of Equities Favors Plaintiffs.

Defendants' extension of "open" agreements to Plaintiffs without the challenged release demonstrates that Plaintiffs racing in the Cup Series while pursuing antitrust claims will not harm Defendants. Dkt. 52 at 11. And, it will further the public interest if Plaintiffs are guaranteed a spot in races through charter rights during this litigation.

## V. Plaintiffs Are Not Seeking an Advisory Opinion.

The Court's ruling on the questions of whether the 2025 release (i) applies to Plaintiffs' claims and/or (ii) is unenforceable are live issues. *Shenandoah Valley Network v. Capka*, 669 F.3d 194, 201 (4th Cir. 2012) (no "advisory opinion" where there is "an actual dispute between adverse parties."); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671-72 (9th Cir. 2005) (contract dispute "not an abstract or hypothetical disagreement.").

Plaintiffs have consistently argued the release does not apply to and cannot block their claims. *E.g.*, Dkt. 1, Compl. ¶113 ("teams believe **NASCAR** would **contend** [charter] required them to release any antitrust claims") (emphases added); *id.* ¶23 (same); Dkt. 20-1 at 6 (same). This controversy lies at the heart of Defendants' refusal to approve the transfer of SHR charters. Freeze Decl. ¶19; Dkt. 21-3 ¶14. It is also the controversy that prevented Plaintiffs from signing the tendered charters, which NASCAR contends would preclude this lawsuit.

## CONCLUSION

Immediate irreparable harm requires preliminary relief.

5

Dated: December 12, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports Inc.*

6

**CERTIFICATE OF COMPLIANCE**

This motion complies with the word limitation set forth in Rule 3(b)(iv) of the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney because, excluding the parts of the document exempted by Rule 3(b)(iv), the Motion contains a total of 1,486 words.

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: /s/ Jeffrey L. Kessler

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs 2311Racing LLC d/b/a 23XI Racing and Front Row Motorsports Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR RENEWED MOTION FOR A PRELIMINARY INJUNCTION** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, and I caused an unredacted copy of the foregoing to be served on counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com

Lawrence E. Buterman
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Anna M. Rathbun
Christopher J. Brown
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
chris.brown@lw.com

*Counsel for Defendants National Association for Stock Car Auto Racing, LLC and James France*

                                                     *Jeffrey L. Kessler*
                                                     Jeffrey L. Kessler