# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE <br><br> Defendants. | Civil Action No. 3:24-cv-886-KDB-SCR |

## MOTION TO STRIKE

Less than an hour before filing their reply in support of their second motion for a preliminary injunction, Plaintiffs filed on ECF a "Notice" in which they claim to "clarify the preliminary relief they seek from this Court." Doc. No. 65 at 1. In actuality, this document is more appropriately construed as a new "motion" because Plaintiffs are seeking new relief not requested anywhere in (1) their complaint, (2) their first motion for a preliminary injunction, or (3) their second motion for a preliminary injunction. *Compare* Doc. Nos. 1 at 41 (Prayer for Relief at C), 20 at 3-4 (first preliminary injunction), 51 at 3-4 (second preliminary injunction) *with* Doc. No. 65 at 2-3. After filing this "Notice," Plaintiffs then filed their reply brief providing brand-new argument and evidence directed towards the newly-raised requests for relief. Doc. No. 66 (redacted); Doc. No. 67 (sealed).

Pursuant to LCvR 7.1(b), Defendants' counsel conferred with Plaintiffs' counsel regarding this motion. It is Plaintiffs' position the submissions are proper because they address conduct that

occurred after the preliminary injunction motion was filed and new issues that Defendants raised in their opposition (e.g., their objection to the transfer of the third charters).

Plaintiffs' position confirms that Plaintiffs have requested new relief, not offered "clarification" as they represented to the Court earlier today. Specifically, Plaintiffs now seek a preliminary injunction that requires: (1) Defendants to approve the transfer of Stewart-Haas Racing's ("SHR") NASCAR Cup Series Charter Member Agreement to Front Row (Doc. No. 65 at 3), and (2) that this Court enjoin Defendants from enforcing "any additional release that Defendants now claim to be required as part of the transfer process." *Id.* at 2. Neither of these new requests is an appropriate additional request *as part of a reply brief*. Plaintiffs untimely and procedurally improper attempt to seek a third bite at the preliminary injunction apple should be stricken.[1] *See* LCvR 7.1(a) (requiring that motions "state with particularity . . . the relief sought"); LCvR 7.1(e) (limiting what may be raised in reply briefs).

Further, Plaintiffs' reply in support of their renewed motion for a preliminary injunction motion doubles down on Plaintiffs' decision to expand their requested relief by including entirely new evidence. Specifically, Plaintiffs argue that "NASCAR's refusal to approve an SHR Transfer" constitutes irreparable harm. Doc. No. 67, at 3-4. Plaintiffs further cite to new declarations in support of their arguments. (Doc. Nos. 66-10, 67-1, 67-2). These new arguments and all associated declarations submitted on reply should be stricken as improper under LCvR 7.1(e) and FRCP 6(c)(2).[2] *See, e.g., Democracy N. Carolina v. N. Carolina State Bd. of Elections*, 2020 WL

---

[1] Both requests also fail for numerous substantive reasons. For example, any dispute regarding NASCAR's decision to object to a transfer of a signed SHR Charter as not complying with the requirements specified in the Charter for a transfer is subject to the Charter's arbitration provision. And the general release that is part of the joinder agreement that must be executed in order for an assignment of a signed Charter to occur has not even been presented to the Court.

[2] Plaintiffs' new declarations also contradict statements previously made under oath by Plaintiffs' declarants.

4288103, at *6 (M.D.N.C. July 27, 2020) ("[R]eply affidavits should not present new issues to which the opposing party will not have an opportunity to respond."); *see also U.S. v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) ("[N]ew arguments cannot be raised in a reply brief.").

Pursuant to LCvR 7.1(a) and (e) and this Court's inherent authority, Defendants move to strike the portions of the "Notice" seeking to add new, additional requests for relief, as well as those portions of the Reply Brief, including exhibits, pertaining to that new, additional injunctive relief sought.

In the alternative, Defendants request the opportunity to respond to Plaintiffs' new grounds for a preliminary injunction by filing an opposition to these additional requests for a preliminary injunction in accordance with the Court's applicable rules.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE FOLLOWS]

Dated: December 12, 2024          Respectfully submitted,

By:    *Tricia Wilson Magee*
       Tricia Wilson Magee (N.C. Bar No. 31875)
       **SHUMAKER, LOOP, & KENDRICK, LLP**
       101 S Tryon Street, Suite 2200
       Charlotte, NC 28280
       Tel: 704-945-2911
       Fax: 704-332-1197
       tmagee@shumaker.com

       Christopher S. Yates*
       **LATHAM & WATKINS LLP**
       505 Montgomery Street, Suite 2000
       San Francisco, CA 94111
       Telephone: (415) 395-8240
       Facsimile: (415) 395-8095
       chris.yates@lw.com

       Lawrence E. Buterman*
       **LATHAM & WAKINS LLP**
       1271 Avenue of the Americas
       New York, NY 10020
       Telephone: (212) 906-1200
       Facsimile: (212) 751-4864
       lawrence.buterman@lw.com

       Anna M. Rathbun*
       Christopher J. Brown*
       **LATHAM & WATKINS LLP**
       555 Eleventh Street, NW, Suite 1000
       Washington, DC 20004
       Telephone: (202) 637-2200
       Facsimile: (202) 637-2201
       anna.rathbun@lw.com
       chris.brown@lw.com

       * Admitted *pro hac vice*

       *Counsel for Defendants NASCAR and Jim France*

4

## <u>ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION</u>

I hereby certify the following:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 12th day of December, 2024.

*/s/ Tricia Wilson Magee*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **MOTION TO STRIKE** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com

Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com

Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Plaintiffs 23XI Racing and*
*Front Row Motorsports Inc.*

This the 12th day of December, 2024.

*/s/ Tricia Wilson Magee*

6