UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC and JAMES FRANCE <br><br> Defendants. | Civil Action No. 3:24-cv-886-KDB-SCR |

## ORDER

**THIS MATTER** is before the Court on Defendants NASCAR and Jim France's Motion for Expedited Resolution of their Motion to Stay Pending Appeal. (Doc. No. 80). Having considered the motion, the Court finds that it should be partially GRANTED. The Parties to this action passionately hold opposite positions with respect to time sensitive contracts and other business dealings as explained in detail in the Court's Preliminary Injunction Order (Doc. No. 74). The Court did not enter the injunction lightly and has exercised its discretion to craft a limited[1]

---

[1] Defendants are incorrect that the injunction requires NASCAR to enter into a "seven to fourteen year" contractual relationship with Plaintiffs. With respect to their existing chartered cars, Plaintiffs are entitled – only for the 2025 race season – to race under the *terms* of the 2025 Charter Agreement (with the lone exception of the Release provision but including the "goodwill" and all other provisions) and NASCAR is not obligated to enter into a Charter Agreement. For the transfer of the Stewart Hass Racing charters, the Court ordered NASCAR to immediately approve the transfers so that the transactions could close and Plaintiffs would not suffer the irreparable harm of losing the opportunity to acquire the charters; however, the Court clearly retains the equitable power to in the future effectively "unwind" those transactions through an order requiring Plaintiffs to transfer/sell the charters back to NASCAR or another team approved by NASCAR. Therefore, Defendants are also not irrevocably bound to a long-term contractual relationship on those charters.

1

injunction that seeks to balance the Parties' various rights and harms, with the understanding that it is impossible to satisfy all sides. Contrary to Defendants' suggestion, the Court did not limit their ability to present their position and evidence in any way, including with respect to the issue of the transfer of the Stewart Haas Racing ("SHR") charters. Defendants could have filed all of the arguments and exhibits they presented in one day in support of their motion to stay in the six days between Plaintiffs' "notice" with respect to the issue and the issuance of the injunction order. Instead, Defendants made the strategic decision to file a Motion to Strike (which included many, if not all, of the same arguments now presented) rather than simply put in the record everything they now ask the Court to consider.

Nevertheless, the Court wants to ensure that it has a full opportunity to consider all of Defendants' proffered evidence and argument with respect to the transfer of the Stewart Haas Racing charters, if possible prior to the close of the transactions. Therefore, if the transactions transferring the SHR charters have not closed prior to the entry of this Order, then Plaintiffs shall stay the closings until the Court's ruling on Defendants' Motion to Stay (Doc. No. 76), which will be decided on December 23, 2024. With respect to the timing of Plaintiffs' response to that motion, the Court finds that it would be unreasonable to require Plaintiffs to respond in a single day. Plaintiffs shall have until December 23, 2024, at 10:00 a.m. to file any response to Defendants' Motion to Stay Pending Appeal, and Defendants shall not file a reply.

**IT IS SO ORDERED**.

Signed: December 20, 2024

Kenneth D. Bell
United States District Judge