IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00886-KDB-SCR

| | |
|---|---|
| **2311 RACING, LLC AND FRONT ROW MOTORSPORTS, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC AND JAMES FRANCE,**<br><br>**Defendants.** | |

**PRETRIAL ORDER AND CASE MANAGEMENT PLAN**

IN ACCORDANCE WITH the Local Rules Governing Civil Cases in the Western District of North Carolina ("Local Rules") and pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP"), the Court enters the following Pretrial Order and Case Management Plan in this matter. For represented parties, counsel is ordered to provide a copy of this Order to each party.

| SUMMARY OF CASE SCHEDULE AND DEADLINES | |
|---|---|
| Rule 26 Disclosures | January 10, 2025 |
| Designation of Mediator | January 31, 2025 |
| Amendment of the Pleadings | March 15, 2025 |
| Close of Fact Discovery | June 30, 2025 |

1

| | |
|---|---|
| Expert Reports: | |
|     Plaintiffs | July 15, 2025 |
|     Defendants | July 30, 2025 |
|     Rebuttal | August 15, 2025 |
| Completion of Discovery | September 19, 2025 |
| Mediation Report | September 24, 2025 |
| Filing of Dispositive Motions | October 1, 2025 |
| Trial | December 1, 2025 |

The Court has set this expedited schedule so that Plaintiffs' claims can be resolved in time for the Parties to plan their affairs accordingly prior to the 2026 NASCAR Cup Series season. Still, it is the Court's belief that the schedule will provide sufficient time for the parties to pursue this action with reasonable diligence. Accordingly, the parties should expect that requests for extensions of time that are likely to lengthen the course of this action will be denied in the absence of the Parties' agreement or unusual and substantial good cause.

## I. PLEADINGS AND PARTIES

The parties' deadline to amend the pleadings or join other parties is March 15, 2025.

## II. MOTIONS

A.    MOTIONS AND MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall be in writing; appropriately filed with the Court; show consultation between or among counsel in accordance with Local Rule 7.1; and include or be accompanied by 1) a brief description of the parties and a statement of the facts relevant to the motion with

appropriate citation to the record, 2) a statement of the party's legal argument, including citations of authority, and 3) a clear statement of the ruling or relief being requested. No memorandum need accompany simple consent motions, motions to continue or for extension of time or motions to related to the admission or withdrawal of counsel so long as such motions contain an adequate statement of the basis of the relief sought. Motions not in compliance with this Order are subject to summary denial.

B. **PROPOSED FORM OF ORDER:** All pretrial motions other than motions made pursuant to FRCP 12(b), 12(c), 23, 56 or 65(a) shall be accompanied at the time of filing by a proposed order stating the requested relief. This proposed order must also be separately submitted to the Court through the CyberClerk part of the ECF system in WORD or rich text format, which will automatically send a copy to the Court.

C. **RESPONSES AND REPLIES:** Responses to motions, if any, must be filed within fourteen days of the date on which the motion is filed. Replies to responses, if any, must be filed within seven days of the date on which the response is filed. The Parties are advised that the Court's ECF system may automatically generate a due date that is different than set in this Order. In that event, the time set by this Order controls. A party that does not intend to file a reply must promptly inform the Court through an ECF filing. Surreplies are not allowed, but leave of Court may be sought to file a surreply in exceptional circumstances. Parties may not file a proposed surreply, as an exhibit to a motion seeking leave or otherwise, prior to leave being granted.

D. **EXTENSIONS OF TIME:** If counsel need more than fourteen days to file a response or seven days to file a reply, a motion for extension of time shall be filed accompanied

3

by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

E. PAGE LIMITS, FONTS AND SPACING: The Court prefers concise memoranda of law that directly address the relevant facts and legal issues. Unless prior permission has been granted, the maximum length permitted for memoranda of law in support or in opposition to a motion is twenty-five pages (inclusive of caption but excluding signatures and certificates of counsel). Reply memoranda shall not exceed twelve pages. Parties may not file memoranda exceeding these limits, as an exhibit to a motion seeking leave or otherwise, prior to leave being granted. All briefs must be double spaced using the "double spaced" setting in WORD or comparable word processing program (not 24 point spacing) and all text (including footnotes) must be in a proportional font of at least 12-point type.

