UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NASCAR Event Management, LLC,<br><br>　　　　　Counter-Plaintiff,<br><br>　　v.<br><br>2311 Racing LLC d/b/a 23XI Racing, Front Row Motorsports, Inc., and Curtis Polk,<br><br>　　　　　Counter-Defendants. | Civil Action No. 3:24-cv-886-KDB-SCR<br><br>**ORAL ARGUMENT REQUESTED** |

## COUNTER-DEFENDANTS 2311 RACING LLC D/B/A 23XI RACING AND CURTIS POLK'S MOTION TO DISMISS AND MOTION TO STRIKE

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), Counter-Defendants 2311 Racing LLC d/b/a 23XI Racing and Curtis Polk respectfully move to dismiss Counter-Plaintiff NASCAR Event Management, LLC's ("NASCAR") counterclaim in its entirety or, as necessary, move to strike NASCAR's request to eliminate Section 3(a) from the 2025 Charter Agreement, which is the provision that provides for the guaranteed entry of chartered teams in all Cup Series races. As set forth more fully in the accompanying Memorandum, the grounds for this Motion are as follows:

1. NASCAR fails to plausibly allege concerted action in restraint of trade cognizable under Section 1. Joint negotiations are insufficient to allege concerted action, especially when individual negotiations are available. *See Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 23-24 (1979) ("The individual composers and authors have **neither agreed not to sell individually** in any other market nor use the blanket license to mask price fixing in such other markets.") (emphasis added). Joint negotiations with pro-competitive efficiencies are also not subject to *per se*

condemnation. *Texaco Inc. v. Dagher*, 547 U.S. 1, 6-8 (2006) (holding *per se* treatment not applicable to "price setting" by the members of the joint venture).

2. Further, NASCAR's allegations of an *attempted* boycott are insufficient to plead concerted action in restraint of trade under Section 1. *See Liu v. Amerco*, 677 F.3d 489, 493-94 (1st Cir. 2012) ("Section 1 of the Sherman Act … does not condemn an attempt to conspire, nor a solicitation to conspire."). Nor is the alleged *attempted* boycott subject to *per se* condemnation.

3. NASCAR also fails to state a claim under the rule of reason. NASCAR's failure to properly define a relevant market in this case is a "glaring deficienc[y]" that warrants dismissal. *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 444 (4th Cir. 2011). NASCAR has also failed to allege any "'anticompetitive effect[s]' resulting from the [alleged] agreement in restraint of trade." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 206 (4th Cir. 2002) (quotation omitted).

4. Moreover, NASCAR has not plausibly alleged antitrust injury. NASCAR has only alleged a purported injury to *NASCAR*, not to competition itself. *See, e.g., Microsoft Corp. v. Comput. Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 951 (W.D.N.C. 2000) ("Antitrust injury is injury to competition beyond the impact on the claimant in the market within which the defendants compete.") (cleaned up).

5. Finally, if this Court does not dismiss NASCAR's counterclaim in its entirety, it should strike NASCAR's request to eliminate Section 3(a) from the 2025 Charter Agreement, which is the provision that provides for the guaranteed entry of chartered teams in all Cup Series races. NASCAR's requested injunctive relief to eliminate Section 3.1(a) should be stricken because that request has no plausible remedial relationship to the

counterclaim's alleged conspiracy to engage in joint negotiations and threaten a boycott of qualifying races for a NASCAR event. *See Chapman v. Duke Energy Carolinas, LLC*, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (when "it is clear that [a matter] ha[s] no possible bearing upon the subject matter of the litigation," the matter should be struck.").

The grounds for this Motion are more fully set forth in 23XI Racing and Mr. Polk's accompanying Memorandum of Law.

Dated: March 26, 2025

Respectfully submitted,

WINSTON & STRAWN LLP

By:    */s/ Jeffrey L. Kessler*
       Jeffrey L. Kessler
       **WINSTON & STRAWN LLP**
       200 Park Avenue
       New York, NY 10166
       Tel: (212) 294-6700
       Fax: (212) 294-4700
       jkessler@winston.com

       E. Danielle T. Williams
       **WINSTON & STRAWN LLP**
       300 South Tryon Street
       16th Floor
       Charlotte, NC 28202
       Tel: (704) 350-7700
       Fax: (704) 350-7800
       dwilliams@winston.com

Jeanifer E. Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

*Counsel for 2311 Racing LLC d/b/a 23XI Racing and Curtis Polk*

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for 2311 Racing LLC d/b/a 23XI Racing and Curtis Polk*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **COUNTER-DEFENDANTS 2311 RACING LLC D/B/A 23XI RACING AND CURTIS POLK'S MOTION TO DISMISS AND MOTION TO STRIKE** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, and I caused an unredacted copy of the foregoing to be served on counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com

Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Anna M. Rathbun
Christina R. Gay
David L. Johnson
Christopher J. Brown
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
christina.gay@lw.com
david.johnson@lw.com
chris.brown@lw.com

*Counsel for NASCAR Event Management, LLC*

                                                *Jeffrey L. Kessler*
                                                Jeffrey L. Kessler