UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. <br><br> NASCAR EVENT MANAGEMENT, LLC, <br><br> Counter-Plaintiff, <br><br> v. <br><br> 2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK, <br><br> Counter-Defendants. | No.: 3:24-cv-886-KDB-SCR |

**PLAINTIFFS' RESPONSE TO NASCAR'S REQUEST FOR DISCOVERY-DISPUTE INTERVENTION REGARDING SUBPOENAS TO NON-PARTY RACING TEAMS**

In connection with a discovery dispute between NASCAR Event Management, LLC ("NASCAR") and certain non-party NASCAR Cup Series racing teams, NASCAR requests that "if the Court agrees with the Racing Teams that their financial statements are too confidential to be produced in discovery, the Court should order that non-party team financial information is irrelevant at trial, including Plaintiffs' arguments about industry revenue being shared 'fairly.'" Dkt. 156 at 2. While Plaintiffs take no position on the relevance of the specific financial information that NASCAR is seeking from the non-party racing teams, NASCAR's alternative

request that the Court order that Plaintiffs' arguments regarding the fairness of league revenue sharing are irrelevant at trial is inappropriate on this motion and should be denied.

Plaintiffs' arguments about whether league revenue is being shared fairly are entirely independent of the dispute between NASCAR and the non-party racing teams. While NASCAR centers its dispute with the non-party racing teams on its purported need for information like individual team sponsorship revenues to show individual team profitability (or a lack thereof), that is unrelated to Plaintiffs' arguments about league revenue sharing. Plaintiffs argue that NASCAR exercises its monopsony power to hoard a disproportionate share of revenues generated jointly with the teams, such as revenues from NASCAR's media deals and its use of team intellectual property. Whether league revenues are shared with the teams in the same amount that they would be in a competitive market has nothing to do with the granular team-specific financial data that NASCAR is seeking from the non-party racing teams. Accordingly, the Court should deny NASCAR's requested alternative relief.

Dated: June 23, 2025　　　　　　　　By:　*/s/ Jeffrey L. Kessler*
　　　　　　　　　　　　　　　　　　　　　Jeffrey L. Kessler
　　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 294-6700
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 294-4700
　　　　　　　　　　　　　　　　　　　　　jkessler@winston.com

　　　　　　　　　　　　　　　　　　　　　Jeanifer E. Parsigian
　　　　　　　　　　　　　　　　　　　　　Michael Toomey
　　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　　101 California Street
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　Tel: (415) 591-1000
　　　　　　　　　　　　　　　　　　　　　Fax: (415) 591-1400
　　　　　　　　　　　　　　　　　　　　　jparsigian@winston.com
　　　　　　　　　　　　　　　　　　　　　mtoomey@winston.com

　　　　　　　　　　　　　　　　　　　　　E. Danielle T. Williams

**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs and Counterclaim Defendants 2311Racing LLC d/b/a 23XI Racing and Front Row Motorsports Inc. and Counterclaim Defendant Curtis Polk*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFFS' RESPONSE TO NASCAR'S REQUEST FOR DISCOVERY-DISPUTE INTERVENTION REGARDING SUBPOENAS TO NON-PARTY RACING TEAMS** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

| | |
|---|---|
| Tricia Wilson Magee<br>**SHUMAKER LOOP & KENDRICK, LLP**<br>101 S. Tryon St., Suite 2200<br>Charlotte, NC 28280<br>tmagee@shumaker.com | Lawrence E. Buterman<br>**LATHAM & WAKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>lawrence.buterman@lw.com |
| Christopher S. Yates<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>chris.yates@lw.com | Anna M. Rathbun<br>Christina R. Gray<br>David L. Johnson<br>Christopher J. Brown<br>**LATHAM & WATKINS LLP**<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>anna.rathbun@lw.com<br>christina.gay@lw.com<br>david.johnson@lw.com<br>chris.brown@lw.com |

*Counsel for Defendant and Counterclaim Plaintiff NASCAR Event Management, LLC and Defendants National Association for Stock Car Auto Racing, LLC, NASCAR Holdings, LLC and James France*

                                                      *Jeffrey L. Kessler*
                                                      Jeffrey L. Kessler