IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00886-KDB-SCR

| | |
|---|---|
| 2311 RACING LLC AND FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC; ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant NASCAR Event Management, LLC's ("NASCAR") Request For Discovery-Dispute Intervention Regarding Subpoenas To Non-Party Racing Teams (Doc. No. 156). As the title of NASCAR's request reflects, the discovery dispute before the Court involves the inability of NASCAR and twelve non-party NASCAR Cup Series racing teams (the "Teams") to agree on the scope of the documents or information the Teams should be required to produce in response to the subpoenas that NASCAR served on the Teams in April 2025. The Court has carefully considered this request, the parties' briefs and exhibits and oral argument on the motion from the parties' counsel on June 24, 2025.

Discovery under the Federal Rules of Civil Procedure is broad in scope; however, District Courts have broad discretion in their resolution of discovery problems that arise in cases pending before them. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 402 (4th Cir. 2003). Having considered and weighed the relevance and alleged need for the information NASCAR has requested, the likely usefulness (or lack thereof) of the information in

1

the form requested by NASCAR, and the risks and burdens to the Teams of requiring production of all the information and documents sought by NASCAR, the Court, in the exercise of its discretion, will order the production of certain information in the manner described below. This Order is intended to allow NASCAR to have much of the arguably relevant substance of the requested information,[1] while protecting the legitimate interests of the non-party Teams.

**NOW THEREFORE IT IS ORDERED THAT:**

1. On or before Noon on June 27, 2025, NASCAR and the Teams shall jointly select an independent accounting firm to serve as a neutral party to facilitate the production of anonymized information. In the event the Parties are unable to select an accounting firm, they should each suggest one name to the Court by that deadline.

2. As soon as reasonably practicable (as the Teams committed to do at oral argument), each of the Non-Party Racing Teams must separately provide to the chosen accountant its annual top-line financial data (total revenue, total costs, and net profits/losses) on an anonymized, average per-car basis for each year dating back to 2014. Sponsorship income must be included by the Teams as part of total revenue.

3. To avoid the production of irrelevant information, the Teams are required to make a good faith effort to limit the financial information produced to operations associated with fielding full-time cars in the Cup Series (for example, revenue or

---

[1] The Court reaches no definitive conclusion as to the relevance of any of the requested information as it may relate to Plaintiffs' damages claims or any other claim or defense in this action.

expenses tied to ancillary business lines or non-Cup Series racing activities should not be produced).

4. The Accountant should be directed to confidentially produce to NASCAR – but not to the Non-Party Teams – a spreadsheet listing the per-car annual averages for each team without identifying the team associated with each set of numbers. The document must include a Highly Confidential Attorneys Eyes Only designation that also permits use by NASCAR's and Plaintiffs' experts.

5. The cost of the Accountant shall be borne by NASCAR.[2] Otherwise, all parties must bear their own expenses, including attorneys' fees.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 25, 2025

Kenneth D. Bell
United States District Judge

---

[2] The Court has taxed the costs of the Accountant (which will hopefully be modest given the limited scope of their involvement) to NASCAR because 1) the Teams are not parties to this action and 2) the timing of the issuance of the subpoenas has led, at least in part, to the need to present this dispute to the Court for immediate resolution.