UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. <br><br> NASCAR EVENT MANAGEMENT, LLC, <br><br> Counter-Plaintiff, <br><br> v. <br><br> 2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK, <br><br> Counter-Defendants. | No. 3:24-cv-886-KDB-SCR |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs 2311 Racing LLC ("23XI") d/b/a 23XI Racing and Front Row Motorsports, Inc. ("Front Row"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 65, hereby move this Court for entry of a temporary restraining order by July 15, 2025, before the mandate takes effect on July 16, 2025 now that the Fourth Circuit has vacated this Court's December 18, 2024 preliminary injunction, and for entry of a preliminary injunction in

1

their favor and against Defendants National Association for Stock Car Auto Racing, LLC, NASCAR Holdings, LLC, and NASCAR Event Management, LLC (collectively, "NASCAR") and James France. In support of this Motion, Plaintiffs state as follows:

1. By this motion, Plaintiffs seek a temporary restraining order and a preliminary injunction from this Court: (i) requiring Defendants to allow Plaintiffs to each enter three race cars in all NASCAR Cup Series races under the 2025 Charter Agreement terms applicable to all charter teams; and (ii) granting Plaintiffs the rights, and imposing the obligations, of the 2025 Charter Agreements except to the extent the release provision would bar Plaintiffs' antitrust claims through trial.

2. Plaintiffs seek a temporary restraining order by July 15, 2025 because the mandate takes effect on July 16, 2025 due to the Fourth Circuit Court of Appeals' order vacating this Court's prior preliminary injunction on the narrow holding that NASCAR's Section 10.3 release provision in the 2025 Charter Agreement is not, standing alone, exclusionary conduct in violation of Section 2 of the Sherman Act. Without the entry of a temporary restraining order before the mandate takes effect, Plaintiffs will lose their charter rights requiring them, among other things, to race as open teams, and will be forced to unwind their charter purchases before trial set for December 2025.

    a. As set forth in in the accompanying memorandum of law and supporting declarations and exhibits, Plaintiffs will face immediate and irreparable harms on July 16, 2025 which is before Defendants propose to file their opposition. Once the mandate takes effect on July 16, 2025, Plaintiffs will immediately lose all charter rights and consequently begin racing as open teams. The immediate and irreparable harm includes loss of their sponsors, drivers, industry goodwill,

irreplaceable competitive opportunities, and revenue, which threatens the very existence of their businesses.

b. Plaintiffs' counsel notified Defendants' counsel on July 10, 2025 they intended to seek a temporary restraining order. Counsel met and conferred on July 11, 2025. Defendants' counsel stated they were opposed to the motion for temporary restraining order and provided the statement included in paragraph 8 below.

c. Plaintiffs request that the Court decide the motion for a temporary restraining order before the mandate takes effect on July 16, 2025. Plaintiffs' accompanying memorandum of law and supporting declarations and exhibits clearly show that immediate and irreparable injury, loss, and damage will result on July 16, 2025 and support the Court's entry of a temporary restraining order without a response from Defendants. Nonetheless, Plaintiffs request the Court to set the deadline for Defendants' response to the motion for temporary restraining order as July 15, 2025 by 5:00 p.m., which Plaintiffs believe is the latest the response brief can be due to allow the Court to rule on the temporary restraining order before the mandate takes effect, unless the Court determines otherwise.

d. Plaintiffs further seek a preliminary injunction through trial. Plaintiffs request an expedited hearing on their motion for preliminary injunction and request the Court to set the hearing for July 17, 2025. Plaintiffs propose that Defendants file their response by 9:00 a.m. on July 16, 2025 and that Plaintiffs forgo their reply. In the event the Court enters the temporary restraining order, Plaintiffs

would be amenable to a later hearing date and a longer briefing period that allows for a reply.

3. As set forth in the accompanying memorandum of law and supporting declarations and exhibits, Plaintiffs are likely to succeed on the merits of their claim that Defendants have unlawfully exercised monopsony power in the market for premier stock car racing teams in the United States in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2. Defendants' anticompetitive conduct has ensured that NASCAR operates the only premier stock car racing series in the United States (the "Cup Series"), and Defendants unlawfully exercise this monopsony power to exclude competition and injure Plaintiffs and other stock car racing teams by forcing them to accept below competitive market terms in the Charter Agreements that racing teams must sign in exchange for guaranteed access to Cup Series races and associated revenue streams.

4. In the absence of a temporary restraining order entered by July 15, 2025 and thereafter a preliminary injunction, Plaintiffs will face several irreparable harms, including the loss of their sponsors, drivers, industry goodwill, irreplaceable competitive opportunities, and revenue, which threatens the very existence of their businesses. These harms are detailed in the accompanying memorandum of law and supporting declarations and exhibits.

5. The facts and equities demonstrate that the threatened injuries to Plaintiffs far outweigh any alleged "harm" that Defendants may suffer. As the Court previously found, NASCAR will face no irreparable harm if Plaintiffs continue racing as chartered teams. Dkt. No. 74 at 18. In fact, 23XI and Front Row have raced as chartered teams for the first half of the 2025 season without any harm to NASCAR. If this status quo is maintained for the remaining few months through trial, there will be no irreparable harm to NASCAR.

