IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00886-KDB-SCR

| | |
|---|---|
| 2311 RACING LLC AND FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, ET AL., <br><br> Defendants. | **ORDER** |

THIS MATTER is before the Court to set forth a briefing schedule on Plaintiffs' Motion for a Preliminary Injunction, (Doc. No. 175). Upon the joint proposal of the Parties and in consideration of the representations discussed below, the Court hereby ORDERS the following:

NASCAR's memorandum in response to the Motion for a Preliminary Injunction shall be due on August 18, 2025, and Plaintiffs' Reply memorandum shall be due on August 25, 2025. Both the Response and Reply may be filed under seal, with a redacted version filed publicly.[1] A

---

[1] The Parties have regularly been permitted to file their briefs under seal (based on the inclusion of information designated as "confidential" during discovery), and the Court permits a sealed filing here to avoid the necessity of the otherwise required motions to seal and related orders. However, the Court emphasizes to the Parties that the filing of supporting evidence and arguments under seal only protects that information temporarily. To the extent that the Court relies on any "sealed" filings, including exhibits, in reaching its decision on the merits of the Motion for a Preliminary Injunction (and it will likely need to do so extensively in considering the Plaintiffs' likelihood of success on the merits) then the portion relied on will be discussed openly in the Court's ruling and then unsealed. *See Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) ("The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny); *Fed. Trade Comm'n v. Novant Health, Inc.*, No. 524CV00028KDBSCR, 2024 WL 1886750, at *5 (W.D.N.C. Apr. 30, 2024) ("[W]ith respect to

1

hearing on the Motion for a Preliminary Injunction will be held in Courtroom #4B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina, at 1:30 p.m. on August 28, 2025.

This scheduling order is entered pursuant to the following conditions: 1) NASCAR represents it will not effectuate any sale or transfer or otherwise convey in any manner the six 2025 Charters offered to the Plaintiffs or purchased until the Court rules on the Motion for Preliminary Injunction; and 2) NASCAR represents that Plaintiffs' six race cars will qualify for all Cup Series races (if they choose to race) similarly until the Court rules on the Motion. In the event NASCAR learns of any reason either of those representations may no longer hold, NASCAR shall promptly inform Plaintiffs and the Court so that the Court can consider implementing any relief it deems necessary.

IT IS SO ORDERED.

Signed: July 22, 2025

Kenneth D. Bell
United States District Judge

---

any evidence sought to be restricted from public view, the Court will weigh the amount of actual, present competitive harm that is likely to be caused by the disclosure and evaluate the likelihood that the evidence will be important to the public's understanding of the contentions of the parties or relied on by the Court in reaching its ultimate decision.").