IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00886-KDB-SCR

| | |
|---|---|
| 2311 RACING LLC AND FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for an Order to Show Cause (Doc. No. 192). For the reasons discussed briefly below, the Court will **DENY** the motion.

This is an important case that risks the fortunes of NASCAR and the Plaintiff race teams and significantly impacts all the other companies and individuals who depend on their success (as well as legions of stock car racing fans). The Court is therefore focused on the *merits* of the Parties' antitrust claims. It would behoove all the Parties to do likewise.

NASCAR's motion to show cause does not productively move this case forward. Instead, it appears intended to play to the court of public opinion and perhaps color the Court's perception of the opposing Parties and counsel (while at a minimum distracting them from their own efforts). However, the court of public opinion can be a fickle friend,[1] and the Court was already well aware

---

[1] The Parties are again reminded that even though it has broadly permitted filings under seal, once the Court uses any of that "confidential" information in discussing the merits (as it will likely need to do in ruling on the pending motion for a Preliminary Injunction and anticipated Motions for Summary Judgment) or the information is presented at trial, then it will become part of the public record, with the attendant consequences to all concerned.

1

that the provenance of the submissions from drivers and sponsors regarding the effects of the Plaintiffs losing "charter" status almost certainly involved the Plaintiffs.[2] Again, the Court's focus with respect to those letters and affidavits is not how they came to be, but rather determining what truthful substance they hold. For the drivers, it was (and remains) clear that their contractual status depends, at least in part, on the Plaintiffs' "charter" status. Therefore, regardless of whether or not the driver letters were prompted or even written by someone connected to Plaintiffs, the factual importance of a "charter" for the drivers remains the same. The writings of sponsors are similar.

To be clear, while the Court understands that all the Parties and their counsel are engaged in some gamesmanship, the Court will not allow dishonesty or misrepresentations in the Parties' evidence or arguments. Also, with respect to "errata" sheets, this Court has held that Federal Rule of Civil Procedure 30(e)(1)(B) "does not permit a party to make changes that substantively contradict or modify [a] sworn deposition." *Est. of Rink by Rink v. VICOF II Tr.*, No. 5:20-CV-00039-KDB, 2022 WL 1445233, at *1 (W.D.N.C. May 6, 2022) (quoting *William L. Thorp Revocable Tr. v. Ameritas Inv. Corp.*, 57 F. Supp. 3d 508, 518 (E.D.N.C. 2014)); *see also Blundell v. Wake Forest Univ. Baptist Med. Ctr.*, 2006 WL 694630, at *3-4 (M.D.N.C. Mar. 15, 2006) (striking errata sheet and agreeing that "Rule 30(e) should not be interpreted to allow a deponent to materially alter what was said under oath, because a deposition is 'not a take home examination.'"). Accordingly, the Parties are directed to carefully review any "errata" changes to

---

[2] Indeed, it is commonplace in the Court's experience for parties to encourage third parties, partners, employees, etc. to helpfully participate in litigation. Similarly, counsel often prepare their witnesses for depositions with suggestions as to how to phrase answers, etc. Therefore, absent dishonesty or promoting perjury, the Court is neither surprised by nor critical of a party's efforts to seek out third party affidavits, etc. to support their positions.

deposition testimony well in advance of trial to remove any changes that do not conform to the rules.[3]

In sum, the Court denies the Motion to Show Cause (Doc. No. 192), and encourages the Parties to spend their time and energy on resolving this dispute either on the merits or through a negotiated agreement.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 11, 2025

Kenneth D. Bell
United States District Judge

---

[3] The Court does not intend to hold lengthy hearings on the minutiae of errata sheets. Again, the focus needs to be on the merits, not procedural wrangling in search of some potentially miniscule advantage.