UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE,<br><br>Defendants.<br><br>NASCAR EVENT MANAGEMENT, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK,<br><br>Counter-Defendants. | No. 3:24-cv-886-KDB-SCR |

**DEFENDANTS' NOTICE REGARDING CHARTERS**

In light of the Court's comments regarding irreparable harm at the August 28, 2025 hearing, and given NASCAR's desire to focus both on growing the sport for the 2026 Cup Series season and preparing for the trial scheduled for December 2025, NASCAR writes to inform the Court of the following voluntary commitments pending the conclusion of the trial in this litigation:

1. As NASCAR stated in the above-referenced hearing and confirms in this Notice, it will not change Rule 7.9.1.1.C, which provides that up to six Open Teams will be eligible for starting grid positions based on the highest ranked Team Owner Points standings, for the remainder of the 2025 Cup Series Season;

2. NASCAR represents it will not issue, sell, convey, or lease any additional Charters for the 2025 Cup Series season;

3. NASCAR represents that, without Court approval, it will not effectuate a sale, conveyance, or lease of either of two (2) inactive Charters, which were previously held by Stewart-Haas Racing; and

4. NASCAR represents it will not issue, sell, convey, or lease more than four (4) additional Charters for the 2026 Cup Series season.

Currently, there are thirty (30) active NASCAR Cup Series Charters and two (2) inactive NASCAR Cup Series Charters. Doc. 196-1, Phelps Decl. ¶ 18. Subject to the terms of the Charter Agreements, NASCAR may issue forty (40) Charters. By undertaking the above commitments, in the event that Plaintiffs prevail at trial, the Court shall be free to exercise such equitable remedies as it deems appropriate.

In making these commitments, NASCAR reserves all rights and arguments as to the merits of Plaintiffs' claims and the appropriateness of any and all post-trial remedies, including as set forth in its briefing, and at oral argument, on Plaintiffs' Motion for Preliminary Injunction.

NASCAR makes no admissions or concessions as to those issues by voluntarily agreeing to limit its lawful business conduct for the limited period of time prior to the completion of the trial. Rather, NASCAR voluntarily takes these steps in response to the Court's stated request for a proposed temporary path forward pending trial and to address the Court's concerns about the potential for the creation of juror bias shortly prior to selecting a jury for trial. NASCAR prefers to focus on litigating the merits before the jury at trial.

In light of the foregoing, counsel for NASCAR provided notice to Plaintiffs' counsel by noon ET this day and conferred via phone and email with Plaintiffs' counsel to confirm this Notice moots the requested relief sought by Plaintiffs in their Motion for a Preliminary Injunction, (Doc. 175), and in their Proposed Preliminary Injunction, (Doc. 200). Plaintiffs' counsel requested that Defendants include the following as Plaintiffs' position: "Plaintiffs have just received Defendants' position and due to the PACER maintenance understand Defendants are filing. Plaintiffs do not agree that Defendants' notice and representations moot Plaintiffs' Motion for Preliminary Injunction. Plaintiffs further do not agree that Defendants' notice and representations demonstrate Plaintiffs face no irreparable harm. Plaintiffs will provide their position to the Court on Defendants' notice and representations on September 2, 2025."

**CONCLUSION**

In light of its voluntary commitments to limit its ability to bring new entrants into the sport, NASCAR respectfully requests that the Court deny Plaintiffs' request for preliminary injunction on the grounds that it is moot, or in the alternative, that Plaintiffs face no irreparable harm.

Dated: August 29, 2025            Respectfully submitted,

By:   */s/ Christopher S. Yates*
      Christopher S. Yates*
      Ashley M. Bauer*
      **LATHAM & WATKINS LLP**
      505 Montgomery Street, Suite 2000
      San Francisco, CA 94111
      Telephone: (415) 395-8240
      Facsimile: (415) 395-8095
      chris.yates@lw.com
      ashley.bauer@lw.com

      Lawrence E. Buterman*
      **LATHAM & WAKINS LLP**
      1271 Avenue of the Americas
      New York, NY 10020
      Telephone: (212) 906-1200
      lawrence.buterman@lw.com

      Anna M. Rathbun*
      David L. Johnson*
      Christopher J. Brown*
      **LATHAM & WATKINS LLP**
      555 Eleventh Street, NW, Suite 1000
      Washington, DC 20004
      Telephone: (202) 637-2200
      anna.rathbun@lw.com
      david.johnson@lw.com
      chris.brown@lw.com

      Tricia Wilson Magee (N.C. Bar No. 31875)
      **SHUMAKER, LOOP, & KENDRICK, LLP**
      101 S Tryon Street, Suite 2200
      Charlotte, NC 28280
      Telephone: (704) -945--2911
      Facsimile: (704) -332--1197
      tmagee@shumaker.com

      * Admitted *pro hac vice*

      *Counsel for Defendants and Counter-Plaintiffs*

**ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION**

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document;

2. Every statement contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 29th day of August, 2025.

*/s/ Christopher S. Yates*
Christopher S. Yates
Of Latham & Watkins LLP

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANTS' NOTICE REGARDING CHARTERS** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
dwilliams@winston.com

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
jkessler@winston.com

Jeanifer Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
jparsigian@winston.com
mtoomey@winston.com

Matthew DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
mdalsanto@winston.com

*Counsel for Counterclaim Defendants 23XI Racing, Front Row Motorsports Inc., and Curtis Polk*

This the 29th day of August, 2025.

              */s/ Christopher S. Yates*
              Christopher S. Yates
              Of Latham & Watkins LLP