**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. <br><br> NASCAR EVENT MANAGEMENT, LLC, <br><br> Counter-Plaintiff, <br><br> v. <br><br> 2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK, <br><br> Counter-Defendants. | No. 3:24-cv-886-KDB-SCR |

**NASCAR'S CONSENT MOTION FOR EXTENSIONS OF TIME REGARDING DISCOVERY, SUMMARY JUDGMENT, AND *DAUBERT* MOTIONS**

NOW COME Counterclaim Plaintiffs and/or Defendants National Association for Stock Car Auto Racing, LLC, NASCAR Holdings, LLC, NASCAR Event Management, LLC, and James France (collectively, "NASCAR"), by and through undersigned counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, and with the consent of Plaintiffs, hereby move this Court for an extension of time to file and serve their response to the forthcoming Motion for Summary Judgment and Motions made pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579

1

(1993), to be filed by 2311 Racing LLC d/b/a 23XI Racing, Front Row Motorsports, Inc., and Curtis Polk (collectively, "Plaintiffs" or "Counterclaim Defendants") on September 12, 2025. The parties also jointly move for a six-day extension of the discovery deadline in order to take expert depositions. Good cause exists to grant this Motion, and NASCAR respectfully shows the Court as follows:

1. This Court's standing orders and the Federal Rules of Civil Procedure govern the instant motion. The Pre-Trial Order and Case Management Plan provides that "a motion for extension of time shall be filed accompanied by a proposed order" should counsel need more than fourteen days to file a response (the "Initial CMO," Doc. No. 84, II(D), pp.3-4 (entered on the docket on 12/20/24)); *see also* Fed. R. Civ. P. 6(b) (indicating "good cause" standard to review extensions of time).

2. The Initial CMO further provides that all dispositive motions must be filed by October 1, 2025. (Doc. No. 84, p.2). The Amended Pre-Trial Order and Case Management Plan provides that discovery must be completed by September 24, 2025. (Doc. No. 114).

3. Counterclaim Defendants have informed NASCAR's counsel and the Court that they intend to file a Motion for Summary Judgment and *Daubert* Motions on September 12, 2025, more than two weeks before the scheduled submission date. (Doc. No. 211).

4. Under the Local Rules and Initial CMO, responses to motions must be filed within fourteen (14) days of the date on which the motion is filed. (Doc. No. 84, II(C)). Accordingly, NASCAR's response to Counterclaim Defendants' forthcoming Summary Judgment and *Daubert* Motions is currently due on September 26, 2025.

5. Because of significant scheduling hurdles for expert witnesses, and upcoming religious holidays observed by counsel and certain experts, the parties agree and NASCAR's

counsel request that the Court allow the parties to take up to five expert witness depositions between September 25, 2025, and September 30, 2025.[1] Notably, the deposition of Dr. Rascher, Plaintiffs' merits expert, is scheduled for the single date Plaintiffs offered for that deposition: September 30, 2025. The parties' joint request would only extend the discovery deadline by a mere six (6) days.

6. As to the Motion for Summary Judgment being filed early by Counterclaim Defendants on September 12, 2025, NASCAR requires additional time to prepare its responses because Counterclaim Defendants' expert depositions can occur only after the response deadline of September 26, 2025. Such depositions are crucial to NASCAR's opposition to the Motions, without which NASCAR's ability to meaningfully oppose the Motions is significantly impaired.

7. These remaining depositions are scheduled to occur after the response deadline, so NASCAR will be unable to rely on those subsequent depositions in responding to Counterclaim Defendants' Motions.

8. In addition to an extension of time to respond to Counterclaim Defendants' Motions, NASCAR also requests a two-day extension of the dispositive motions deadline from October 1, 2025, to October 3, 2025, to allow use of this deposition evidence should NASCAR choose to file a dispositive motion.

9. While counsel acknowledges the Court's directive in the Case Management Order that the parties' consent to extend discovery does not extend the dispositive motions deadline, (Doc. No. 84, p.4), the modest extensions requested herein do not impact any other scheduled deadlines, hearing dates, or trial.

