UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE,<br><br>Defendants.<br><br>NASCAR EVENT MANAGEMENT, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK,<br><br>Counter-Defendants. | Civil Action No. 3:24-cv-886-KDB-SCR<br><br>**ORAL ARGUMENT REQUESTED** |

## 2311 RACING LLC, FRONT ROW MOTORSPORTS, INC., AND CURTIS POLK'S MOTION FOR SUMMARY JUDGMENT AGAINST COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 56, Counterclaim-Defendants 2311 Racing, Front Row Motorsports, and Curtis Polk respectfully move for summary judgment against Counterclaim-Plaintiff NASCAR's amended counterclaim.

The Counterclaim-Defendants have filed this motion for summary judgment against NASCAR's amended counterclaim prior to the October 1 deadline for summary judgment

1

motions, *see* Dkt. 84, and respectfully request that the Court consider it on an expedited schedule, so that the parties can prepare for the December 1 trial with confirmation as to whether NASCAR's counterclaim will be part of the trial.[1] If summary judgment is not granted against NASCAR's amended counterclaim, Counterclaim-Defendants intend to file a motion under Rule 42 to bifurcate the counterclaim and have it considered at a separate trial sometime in 2026, because it is not possible to conduct a jury trial over two separate antitrust cases in ten trial days.

As set forth more fully in the accompanying Memorandum, the grounds for the Counterclaim-Defendants' summary judgment motion against NASCAR's amended counterclaim are as follows:

1. There is no genuine dispute of material fact over whether the Counterclaim-Defendants participated in a conspiracy that restrained trade. The undisputed evidence shows that the joint negotiations over the 2025 Charter Agreement were voluntarily agreed to by NASCAR and did not foreclose NASCAR from engaging in individual negotiations with the teams, which forecloses NASCAR's Section 1 claim. *Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 23-24 (1979); *Buffalo Broad. Co., Inc. v. ASCAP*, 744 F. 2d 917, 933 (2d Cir. 1984). The undisputed evidence shows that NASCAR engaged in repeated individual negotiations with the teams throughout the alleged conspiracy period, with individual negotiations leading 13 of the 15 chartered teams to make unilateral decisions to sign the 2025 Charter Agreement on the terms demanded by NASCAR. NASCAR therefore cannot raise a material factual dispute or triable issue over any agreement by the teams to restrain trade by foreclosing individual negotiations. Summary judgment is required.

---

[1] NASCAR's opposition to the summary judgment motion is due Oct. 3, and Counterclaim-Defendants' reply is due Oct. 10. Dkt. 213. We respectfully request that the Court schedule oral argument, as necessary, as soon as practicable after Oct. 10.

2

2. NASCAR cannot raise any genuine issue of material fact to show that the Counterclaim-Defendants have market power in NASCAR's alleged relevant market for entry of cars into Cup Series races. The undisputed evidence shows that it was NASCAR, not the teams, that had the leverage to dictate the terms of the 2025 Charter Agreement. NASCAR's expert reports and factual submissions show that NASCAR has many alternatives for chartered racing teams, which further negates any showing that the members of the Race Team Alliance could exercise market power over NASCAR.

3. NASCAR cannot raise any genuine issue of material fact or triable issue over harm or antitrust injury. NASCAR cannot raise a material factual dispute that the charter system has harmed NASCAR. The undisputed factual record, reflecting the course of the negotiations over the 2025 Charter Agreement, refutes any showing that NASCAR was harmed by the voluntary joint negotiations with the teams.

4. NASCAR cannot raise a material factual dispute or triable issue to hold Mr. Polk individually liable for any unlawful conspiracy under Section 1. There is no evidence that Mr. Polk—who had no affiliation with NASCAR until four years after the Charter system came into place—has any connection to NASCAR's claimed harm to competition.

5. Finally, there is no evidence that would allow a reasonable jury to find Front Row liable under Section 1, as (i) there is no evidence that the team engaged in any conduct other than lawful trade association activities; and (ii) the undisputed evidence shows that Front Row individually negotiated with NASCAR, never refused a meeting request from NASCAR, and independently decided not to sign the 2025 Charter Agreement.

WHEREFORE: Counterclaim-Defendants hereby respectfully request that the Court enter judgment in favor of Counterclaim-Defendants on NASCAR's amended counterclaim.

Dated: September 12, 2025	Respectfully submitted,

WINSTON & STRAWN LLP

By:  /s/ Jeffrey L. Kessler
Jeffrey L. Kessler (*pro hac vice*)
Neha Vyas (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
nvyas@winston.com

E. Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer E. Parsigian (*pro hac vice*)
Michael Toomey (*pro hac vice*)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

Josh Hafenbrack (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington D.C. 20036

4

Tel: (202) 282-5000
Fax: (202) 282-5100
jhafenbrack@winston.com

Benjamin S. Gordon (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
bgordon@winston.com

*Counsel for Plaintiffs and Counterclaim Defendants 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc. and Counterclaim Defendant Curtis Polk*

Eric S. Hochstadt (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 W 52nd Street
New York, New York 10019
Tel: (212) 506-5282
ehochstadt@orrick.com

*Counsel for Counter-Defendant Curtis Polk*

5

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs and Counterclaim Defendants 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc. and Counterclaim Defendant Curtis Polk*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **2311 RACING LLC, FRONT ROW MOTORSPORTS, INC., AND CURTIS POLK'S MOTION FOR SUMMARY JUDGMENT AGAINST COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIM** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
Ashley M. Bauer
Natalie W. Kaliss
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
ashley.bauer@lw.com
natalie.kaliss@lw.com

Robert B. McNary
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
rob.mcnary@lw.com

Lawrence E. Buterman
Shayan Ahmad
Quinlan Cummings
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
shayan.ahmad@lw.com
quinlan.cummings@lw.com

Anna M. Rathbun
Christina R. Gay
David L. Johnson
Christopher J. Brown
Margaret E. Cohen
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
christina.gay@lw.com
david.johnson@lw.com
chris.brown@lw.com
margaret.cohen@lw.com

*Counsel for Defendants and Counterclaim Plaintiff*

                                                */s/ Jeffrey L. Kessler*
                                                 Jeffrey L. Kessler