UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE,<br><br>Defendants.<br><br>NASCAR EVENT MANAGEMENT, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>2311 RACING LLC d/b/a 23XI RACING, FRONT ROW MOTORSPORTS, INC., and CURTIS POLK,<br><br>Counter-Defendants. | No. 3:24-cv-886-KDB-SCR |

## MOTION FOR JUDICIAL SETTLEMENT CONFERENCE

NASCAR respectfully moves pursuant to LCvR 16.3(d) for an order directing the parties to participate in a judicial settlement conference to be convened by the Court and appointing a judicial officer, such as the magistrate judge assigned to this case or another judicial officer, to preside over the settlement conference.

The parties have indicated a willingness to resolve this case and have attempted to do so through mediation and settlement conferences. Other Charter holders have now indicated that

1

their desire is that this litigation be resolved. *See* Doc. Nos. 235-1, 235-2, 235-4 to -9, 235-29 to -30. Accordingly, NASCAR believes that the parties would benefit from a facilitated settlement discussion with a distinguished member of the bench who could provide unique insight into a jury trial in a complex matter such as this one in front of a jury in this District. Recognizing the value of a judicial settlement conference, this Court has previously indicated a willingness to offer a judicial settlement conference at a similar stage in the proceedings: after efforts with a private mediator and following the close of discovery and filing of summary judgment motions. *Cities4Life, Inc. v. City of Charlotte*, No. 3:17-CV-670-KDB-DSC, Docket Entry Nov. 16, 2020 and Docket Entry Nov. 17, 2020 (W.D.N.C.); *see also Cities4Life, Inc. v. City of Charlotte,* 2021 WL 724609, at *2 (W.D.N.C. Feb. 24, 2021) (referencing judicial settlement conference). Given the parties' efforts to date, as well as their willingness to continue engaging in settlement discussions, a judicial settlement conference in this case is likely to "facilitate the resolution of this litigation," a proposition supported by the Fourth Circuit. *Wiley v. United Parcel Serv., Inc.*, 11 F. App'x 181, 182 (4th Cir. 2001) (citation omitted).

## ARGUMENT

The parties have exhausted the normal course of alternative dispute resolution procedures to date. The parties have complied with this Court's Local Rules, Standing Order Requiring Initial Settlement Conference, and the Case Management Order ("CMO") in this case (Doc. No. 84), requiring settlement conferences among the parties at multiple stages throughout the litigation, as well as a court-ordered mediation. (Doc. No. 84 § IV; LCvR 16.2(a)). Counsel for the parties—including lead counsel—engaged in an initial settlement conference as required by this Court's Standing Order before Defendants filed their responsive pleading, but were unable to resolve this matter. *See* Text-Only Entry Dec. 11, 2024 (service of Standing Order Requiring an Initial

Settlement Conference in Civil Cases). On August 5, 2025, in compliance with the Local Rules mandating mediation and the CMO in this case, counsel and the parties participated in an in-person mediation with an appointed mediator, Jeffrey A. Mishkin, the former Executive Vice President and Chief Legal Officer of the National Basketball Association who now serves as a full-time arbitrator and mediator of sports disputes. Again, despite best efforts, Mr. Mishkin was unable to resolve this matter. Additionally, throughout the course of litigation, counsel for all parties participated in numerous meet and confer conferences addressing the merits of the parties' dispute, including those conferences held prior to the filing of the motions for preliminary injunction.

Despite the lack of a resolution through the mediation or settlement conferences, the parties have all expressed a willingness to resolve this matter prior to a trial on the merits. During the hearing on the third motion for a preliminary injunction, Plaintiffs' and Counterclaim Defendants' counsel acknowledged the upcoming trial "unless, of course, the parties settle, which Your Honor has also urged us to do. You know we've been unsuccessful so far in that, but, you know, that's not something we couldn't keep trying to do as we went towards trial." Aug. 28, 2025 Hr'g Tr. 20:3-7, Doc. No. 206. And following the hearing, one of 23XI's owners stated, "We've always been open to a settlement. Always have been. We've never taken that off the table."[1] This is an area where the parties are actually in full agreement. NASCAR would also like to resolve this case prior to trial and believes that the parties should be able to reach a reasonable resolution with the assistance of a neutral judicial officer.

In addition to the parties' willingness to resolve this matter, other race teams, this Court, *and* the Fourth Circuit Court of Appeals have also encouraged settlement discussions in this

---

[1] Shane Walters, RacingNews.Co, *Michael Jordan Comments On The NASCAR Lawsuit After Hearing* (Aug, 28, 2025), https://racingnews.co/2025/08/28/michael-jordan-comments-on-the-nascar-lawsuit-after-hearing/.

litigation. As this Court referenced, "I will echo what at least two of the Fourth Circuit judges said during oral argument. This seems ripe for discussion between the parties." June 17, 2025 Hr'g Tr. 69:3-8. Nonparty race teams have now submitted declarations which speak to a desire in the garage for a settlement of this dispute instead of putting the value created by the Charter system at risk at trial. *See*, Doc. Nos. 235-1, 235-2, 235-4 to -9, 235-29 to -30. The parties' readiness to resolve this matter, along with the interests of others in the sport and the Court to see this case resolved, suggest a judicial settlement conference would be a meaningful way to facilitate a settlement.

