# Exhibit 18



UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

INVESTMENT ADVISERS ACT OF 1940
Release No. 4116 / June 15, 2015

ADMINISTRATIVE PROCEEDING
File No. 3-16591

| | |
|---|---|
| In the Matter of<br><br>SFX Financial Advisory<br>Management Enterprises, Inc.<br>and Eugene S. Mason,<br><br>Respondents. | ORDER INSTITUTING ADMINISTRATIVE<br>AND CEASE-AND-DESIST PROCEEDINGS,<br>PURSUANT TO SECTIONS 203(e), 203(f),<br>AND 203(k) OF THE INVESTMENT<br>ADVISERS ACT OF 1940, MAKING<br>FINDINGS, AND IMPOSING A CEASE-AND-<br>DESIST ORDER |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative and cease-and-desist proceedings be, and hereby are, instituted pursuant to Sections 203(e), 203(f) and 203(k) of the Investment Advisers Act of 1940 ("Advisers Act") against SFX Financial Advisory Management Enterprises, Inc. ("SFX") and Eugene S. Mason ("Mason" and, collectively, "Respondents").

II.

In anticipation of the institution of these proceedings, Respondents have submitted Offers of Settlement (the "Offers") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over them and the subject matter of these proceedings, which are admitted, and except as provided herein in Section V as to Mason, Respondents consent to the entry of this Order Instituting Administrative and Cease-and-Desist Proceedings, Pursuant to Sections 203(e), 203(f), and 203(k) of the Investment Advisers Act of 1940, Making Findings, and Imposing a Cease-and-Desist Order ("Order"), as set forth below.

# III.

On the basis of this Order and Respondents' Offers, the Commission finds[1] that:

### Summary

From 2006 through 2011, Brian Ourand ("Ourand"), while SFX's Vice President and President, misappropriated at least $670,000 in assets from three client accounts. During this time, SFX failed to supervise Ourand and also committed compliance failures. In particular, SFX failed to adopt policies and procedures reasonably designed to prevent the misappropriation of client assets, failed to implement the policies it did have, violated the custody rule, and falsely stated in its Form ADV that it reviewed client accounts used for bill-paying services. SFX also failed to conduct its annual compliance review in 2011. Mason, SFX's Chief Compliance Officer ("CCO"), caused SFX's failure to implement its compliance policies, conduct an annual review and is responsible for a material misstatement in a Form ADV filing.

### Respondents

1. **SFX Financial Advisory Management Enterprises, Inc.** is a Delaware corporation headquartered in Washington, District of Columbia. SFX became registered with the Commission as an investment adviser on September 21, 1992, but withdrew its registration on September 12, 2012. SFX is currently registered in the District of Columbia. In its most-recent Form ADV filing in March 2014, SFX disclosed that it managed $15 million on a discretionary basis.

2. **Eugene S. Mason**, age 51, is a resident of Dayton, Maryland. Mason has been SFX's CCO since 2004.

### Related Individual

3. **Brian Ourand**, age 53, is a resident of Miami, Florida. Ourand was SFX's Vice President from 2003 to 2007 and President until August 2011, when he was terminated. Ourand is named as a respondent in a separate administrative proceeding relating to his conduct described in this Order.

### Background

4. SFX specializes in providing advisory and financial management services to high net-worth individuals, primarily current and former professional athletes. SFX provides clients with a range of services including management of investment portfolios, bill payment, financial planning, and tax consultation and support.

5. Several of SFX's clients had bank and brokerage accounts over which SFX had the power to withdraw and deposit assets. Ourand had discretionary authority to trade in client

---

[1] The findings herein are made pursuant to Respondents' Offers of Settlement and are not binding on any other person or entity in this or any other proceeding.

2

accounts as well as authority over client bank accounts to pay bills, transfer money, and deposit checks. As a result, SFX had custody over the assets in the client accounts.

6. From 2006 to 2011, Ourand misappropriated at least $670,000 from three clients. During this time, Ourand wrote unauthorized checks from client bank accounts payable to "cash" or himself, and wired unauthorized amounts to himself for his own personal use. He also wired money using client credit cards for unauthorized amounts to others for their personal use.

7. In July 2011, Mason learned that Ourand had misappropriated assets when a client complained that he could not use one of his credit cards. SFX and Mason promptly conducted an internal investigation. Ultimately, SFX terminated Ourand and reported his conduct to the criminal authorities.

8. Individuals at SFX, including Ourand, had full signatory power over client bank accounts relating to SFX's bill-paying services. Therefore, there was a significant risk that those individuals could misappropriate client funds. SFX's compliance policies and procedures were not reasonably designed, and were not effectively implemented, to prevent the misappropriation of client funds. As CCO, Mason was responsible under the policies and procedures for implementation of the policies and procedures.

