IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-cv-886-KDB-SCR

2311 RACING LLC d/b/a 23XI RACING, and
FRONT ROW MOTORSPORTS, INC.,

    Plaintiff,

v.

NATIONAL ASSOCIATION FOR STOCK
CAR RACING, LLC, NASCAR HOLDINGS,
LLC, NASCAR EVENT MANAGEMENT,
LLC, and JAMES FRANCE,

    Defendant.

---

NASCAR EVENT MANAGEMENT, LLC

    Counter-Plaintiff,

v.

2311 RACING LLC d/b/a 23XI RACING,
FRONT ROW MOTORSPORTS, INC., and
CURTIS POLK,

    Counter-Defendants.

**HENDRICK MOTORSPORTS, LLC, HMS HOLDINGS, LLC, RICK HENDRICK, PENSKE RACING SOUTH, INC. AND ROGER PENSKE'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER**

Non-Parties Hendrick Motorsports, LLC and HMS Holdings, LLC (collectively, "HMS"), J. R. "Rick" Hendrick, III ("Mr. Hendrick"), Penske Racing South, Inc. ("PRS"), and Roger Penske ("Mr. Penske", together "Movants"), respectfully submit the following memorandum of law in support of their joint motion for a protective order.

1

**PRELIMINARY STATEMENT**

In keeping with the adage that "no good deed goes unpunished," Movants find themselves, quickly and without much warning, in the unenviable position of being forced to give expansive and unnecessary deposition testimony as a result of wrangling between the parties to a lawsuit that should have settled long before now. As explained in greater detail below, Messrs. Hendrick and Penske, in view of their decades-long relationship with Jim France, agreed to give limited testimony regarding non-confidential matters at the trial of this case, but in a way that did not force them to "take sides" in this lawsuit – something which both men have made clear that they cannot and will not do. That has now morphed into an effort by the Plaintiffs to seek testimony potentially regarding HMS' and Penske's highly confidential financial and other business information. Movants bring this Motion because efforts to resolve this matter amicably proved fruitless.

**FACTUAL AND PROCEDURAL BACKGROUND**

Two days ago, Plaintiffs 2311 Racing LLC d/b/a 23XI Racing ("23XI") and Front Row Motorsports, Inc. ("Front Row") moved for leave to depose Messrs. Hendrick and Penske. [DE # 380]. Both are well-known figures in the professional racing industry and the corporate world generally. The thrust of Plaintiffs' request to take their depositions is that each had been disclosed after close of the discovery period as potential witnesses for Defendant NASCAR Event Management, LLC ("NASCAR") at the trial of this Action. NASCAR informed the Court that it "took no position" regarding the relief requested. The Court therefore granted the Motion on the same day.

Upon seeing that both Messrs. Hendrick and Penske were newly-listed as trial witnesses for NASCAR, and before filing their Motion for Leave, counsel for the Plaintiffs requested to take Messrs. Hendrick's and Penske's depositions. Both men, through counsel, declined because they had not been served with trial subpoenas or approached about giving general trial testimony.

However, in just the past few days (and in Mr. Hendrick's case, at the NASCAR awards banquet following the championship win), Mr. France and his counsel approached Messrs. Hendrick and Penske (separately) and asked if they would be willing to give testimony at trial specifically limited to the high-level contents of the Declarations that both men submitted a number of weeks ago. [DE # 235-3; 235-7]. Neither man wants to play any role in this lawsuit whatsoever and have made clear that they will not "take sides" in this case. However, in view of their decades-long relationship with Mr. France, they agreed to provide the requested limited scope of testimony if required by a duly served subpoena.

Immediately after Plaintiffs filed their Motion for Leave on Wednesday, but before this Court granted the Motion, counsel for the Parties met and conferred with the undersigned counsel. The undersigned counsel explained that NASCAR had agreed to limit the scope of trial testimony to the Declarations, and so long as the Plaintiffs limited their questioning to that narrow lane of questioning, a compromise could be reached allowing for the depositions to occur without objection. Plaintiffs refused and made clear that they intended to ask numerous questions of both men regarding their respective race teams' highly confidential business and financial records, private communications regarding the negotiations leading up to the initial 2016 Charter Agreement, and other highly confidential topics.