F. EXHIBITS: A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be filed with the Court. However, a party may not file any exhibits which the party does not cite in the motion or a supporting or responsive memoranda. Except as requested by the Court, parties should not deliver "courtesy copies" of memoranda or exhibits to the Judge's chambers or the Clerk of Court.

G. MOTIONS DEADLINE: All motions except motions in limine and motions to continue shall be filed no later than October 1, 2025. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline. If a motion for summary judgment is filed by either or

4

both parties, then the parties shall hold a settlement conference within fourteen days of the completion of the briefing on the motion(s) and file a Certification of Settlement Conference as ordered below.

H. MOTIONS HEARINGS: Hearings on motions will be conducted when the Rules require a hearing, when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision, or when the Court determines it would aid the decisional process. Otherwise, the Court will rule on the written record. If a party believes that oral argument would particularly aid the decisional process, then the party should request oral argument in its motion or response. The Clerk will notify all parties as far in advance as possible of the date and time set for any hearing.

### III. DISCOVERY

The Federal Rules of Civil Procedure require that discovery be proportionate to the needs of the case, considering the issues at stake, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Court reserves the right to shift the costs of production of discovery to the party requesting it when the Court determines that the request is not proportionate or the shifting of costs is otherwise in the interests of justice. Gamesmanship and abuse of the discovery process will not be tolerated and the Court will oversee discovery strictly to prevent and sanction any such abuse. For example, the tight schedule set by the Court will not permit the improper withholding of documents, "dumping" of irrelevant documents, refusing to engage in "rolling" discovery, boilerplate objections in written discovery, deposition interference/misconduct, etc. The Parties to this action are represented by excellent counsel. The Court expects them to use their considerable talents and resources to

professionally focus their discovery efforts with the intent to most efficiently resolve the matter in dispute.

    A.      DISCOVERY GUIDELINES: Discovery in this case is limited as follows: each party may propound no more than 25 interrogatories, including subparts to any other party; no more than 50 requests for admission (excluding requests to admit the genuineness of a document) to any other party; and 50 requests for production of documents to any other party. With respect to depositions, each side may take no more than 12 depositions of non-expert witnesses. In addition, Plaintiffs are permitted to take a 30(b)(6) deposition of NASCAR (lasting up to 14 hours over 2 days not including any questioning by Defendants' counsel) and a deposition of Defendant James France (lasting up to 14 hours over 2 days not including any questioning by Defendants' counsel). Similarly, Defendants are additionally permitted to take a 30(b)(6) deposition of each of the Plaintiffs (lasting up to 14 hours over 2 days not including any questioning by Plaintiffs' counsel).

    B.      RULE 26 DISCLOSURES: The parties have agreed to exchange the information set forth in Rule 26 by January 10, 2025.

    C.      RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission and every objection thereto shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission. **Boilerplate objections that are not specifically supported with respect to the particular interrogatory or request are not permitted and may be sanctioned.**

    D.      THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are

NOT to be filed. All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E. VIDEO DEPOSITIONS: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that it may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

F. TRIAL DEPOSITIONS: Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(4) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference, but in any event no later than forty-five days prior to the Trial Date, absent leave of Court upon a showing of good cause for scheduling the deposition closer to trial. Such depositions should be presented at trial by video recording whenever possible.

G. PROTECTIVE ORDERS: The Parties have stipulated to the entry of a Protective Order, which will be entered by the Court. Notwithstanding any Protective Order, any

motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

H. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the FRCP and the Local Rules, the Court expects all parties and counsel to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions. Further, a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the Magistrate Judge or the Court. Only when that request is denied or an impasse is reached at the conference may the party file a contested motion for an order relating to discovery. Such conferences may be conducted in chambers or by conference call and need not be recorded, all in the discretion of the judicial officer handling the dispute.

I. DISCOVERY COMPLETION: All discovery shall be complete no later than September 19, 2025. Fact discovery necessary for the preparation of expert reports shall be completed by June 30, 2025. The Parties may by agreement or with the permission of the Court for good cause shown engage in fact discovery unrelated to the preparation of expert reports until the close of discovery. Supplementations per FRCP 26(e) shall be due within thirty days after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the

discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than thirty days prior to the scheduled trial setting. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

J. EXPERT WITNESSES: The Plaintiffs shall provide reports from their expert witnesses pursuant to Rule 26(a)(2) by July 15, 2025. Defendants shall provide reports from their expert witnesses by July 30, 2025. Plaintiffs' experts' rebuttal reports shall be due on August 15, 2025.