6. As the Court previously found, preliminary relief will serve the public's interest in (a) "watching all the teams compete with their best drivers and most competitive teams"; (b) "preserving the rights of litigants to pursue legal claims in good faith"; and (c) "supporting freedom of contract" which "is not significantly undermined by preserving the status quo (by allowing Plaintiffs' cars to race as chartered cars) until the lawfulness of Defendants' conduct is promptly resolved." Dkt. No. 74 at 19.

7. Plaintiffs have attempted in good faith to confer with Defendants to resolve this matter. Counsel for Plaintiffs conferred with counsel for Defendants via telephone on July 11, 2025, but the parties were unable to resolve any disagreements related to Plaintiffs' requested temporary restraining order and preliminary injunction.

8. Defendants provided the following statement to be included in this motion. Defendants' position is that Plaintiffs' motion is improper and should be summarily rejected because it seeks the same relief as Plaintiffs' second preliminary injunction motion and thus ignores the Fourth Circuit's binding ruling. Defendants further note that it appears that Plaintiffs' motion is an attempt by Plaintiffs to continue to collect Charter money from NASCAR that rightfully should go to racing teams that signed Charter Agreements, and that Plaintiffs have informed NASCAR they do not intend on returning that money irrespective of the Fourth Circuit's decision. Defendants request that the Court allow a response to the TRO by 5 p.m. ET on July 16, 2025. Defendants further submit that the parties should be directed to meet and confer regarding a schedule for briefing on any motion for preliminary injunction.

9. WHEREFORE, Plaintiffs hereby respectfully request that this Honorable Court grant the following preliminary relief:

a. A temporary restraining order before the mandate takes effect July 16, 2025 effective until such time as the Court can rule on Plaintiffs' motion for preliminary injunction that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, must allow Plaintiffs to each enter three race cars in all NASCAR Cup Series races under the 2025 Charter Agreement terms applicable to all charter teams; and must grant Plaintiffs the rights, and impose the obligations, of the 2025 Charter Agreements except to the extent the release provision would bar Plaintiffs' antitrust claims through trial.

b. A preliminary injunction through trial that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, must allow Plaintiffs to each enter three race cars in all NASCAR Cup Series races under the 2025 Charter Agreement terms applicable to all charter teams; and must grant Plaintiffs the rights, and impose the obligations, of the 2025 Charter Agreements except to the extent the release provision would bar Plaintiffs' antitrust claims through trial.

c. An expedited hearing on Plaintiffs' motion for preliminary injunction to be set on July 17, 2025.

d. For such other relief the Court deems necessary.

Dated: July 14, 2025				Respectfully submitted,

				WINSTON & STRAWN LLP

				By:	*/s/ Jeffrey L. Kessler*
					Jeffrey L. Kessler
					Neha Vyas
					**WINSTON & STRAWN LLP**
					200 Park Avenue
					New York, NY 10166
					Tel: (212) 294-6700
					Fax: (212) 294-4700
					jkessler@winston.com
					nvyas@winston.com

					E. Danielle T. Williams
					**WINSTON & STRAWN LLP**
					300 South Tryon Street
					16th Floor
					Charlotte, NC 28202
					Tel: (704) 350-7700
					Fax: (704) 350-7800
					dwilliams@winston.com

					Jeanifer E. Parsigian
					Michael Toomey
					**WINSTON & STRAWN LLP**
					101 California Street
					San Francisco, CA 94111
					Tel: (415) 591-1000
					Fax: (415) 591-1400
					jparsigian@winston.com
					mtoomey@winston.com

					Matthew R. DalSanto
					**WINSTON & STRAWN LLP**
					35 W. Wacker Drive
					Chicago, IL 60601
					Tel: (312) 558-5600
					Fax: (312) 558-5700
					mdalsanto@winston.com

					Josh Hafenbrack
					**WINSTON & STRAWN LLP**
					1901 L Street NW
					Washington D.C. 20036

Tel: (202) 282-5000
Fax: (202) 282-5100
jhafenbrack@winston.com

Benjamin S. Gordon
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
bgordon@winston.com

*Counsel for Plaintiffs and Counterclaim Defendants 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc. and Counterclaim Defendant Curtis Polk*

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs and Counterclaim Defendants 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc. and Counterclaim Defendant Curtis Polk*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that the foregoing **PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
Natalie W. Kaliss
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
natalie.kaliss@lw.com

Robert B. McNary
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
rob.mcnary@lw.com

Lawrence E. Buterman
Shayan Ahmad
Quinlan Cummings
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
shayan.ahmad@lw.com
quinlan.cummings@lw.com

Anna M. Rathbun
Christina R. Gay
David L. Johnson
Christopher J. Brown
Margaret E. Cohen
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
christina.gay@lw.com
david.johnson@lw.com
chris.brown@lw.com
margaret.cohen@lw.com

*Counsel for Defendants*

    *Jeffrey L. Kessler*
    Jeffrey L. Kessler