---

[1] Plaintiffs provided an expert report from a previously unidentified expert witness on September 8, 2025. NASCAR objects to this witness and expert report and reserves its rights.

10. Under Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmoving party demonstrates that it cannot present facts essential to justify its opposition, the Court may defer consideration of a motion for summary judgment or deny it outright. The Court may also issue any other appropriate order to address the deficiency. *See Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024) ("[a]lthough the language used in Rule 56(d) is discretionary, the Supreme Court has instructed that summary judgment motions should only be granted 'after adequate discovery'" (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))). Courts should not "consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." *Id.* at 251 (citing *Shaw v. Foreman*, 59 F.4th 121, 128–29 (4th Cir. 2023)).

11. Moreover, without access to Counterclaim Defendants' expert witness deposition transcripts or testimony, this Court may lack essential context necessary to evaluate the Counterclaim Defendants' *Daubert* Motions in accordance with the standards established by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). There, the Court identified several factors that may bear on a judge's determination of the reliability of an expert's testimony, including: (1) whether the theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether the technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community. *See id.* at 592–94. Absent completed depositions and the opportunity for cross-examination, the Court cannot adequately assess these factors, thereby impeding its ability to make a fully informed decision regarding the admissibility and weight of Counterclaim Defendants' expert testimony.

12. This Motion is not being made for any improper purpose or unnecessary delay. It is intended to permit NASCAR to rely on the depositions of Counterclaim Defendants' expert witnesses and to allow sufficient time for review of the deposition transcripts for each such witness. Without this extension, NASCAR would be unfairly prejudiced, and the Court would lack a complete record upon which to evaluate Counterclaim Defendants' Motions. Additionally, given the scheduling of Counterclaim Defendants' expert depositions, NASCAR would be subject to a compressed workflow immediately before and on the current filing deadline.

13. A seven (7) day extension of the response deadline from September 26, 2025, to October 3, 2025, for NASCAR's time to oppose would not prejudice Counterclaim Defendants, who are filing their Motions before the close of discovery, before the Court ordered briefing deadline, and after the scheduling of expert depositions.

14. Furthermore, a modest two-day extension for NASCAR to file its dispositive motion and accompanying *Daubert* motions on October 3, 2025, also does not prejudice Plaintiffs, as evident by Plaintiffs' consent to the instant motion.

15. These extensions would ensure that this Court receives a complete record upon which to evaluate the Motions, while ensuring ample time for the Court to review the matter in light of other deadlines as set forth in the Case Management Plan and amendment thereto.

16. Pursuant to Local Civil Rule 7.1(b), undersigned counsel conferred with Counterclaim Defendants' counsel regarding this request for extension of time and they consent to the instant motion.

WHEREFORE, based on the foregoing, and for good cause shown, NASCAR respectfully requests the entry of an Order extending the time for it to answer or otherwise respond to Counterclaim Defendants' *Daubert* and Summary Judgment Motions for an additional seven (7)

5

days, up to and including October 3, 2025, and extending the time for NASCAR to file its dispositive motion and *Daubert* motions up to and including October 3, 2025.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE FOLLOWS]

This the 11th day of September, 2025.

Respectfully submitted,

By: */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
David L. Johnson*
Christopher J. Brown*
Christina R. Gay*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
david.johnson@lw.com
chris.brown@lw.com
christina.gay@lw.com

 * Admitted *pro hac vice*

*Counsel for NASCAR Event Management, LLC*

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

      1.    No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Fast Case, and Bloomberg;

      2.    Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This, the 11th day of September, 2025.

                                      */ s/ Tricia Wilson Magee*
                                      Tricia Wilson Magee
                                      SHUMAKER, LOOP, & KENDRICK, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11th, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Tricia Wilson Magee*
Tricia Wilson Magee
SHUMAKER, LOOP, & KENDRICK, LLP