A judicial settlement conference, unlike a mediation or settlement conference, provides an opportunity for the parties and counsel to engage in settlement discussions with a judicial officer experienced in the legal issues *and* the issues common to a jury trial in the Western District of North Carolina. As this Court recognized, it is critical to "know what a Charlotte jury is because a lot of things that might work somewhere, they're not going to work here." Aug. 28, 2025 Hr'g Tr. 82:20-83:2. NASCAR sees significant value in the ability of a distinguished member of the bench—whether a magistrate judge or another district court judge—to provide insight into this dispute in a conversation directly with the parties. A sitting judge carries a particular weight and gravitas that would aid here by evaluating strengths and weaknesses of the parties' claims, communicating the risks inherent in a jury trial in this District, and moving the parties towards an amicable resolution. Furthermore, as recognized in the Middle District of North Carolina, "[t]he purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer." *Oakwood Apartments, LLC v. KPC Props., LLC*, 2014 WL 2696577, at *3 (M.D.N.C. June 13, 2014). Here, the parties engaged a private mediator, who is well-respected in the legal community and the sports

community; however, the significance and impact of "candid input" from a "judicial officer" suggests a completely different viewpoint than that of a mediator, which could facilitate resolution among the parties in this matter. *Id.*

The procedural posture of this case also makes it ripe for resolution by a judicial officer. Discovery is closed, dispositive motions are filed, and a jury trial fast approaching. The CMO recognizes the significance of this stage, as it requires the parties to engage in a settlement conference "[w]ithin fourteen days of the completion of the briefing on any motion for summary judgment." Doc. No. 84 § IV.A.2. The timing of the instant Motion, along with the lack of success in the parties' prior efforts to resolve this matter using a private mediator and in other settlement discussions, suggests a judicial settlement conference at this juncture is appropriate. This Court has previously allowed parties to engage in a judicial settlement conference following the filing of summary judgment motions and prior to a ruling. In *Cities4Life, Inc. v. City of Charlotte*, this Court offered the parties an opportunity to engage in a judicial settlement during the hearing on summary judgment motions. *See* No. 3:17-CV-670-KDB-DSC, 2021 WL 724609, at *2 (W.D.N.C. Feb. 24, 2021). And the Court's offer paid off: the parties resolved their dispute in the judicial settlement conference, alleviating the Court of the need to resolve summary judgment pleadings or conduct a trial. *See, e.g. id.,* Doc. Nos. 86, 87, 88; Docket Entry 11/20/2020 (Notice of Cancellation of Jury Trial).

Recognizing the value of a judicial settlement conference, NASCAR also acknowledges the significance in asking this Court to allocate judicial resources. Importantly, the Fourth Circuit also recognizes the value of judicial settlements to "facilitate resolution of litigation." *Wiley v. United Parcel Serv., Inc.*, 11 F. App'x 181, 182 (4th Cir. 2001) (citing *In re Martinez–Catala*, 129

5

F.3d 213, 218 (1st Cir.1997) (recognizing that judicial settlement conferences are "common occurrences" that are necessary to facilitate the resolution of litigation)).

The Local Rules and case law from this District demonstrate the importance of the role judicial settlement conferences have in litigation. Despite the heavy case load carried by judicial officers in this District, this District has long-recognized the value of using a judicial settlement conference, particularly where the parties have tried other means. A sampling of cases shows that sometimes a court *orders* a judicial settlement conference, even without a request from a party. *Mann+Hummel Filtration Technology US LLC et al v. BS Products LLC*, 3:24-cv-00801-FDW-DCK (W.D.N.C. Sept. 17, 2025), Doc. No. 53 (ordering a judicial settlement conference in response to a motion to enforce settlement); *Pickens v. Hendricks,* No. 1:21-CV-00030-MR, 2024 WL 4181050, at *12 (W.D.N.C. Sept. 12, 2024) (ordering a judicial settlement conference by noting, "The parties will be required to notify the Court whether they object to a judicial settlement conference in this matter.").