9. In particular, SFX's policies were not reasonably designed to prevent the person authorizing payments that SFX made from client accounts from circumventing secondary review of those payments. Thus, Ourand was able to circumvent secondary review of the payments he authorized from client accounts.

10. In addition, SFX's compliance policy required, among other things, that there be a review of "cash flows in client accounts." SFX and Mason did not effectively implement this provision for the client accounts used for bill-paying services. In addition, SFX did not have a reasonable basis to believe, after due inquiry, that custodians were providing clients with bank statements.

11. SFX's Form ADV, Part 2 brochure filed on March 31, 2011, disclosed that "Client's cash account used specifically for bill paying is reviewed several times each week by senior management for accuracy and appropriateness." This statement was untrue because a review for "appropriateness" indicates a review by senior management other than the person responsible for the relevant transactions, yet no one other than Ourand reviewed the bill-paying accounts over which he had signing authority and from several of which he misappropriated funds. Mason executed Part 1 of the brochure filed concurrently with Part 2.

12. In the midst of an internal investigation following the discovery of Ourand's misappropriation, SFX did not conduct an annual review of its compliance program in 2011. Mason was responsible for ensuring the annual review was completed and was negligent in failing to conduct the annual review.

3

## Violations

13. As a result of the conduct described above, SFX willfully[2] violated Section 206(2) of the Advisers Act, which prohibits fraudulent conduct by an investment adviser.

14. As a result of the conduct described above, SFX failed reasonably to supervise Ourand, within the meaning of Section 203(e)(6) of the Advisers Act.

15. As a result of the conduct described above, SFX willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-2 thereunder, which requires that an investment adviser have a reasonable basis, after due inquiry, for believing that the qualified custodian sends an account statement, at least quarterly, to each of its clients for which it maintains funds or securities.

16. As a result of the conduct described above, SFX willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder, which require, among other things, that a registered investment adviser adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder by the adviser and its supervised persons, and review, no less frequently than annually, the adequacy of the policies and procedures.

17. As a result of the conduct described above, Mason caused SFX's violation of Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder.

18. As a result of the conduct described above, SFX and Mason willfully violated Section 207 of the Advisers Act, which makes it "unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with the Commission . . . or willfully to omit to state in any such application or report any material fact which is required to be stated therein."

## Respondents' Remedial Efforts

In determining to accept the Offers, the Commission considered remedial acts promptly undertaken by Respondents and cooperation afforded the Commission staff.

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondents' Offers.

Accordingly, pursuant to Sections 203(e), 203(f), and 203(k) of the Advisers Act, it is hereby ORDERED that:

---

[2] A willful violation of the securities laws means merely "'that the person charged with the duty knows what he is doing.'" *Wonsover v. SEC*, 205 F.3d 408, 414 (D.C. Cir. 2000) (quoting *Hughes v. SEC*, 174 F.2d 969, 977 (D.C. Cir. 1949)). There is no requirement that the actor "'also be aware that he is violating one of the Rules or Acts.'" *Id.* (quoting *Gearhart & Otis, Inc. v. SEC*, 348 F.2d 798, 803 (D.C. Cir. 1965)).

4

Case 3:24-cv-00886-KDB-SCR    Document 342-19    Filed 11/03/25    Page 5 of 7

A. Respondent SFX cease and desist from committing or causing any violations and any future violations of Sections 206(2), 206(4) and 207 of the Advisers Act and Rules 206(4)-2 and 206(4)-7 thereunder.

B. Respondent Mason cease and desist from committing or causing any violations and any future violations of Sections 206(4) and 207 of the Advisers Act and Rule 206(4)-7 thereunder.

C. Respondents are censured.

D. Respondent SFX shall, within 30 days of the entry of this Order, pay a civil money penalty in the amount of $150,000 to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury in accordance with Exchange Act Section 21F(g)(3). Respondent Mason shall, within 30 days of the entry of this Order, pay a civil money penalty in the amount of $25,000 to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury in accordance with Exchange Act Section 21F(g)(3). If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. § 3717. Payment must be made in one of the following ways:

(1) Respondents may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Respondents may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Respondents may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>HQ Bldg., Room 181, AMZ-341
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying the relevant party as a Respondent in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to C. Dabney O'Riordan, Asset Management Unit, Division of Enforcement, Securities and Exchange Commission, 5670 Wilshire Blvd., 11th Floor, Los Angeles, California 90036.

Case 3:24-cv-00886-KDB-SCR    Document 342-19    Filed 11/03/25    Page 6 of 7

## V.

It is further Ordered that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the findings in this Order are true and admitted by Respondent Mason, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Respondent Mason under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Respondent Mason of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

By the Commission.

Brent J. Fields
Secretary