The scope of testimony being sought by Plaintiffs in large part tracks the type of information that this Court prevented NASCAR from receiving this summer. [DE # 169]. As the Court is aware, on the eve of the close of discovery in this case, NASCAR served subpoenas duces tecum on HMS, PRS, and all other non-party teams competing in the NASCAR Cup Series. NASCAR's subpoenas sought HMS's, PRS's and the other non-party teams' highly confidential competitive information, including "ordinary course financials."

Following weeks of extensive meet-and-confers amongst counsel for HMS, PRS, NASCAR, and the other teams, NASCAR requested discovery-dispute intervention by the Court.

3

Case 3:24-cv-00886-KDB-SCR    Document 414-1    Filed 11/07/25    Page 3 of 12

In opposition, HMS, PRS, and the other Non-Party Teams submitted a joint memorandum of law outlining the myriad ways in which NASCAR's attempt to obtain their extremely confidential financial information was inappropriate and unnecessary to the parties' claims in this action. [DE # 161].

On June 25, 2025, the Court entered an Order significantly limiting the information that the non-party teams, including HMS and PRS, would be required to provide. [DE # 169]. Specifically, the Court required HMS, PRS, and the other teams to produce top-line financial data "on an anonymized, average per-car basis for each year dating back to 2014" to an independent accounting firm, which firm then produced a confidential spreadsheet to NASCAR "listing only the per-car annual averages for each team without identifying the team associated with each set of numbers." Id. Recognizing the limited relevance of non-party teams' financial information to the parties' claims and defenses, as well as the risks and burden to the teams, the Court refused to require HMS, PRS, or any other non-party team to produce to NASCAR any financial information other than in an anonymous and untraceable format. Id. The testimony that Plaintiffs now seek will undermine the entirety of the Court's decision as related to HMS and PRS and potentially allow the Parties (or the media or general public) to "reverse engineer" the anonymized team information to back out HMS and PRS in an effort to identify the sources of the other team information.

To be clear, neither Mr. Hendrick nor Mr. Penske would have agreed to give any testimony under these circumstances. Now they find themselves being used as bargaining chips in this litigation.

Timing presents another problem. Trial of this matter is set for the week of December 1, 2025 – just over three weeks from today, and further compressed by the Thanksgiving holiday.

HMS, Mr. Hendrick, PRS, and Mr. Penske respectfully ask the Court to enter a protective order governing the taking of Mr. Hendrick's and/or Mr. Penske depositions and anticipated trial

4

testimony. Movants seek a protective order either (1) preventing altogether the depositions of Mr. Hendrick and Mr. Penske given the unique circumstances or alternatively, (2) limiting such deposition testimony and trial testimony to the high-level contents of their respective Declarations.

## LEGAL ARGUMENT

### I. Legal Standard for Protective Order.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending." For good cause, the Court may then "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the . . . discovery." Rule 26(c)(1)(A).

### II. The Court Should Enter a Protective Order Prohibiting Messrs. Hendrick and Penske's Depositions Or, Alternatively, Limiting the Scope of the Depositions.

#### A. This Issue Should Have Been Resolved Long Before Now by the Parties.

Plaintiffs acknowledge in their Motion and Supporting Brief that they knew Messrs. Hendrick and Penske were identified "as individuals likely to have discoverable information that NASCAR may use to support its claims and/or defenses on September 10, 2025." That was nearly two months ago. Mr. Hendrick and Mr. Penske provided Declarations summarizing their potentially relevant knowledge in early October 2025. Yet, as Plaintiffs' Brief reveals, they took no steps to obtain discovery, through deposition or otherwise, until October 17, 2025, when NASCAR listed Mr. Penske and Mr. Hendrick as *potential* trial witnesses. At that time, as Movants' counsel informed Plaintiffs' counsel, neither Mr. Penske nor Mr. Hendrick had been asked by NASCAR to testify at trial. Movants are unaware of the Parties' communications regarding deposition and trial testimony thereafter, other than NASCAR serving a trial witness list including Mr. Penske and Mr. Hendrick on November 3, 2025.