## IV. SETTLEMENT DISCUSSIONS AND MEDIATION

The Court stands ready to adjudicate all cases and controversies appropriately before the Court. However, litigation in Federal Court requires a substantial commitment of time, money and effort notwithstanding the Court's desire to manage the litigation efficiently. Through a negotiated settlement of their dispute, the parties can avoid the ongoing costs and risks inherent in litigation. Further, in a settlement the parties can agree on equitable or business solutions or accommodations different than or beyond those that may be ordered by the Court. Despite the many benefits of settlement, however, some parties are unwilling to raise the topic of settlement because of a perception that doing so will hurt their negotiating position. Accordingly, the Court orders as follows:

A. SETTLEMENT CONFERENCES: To establish regular required settlement conferences between the parties, the Court orders the parties and/or their counsel to meet (either in person or by telephone) to meaningfully discuss the possibility of

settling this matter at the following points in the litigation:

    1. Prior to the filing of the answer or other response to the complaint as set forth in the Court's Order Requiring Initial Settlement Conference. (In the event that no Initial Settlement Conference has occurred then the parties are ordered to hold such conference within fourteen days of the entry of this Pretrial Order);

    2. Within fourteen days of the completion of the briefing on any motion for summary judgment; and

    3. Two weeks prior to the scheduled trial term.

B. ADDITIONAL SETTLEMENT CONFERENCES: The settlement conferences ordered above are not meant to limit the timing of the parties' efforts to settle the case. Rather, the parties are encouraged to discuss settlement at any time that might lead to a resolution of the dispute.

C. CERTIFICATION OF SETTLEMENT CONFERENCE: Following the Initial Settlement Conference and the settlement conferences held after briefing on a motion for summary judgment and prior to trial, the parties shall file a Certification of Settlement Conference signed by each party and counsel in the form attached to the Court's Standing Order Requiring Initial Settlement Conference. The parties are not required to file a certification of any additional settlement discussions they may have.

D. MEDIATION: In addition to the settlement conferences ordered above, the parties are ordered to conduct a mediation. The timing for completing mediation and filing a report on the results is in the parties' discretion but shall be completed no later than September 24, 2025.

E.  SELECTION OF MEDIATOR: The parties shall select the mediator and notify the Court of their selection on or before January 31, 2025.

## V. TRIAL

A.  TRIAL DATE: A trial by jury is scheduled for December 1, 2025. The parties estimate that the total time needed for trial will be approximately 10 days. The parties are advised that the length of the trial, which may well be shorter than the parties' current estimate, will ultimately be set by the Court at the pretrial conference.

B.  TRIAL SUBPOENAS: Counsel must subpoena all witnesses at least fourteen days before the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

C.  PRETRIAL SETTLEMENT CONFERENCE: At least two weeks before the trial date the parties shall hold a settlement conference as ordered above and file a Certification of Settlement Conference.

D.  COUNSEL'S DUTIES PRIOR TO TRIAL: At least three full weeks before the trial date, counsel for all parties shall:

   1. Exchange copies of exhibits or permit inspection if copying is impractical;
   2. Number and become acquainted with all exhibits;
   3. Exchange a list of witnesses expected to be called at trial (which is non-binding but must be prepared in good faith);
   4. Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case;

5. In all jury cases or with respect to all issues to be tried to a jury, file with the Court a trial brief stating the issues to be tried and addressing all questions of law and any anticipated evidentiary issues;

6. In all non-jury cases or with respect to all issues to be tried to the Court, file proposed Findings of Fact and Conclusions of Law; and

7. File motions in limine, which shall have an expedited briefing schedule as follows: the response to a motion in limine shall, unless extended by the Court for good cause shown, be filed within 7 days and replies, if any, must be filed within 3 days of the response. (Note: these due dates will likely be shorter than the due date automatically generated on the docket, which should be disregarded).

E. FURTHER PRETRIAL FILINGS: At least fourteen days before the trial date, counsel for the parties shall file with the Court the following documents, which are described below:

1. Requested questions for voir dire (prepared jointly);

2. Proposed jury instructions (prepared jointly); and

3. Deposition testimony a party intends to offer as evidence at trial. Counsel should not file deposition designations for any witness that a party plans to have testify in person or who is unlikely to testify at all. In the event that a witness expected to appear is unexpectedly unable or unwilling to appear or a witness' deposition testimony becomes unexpectedly necessary then counsel will be given a reasonable opportunity to file deposition designations for that witness.

F. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, counsel must

prepare and jointly submit a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (*e.g.*, the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by FRCP 51. Counsel shall identify and index each proposed instruction by number and heading and support each proposed instruction with adequate legal authority. A proposed instruction without a supporting citation may not be considered. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for the party's objection and (if applicable) provide a proposed alternate instruction. Counsel should not simply send the Court a collection of pattern jury instructions that have not been conformed to the particular case. Also, standard pattern introductory instructions are not required to be submitted. In addition to filing the joint proposed jury instructions electronically, counsel should electronically send to the Court's chambers a copy of the proposed instructions in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

G.  JURY VOIR DIRE: Counsel should prepare and jointly file with the Court a single compilation of voir dire questions that they propose for the Court to ask prospective jurors, noting any party's objection, to each proposed question. The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire pursuant to FRCP 47(a). Counsel will be given an opportunity to submit additional voir dire for the Court's consideration based on the responses of the potential jurors. As with the proposed jury instructions, in addition to filing the joint proposed voir dire

questions electronically, counsel should electronically send to the Court's chambers a copy of the proposed questions in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

H.  DEPOSITION TESTIMONY: For the deposition testimony required to be filed with the Court as discussed above in E.3, the parties must prepare and submit the testimony to the Court as follows:

   1. The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

   2. That party shall then provide the highlighted copy to the opposing party;

   3. The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

   4. The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

   5. The opposing party shall then return the document to the party originally offering the testimony, who will note on the transcript any objections to the opposing party's highlighted portion; and

   6. The parties shall prepare a document that consecutively lists all the testimony in each deposition being objected to by either party along with a very brief description of the nature of the objection (e.g., "Relevance," "Hearsay," "Rule 403," "Rule 408") and a blank line or box where the Court can rule on the objection.

The party originally offering the testimony shall then file the highlighted depositions

and summary document with the Clerk of Court. Also, in addition to the electronic filing, counsel should deliver to the Court's chambers two courtesy copies of the highlighted deposition testimony and electronically send the Court's chambers a copy of the summary document listing the objections prepared or compatible with a standard word processing program, preferably Microsoft Word.

I. FINAL PRETRIAL CONFERENCE: The Court will likely schedule a final Pretrial Conference after the filings described above to consider the parties' motions and objections, inquire about the potential settlement of the matter and otherwise prepare for trial.

J. WITNESSES AND EXHIBITS: No later than 2 p.m. two business days immediately preceding the first day of trial (i.e. by 2 p.m. Thursday if trial is to begin on a Monday) (or earlier if agreed between the parties), counsel for each party shall file with the Clerk of Court via CM/ECF the following:

1. A witness list containing the name of every proposed witness;
2. A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;
3. Stipulations concerning the authenticity of as many proposed exhibits as possible; and
4. An exhibit list.

K. EXHIBITS: Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy. See "Courtroom

Technology" link on the District website at www.ncwd.uscourts.gov. Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file, and provided to the Court on a storage device, such as cd, dvd, or flash drive.

Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

Exhibit 1 -   photograph of . . . Exhibit 2(a) - contract

Exhibit 2(b) - video deposition of . . .

L.    FORMAT FOR EXHIBIT LIST:  In preparing the exhibit list, counsel shall separately identify and number each exhibit, shall arrange the list numerically by exhibit number, and place the following headings on the exhibit list:

<u>Exhibit #</u>   <u>Description</u>   <u>Identified by</u>   <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

M.    EXHIBIT NOTEBOOKS:  If counsel for any party intends to tender more than fifteen documentary exhibits, counsel for that party shall prepare two identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the

party's exhibit list. Exhibits which are voluminous (unless of particular importance) or which have a very low likelihood of being introduced even though they have been included on the party's exhibit list should not be included in the exhibit notebooks. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court may each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties are encouraged to seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be overly voluminous or otherwise unwieldy.

N. ASSESSMENT OF JURY COSTS: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jury costs, including Marshal's fees, mileage reimbursement, and *per diem* fees equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## VI. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 20, 2024

Kenneth D. Bell
United States District Judge