Sometimes a court *offers* a judicial settlement conference without a request from a party, which indicates the willingness of the local bench to facilitate these important discussions. *Cities4Life, Inc. v. City of Charlotte*, No. 3:17-CV-670-KDB-DSC, 2021 WL 724609, at *2 (W.D.N.C. Feb. 24, 2021) ("At oral argument, the Court offered to hold a judicial settlement conference with the parties in an effort to come to a mutually agreed upon resolution . . . ."); *aff'd*, 52 F.4th 576 (4th Cir. 2022); *Front Row Motorsports, Inc. v. DiSeveria*, No. 3:22-CV-00138-SCR, 2023 WL 5620757, at *8 (W.D.N.C. Aug. 30, 2023) ("The parties are encouraged to resume settlement negotiations and consider whether a judicial settlement conference would be helpful."); *Jackson-Shakespeare v. Presbyterian Hosp.*, No. 3:22-CV-00317-FDW-DCK, 2024 WL 460259, at *1 (W.D.N.C. Feb. 6, 2024). In *Front Row Motorsports v. DiServeria*, for example, the court

6

"encouraged" the parties to "resume settlement negotiations and consider whether a judicial settlement conference would be helpful." No. 3:22-cv-00138-SCR, 2023 WL 5620757, at *8 (W.D.N.C. Aug. 30, 2023). The next day, Plaintiff and Counterclaim Defendant here—Front Row Motorsports—joined in a request for a judicial settlement conference, resulting in the court appointing the Honorable Senior Judge Graham C. Mullen to preside over the judicial settlement conference in Courtroom #8. No. 3:22-cv-0138-SCR (W.D.N.C. Sept. 5, 2023) (Text Entry).

And other times, the Court allows a judicial settlement conference notwithstanding the lack of consent from all parties. *Kotsias v. CMC II, LLC*, No. 1:15-cv-00242-MR-DLH (W.D.N.C. Apr. 5, 2017), Doc. No. 89 (granting Motion for Judicial Settlement Conference where the plaintiff did not provide consent). In fact, the Local Rules' use of the word "any" clearly contemplates that consent to the motion is not required: "*[a]ny* party may . . . request a judicial settlement conference." LCvR 16.3(d) (emphasis added.) While NASCAR requested Plaintiffs and Counterclaim Defendants' consent to a judicial settlement conference, their lack of agreement does not preclude this Court from ordering one, particularly where everyone has expressly stated a willingness to engage in settlement discussions.

Counsel for NASCAR and Mr. France—in accordance with LCvR 7.1(b)—conferred on multiple occasions to discuss and obtain Plaintiffs' and Counterclaim Defendants' consent prior to filing this Motion. While the parties appear to agree settlement discussions facilitated by a third-party may be fruitful, the parties disagree as to who best to conduct those discussions. Plaintiffs and Counterclaim Defendants requested the Motion include the following response:

> Mr. Mishkin has already been fully engaged in the mediation process and is up to speed on both the case and the positions of the parties, having not only conducted a full day in-person mediation with the parties, but also having had multiple calls with counsel. It therefore will be most efficient and have the greatest potential for success to continue with him in further mediation sessions rather than restart the process with a new mediator as the trial date swiftly approaches.

NASCAR considered that option, but for the reasons explained above—including the rapidly approaching trial date—NASCAR believes a judicial settlement conference as a different type of alternative dispute resolution would be more likely to facilitate settlement.

Finally, while NASCAR defers to the Court's schedule, as well as that of any judicial officer to be appointed to conduct the mediation or conference, NASCAR suggests proximity to the hearing on dispositive motions scheduled for October 21, 2025, may present an opportunity where the parties and counsel might be available to participate in a judicial settlement conference.

## CONCLUSION

NASCAR contends a judicial settlement conference carries the most potential for a successful resolution of this case at this stage in the proceedings. THEREFORE, NASCAR and Mr. France respectfully requests this Court GRANT the Motion for a Judicial Settlement Conference, order the parties to participate, and appoint the magistrate judge assigned to this case or another judicial officer to preside over a conference to be scheduled at the convenience of the Court.

*{Remainder of page intentionally left blank; signature follows on next page}*

Dated: 6th day of October, 2025.  Respectfully submitted,

By: */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
tmagee@shumaker.com

Christopher S. Yates*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8240
Facsimile: (415) 395-8095
chris.yates@lw.com

Lawrence E. Buterman*
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun*
Christopher J. Brown*
Christina R. Gay*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com
christina.gay@lw.com

* Admitted *pro hac vice*
*Counsel for NASCAR and James France*

# ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

      1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Fast Case, and Bloomberg;

      2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This, the 6th day of October, 2025.

                                                    */s/ Tricia Wilson Magee*

10

Case 3:24-cv-00886-KDB-SCR    Document 251   Filed 10/06/25   Page 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION FOR JUDICIAL SETTLEMENT CONFERENCE** was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
dwilliams@winston.com

Jeffrey L. Kessler
jkessler@winston.com

Jeanifer Parsigian
jparsigian@winston.com

Michael Toomey
mtoomey@winston.com

Matthew DalSanto
mdalsanto@winston.com

Benjamin Rudofsky
brudofsky@winston.com

*Counsel for Counterclaim Defendants 23XI Racing, Front Row Motorsports Inc., and Curtis Polk*

Eric Shaun Hochstadt
ehochstadt@orrick.com
*Counsel for Counterclaim Defendant Curtis Polk*

This, the 6th day of October, 2025.

*/s/ Tricia Wilson Magee*