Messrs. Hendrick and Penske now find themselves having to find a day for each in the runup to Thanksgiving in order to appear and comply with any deposition subpoena issued pursuant to the Court's Order. They therefore request that this Court enter an Order either prohibiting their depositions altogether or, alternatively, limiting each deposition in time and scope to the high-level contents of their respective Declarations and allowing them to appear via Zoom or some other form of videoconferencing in order to minimize the difficulties involved. Of course, if their depositions must proceed, both men will work in good faith with all counsel to find appropriate blocks of time to provide the requested testimony.

### B. The Depositions Should Not Be Backdoors for Obtaining the Highly Confidential Financial and Business Data of HMS and PRS that the Court Previously Protected.

Already in this case, HMS and PRS successfully resisted production of their highly confidential financial and business information. Now, the testimony sought by Plaintiffs puts Movants at risk of disclosing the very same information the Court has declared off-limits – only now, the risk of *public* disclosure (at trial or otherwise) is far greater.

As set forth in the Non-Party Teams' joint brief before this Court on the subpoena issue, Rule 45(d)(3)(B) requires that the serving party show a "substantial need" for the information, and even then, the Court will order compliance only if it can "devise an appropriate accommodation to protect the interests of the" party opposing such potentially harmful disclosure. Fed. R. Civ. P. 45, advisory committee's note to 1991 amendment. "Even if the information sought is relevant, discovery is not allowed . . . where the potential harm caused by production outweighs the benefit." Insulate Am. v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C. 2005). This rule applies with considerable force to a non-party's most sensitive financial and business information. See, e.g., In re Subpoena Duces Tecum Served on Duke Energy Corp., No. 3:05-MC-201, 2005 WL 2674938 (W.D.N.C. Oct. 18, 2005) (declining to compel production of "general operating and

financial information," finding that the plaintiff had not demonstrated a "substantial need" for "information on cost, pricing, bidding and transactional data" that it wanted "to support expert testimony").

In Insulate America v. Masco Corp., the Western District of North Carolina dealt with the enforceability of a non-party subpoena stemming from antitrust litigation much like the present case. 227 F.R.D. at 428. The Court quashed the subpoena, recognizing that other "[c]ourts have concluded that disclosure to a competitor is more harmful than disclosure to a non-competitor." Id. at 433. Because both the defendants and the plaintiff in the antitrust action were competitors of the non-party, they "could easily gain financial advantage over [the non-party] by use of the information requested in the subpoenas of the defendants." Id. at 433.

HMS and PRS compete directly with both NASCAR and Plaintiffs for sponsors and employees, as well as on the track. Disclosure of HMS's and PRS's financial and business information would thus be incredibly burdensome and harmful. Moreover, HMS or PRS have little confidence that a protective order would maintain the confidentiality of any such information – whether in a deposition or ultimately at trial – given the First Amendment and common law rights of access already recognized by this Court. Insulate Am., 227 F.R.D. at 434 ("There is a constant danger inherent in disclosure of confidential information pursuant to a Protective Order.").

Consistent with the Court's prior ruling, there remains no compelling need in this case for HMS's and PRS' confidential financial and business information. [*See* DE # 169]. Moreover, any question from Plaintiffs (or any other party) to Mr. Hendrick or Mr. Penske about even the confidential, anonymized average per-car data would necessarily require them to disclose some additional information about the data that could permit the parties – and the media – to determine which figures are associated with which team. Such a result would be inconsistent with this Court's prior Order determining that HMS's, PRS's, and the other non-party teams' rights. All of

the same arguments that the Court heard previously – information about the Team's highly confidential agreements with OEMs, sponsors, drivers, crew members, senior executives, business plans, affiliations with other teams, projections, and the list goes on – apply with equal force today. Movants respectfully urge the Court to protect these non-parties under these circumstances and either enter an Order prohibiting the depositions of Mr. Hendrick and Mr. Penske, or otherwise putting guardrails on their testimony at deposition (and trial) limiting such testimony to the high-level subject matter of their Declarations.

## CONCLUSION

For the foregoing reasons, Movants respectfully ask that the Court reconsider this matter and deny Plaintiffs' motion to depose Messrs. Hendrick and Penske, or otherwise enter a protective order placing the above-requested guardrails around their deposition or trial testimony to avoid either man from being forced to reveal their respective businesses' highly-confidential financial and business information.

This the 7th day of November 2025.

**JAMES, McELROY & DIEHL, P.A.**

/s/ Adam L. Ross
Adam L. Ross (NC Bar No. 31776)
Richard B. Fennell (NC Bar No. 17398)
Jennifer M. Houti (NC Bar No. 45442)
Email: aross@jmdlaw.com
rfennell@jmdlaw.com
jhouti@jmdlaw.com
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: 704-372-9870
Facsimile: 704-333-5508
*Counsel for Non-Parties Hendrick Motorsports, LLC, HMS Holdings, LLC and Rick Hendrick*

ROBINSON, BRADSHAW & HINSON, P.A.

*/s/ Cary B. Davis*
Cary B. Davis (NC Bar No. 36172)
John R. Wester (NC Bar No. 4660)
600 South Tryon Street, Suite 2300
Charlotte, NC 28202
Telephone: (704) 377-2536
Email: cdavis@robinsonbradshaw.com
jwester@robinsonbradshaw.com
*Counsel for Non-Parties Penske Racing South, Inc. and Roger Penske*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies no artificial intelligence was employed in doing the research and preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 7th day of November 2025.

**JAMES, McELROY & DIEHL, P.A.**

/s/ Adam L. Ross
Adam L. Ross (NC Bar No. 31776)
Richard B. Fennell (NC Bar No. 17398)
Jennifer M. Houti (NC Bar No. 45442)
Email: aross@jmdlaw.com
      rfennell@jmdlaw.com
      jhouti@jmdlaw.com
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: 704-372-9870
Facsimile: 704-333-5508
*Counsel for Non-Parties Hendrick Motorsports, LLC, HMS Holdings, LLC and Rick Hendrick*

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Cary B. Davis
Cary B. Davis (NC Bar No. 36172)
John R. Wester (NC Bar No. 4660)
600 South Tryon Street, Suite 2300
Charlotte, NC 28202
Telephone: (704) 377-2536
Email: cdavis@robinsonbradshaw.com
      jwester@robinsonbradshaw.com
*Counsel for Non-Parties Penske Racing South, Inc. and Roger Penske*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **HENDRICK MOTORSPORTS, LLC, RICK HENDRICK, PENSKE RACING SOUTH, INC. AND ROGER PENSKE'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Plaintiff's counsel of record as follows:

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

E. Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer E. Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Eric S. Hochstadt
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 W 52nd Street
New York, New York 10019
Tel: (212) 506-5282
ehochstadt@orrick.com

*Attorneys for Plaintiffs*

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280 tmagee@shumaker.com

Christopher S. Yates
Ashley M. Bauer
Natalie W. Kaliss
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000 San Francisco, CA 94111 chris.yates@lw.com
ashley.bauer@lw.com
natalie.kaliss@lw.com

Robert B. McNary
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
rob.mcnary@lw.com

Lawrence E. Buterman
Shayan Ahmad
Quinlan Cummings
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas New York, NY 10020 lawrence.buterman@lw.com
shayan.ahmad@lw.com
quinlan.cummings@lw.com

Anna M. Rathbun Christina R. Gay David L. Johnson Christopher J. Brown
Margaret E. Cohen
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com christina.gay@lw.com
david.johnson@lw.com chris.brown@lw.com
margaret.cohen@lw.com
*Attorneys for Defendants*

This the 7th day of November 2025.

                    **JAMES, McELROY & DIEHL, P.A.**

/s/ Adam L. Ross
Adam L. Ross (NC Bar No. 31776)
Richard B. Fennell (NC Bar No. 17398)
Jennifer M. Houti (NC Bar No. 45442)
Email: aross@jmdlaw.com
        rfennell@jmdlaw.com
        jhouti@jmdlaw.com
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: 704-372-9870
Facsimile: 704-333-5508
*Counsel for Non-Parties Hendrick Motorsports, LLC, HMS Holdings, LLC and Rick Hendrick*

                    **ROBINSON, BRADSHAW & HINSON, P.A.**

*/s/ Cary B. Davis*
Cary B. Davis (NC Bar No. 36172)
John R. Wester (NC Bar No. 4660)
600 South Tryon Street, Suite 2300
Charlotte, NC 28202
Telephone: (704) 377-2536
Email: cdavis@robinsonbradshaw.com
        jwester@robinsonbradshaw.com
*Counsel for Non-Parties Penske Racing South, Inc. and Roger Penske*