UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. | No. 3:24-cv-886-KDB-SCR |

**PLAINTIFFS' MOTION TO EXCLUDE RICK HENDRICK'S TRIAL TESTIMONY**

## INTRODUCTION

After NASCAR "sandbagging" Plaintiffs with two belatedly disclosed witnesses, one of those witnesses—Rick Hendrick—is unavailable for deposition in advance of the December 1, 2025, trial. As Plaintiffs have explained in both their Motion for Leave to Depose NASCAR's Late-Disclosed Trial Witnesses (Dkt. No. 380) and their Response to the Joint Motion for a Protective Order (Dkt. No. 422), Plaintiffs should have the opportunity to depose NASCAR's third-party witnesses in order to avoid conducting a blind cross-examination at trial. Now, given NASCAR's untimely disclosure and the limited time ahead of trial, Plaintiffs are foreclosed from deposing Mr. Hendrick in advance of trial, and any trial testimony Mr. Hendrick would be permitted to provide on behalf of NASCAR would be prejudicial to Plaintiffs. Mr. Hendrick's testimony should therefore be excluded.

## BACKGROUND

Following NASCAR's late disclosure of two trial witnesses—Rick Hendrick and Roger Penske—the Court granted Plaintiffs' motion to permit depositions of both third-party witnesses "prior to trial." Dkt. No. 381. Subsequently, Mr. Hendrick and Mr. Penske filed a joint motion for a protective order, which was denied. Dkt. No. 425. Following the Court's confirmation that depositions could proceed without limitation, Plaintiffs immediately sought to schedule a deposition for both third-party witnesses.

For Mr. Hendrick, the deposition was initially scheduled for November 18, 2025, at Hendrick Automotive Group's offices in Charlotte, for the convenience of the deponent. However, for reasons disclosed to the Court, Plaintiffs have been informed that Mr. Hendrick cannot be deposed on November 18, and the witness is otherwise not available on any other day before the December 1, 2025 trial. Instead, Mr. Hendrick's counsel offered an opportunity for Plaintiffs to take Mr. Hendrick's deposition during the first week of trial.

# ARGUMENT

The Court should preclude NASCAR from calling Rick Hendrick as a trial witness because Plaintiffs are not able to secure his deposition testimony in a timely manner. *See, e.g.*, *Mathis v. Terra Renewal Servs., Inc.*, 2021 WL 2885926, at *1 (W.D.N.C. July 9, 2021) (granting motion to preclude testimony from late-disclosed witnesses); *Musselwhite v. Mid-Atl. Rest. Corp.*, 2022 WL 2294050, at *2 (E.D.N.C. June 24, 2022) (granting motion to exclude witnesses "disclosed long after the close of discovery"); *Sygenta Crop Protection, LLC v. Wildwood, LLC*, 2017 WL 3309699, at *3–4 (M.D.N.C. Aug. 2, 2017) (granting motion to exclude late-disclosed witnesses and documents). Without the possibility of conducting such a deposition ahead of trial—as the Court has granted Plaintiffs leave to do—Mr. Hendrick's testimony at trial would be prejudicial to Plaintiffs.

While Mr. Hendrick's counsel has offered the possibility of scheduling a deposition for the first week of trial, such an option would prove prejudicial as Plaintiffs' counsel will already have their trial strategy in place—including planned timing for witnesses—and otherwise be fully engaged with the trial itself. The prejudice that deposing Mr. Hendrick during trial, which would necessarily include taking counsel away from focusing on the trial itself, is not warranted. NASCAR has caused the tight scheduling constraints with its late disclosure of Mr. Hendrick as a trial witness so this prejudice to Plaintiffs is unjustified and unfair. *See Gomez v. Haystax Tech., Inc.*, 2017 WL 11506331, at *9 (E.D. Va. Oct. 17, 2017) (excluding witness where "[a]lthough the [witness's] evidence might be relevant, the late disclosure…was unjustified and prejudiced [the other party]"). Accordingly, Plaintiffs request that the Court exclude Mr. Hendrick's testimony based on NASCAR's late disclosure and the impossibility of scheduling his deposition ahead of trial.

## **CONCLUSION**

For the foregoing reasons, the Court should exclude NASCAR from calling Mr. Hendrick as a witness at trial.

Dated: November 13, 2025                    Respectfully submitted,

                                                              WINSTON & STRAWN LLP

By:   */s/ Jeffrey L. Kessler*
       Jeffrey L. Kessler*
       Neha Vyas*
       **WINSTON & STRAWN LLP**
       200 Park Avenue
       New York, NY 10166
       Tel: (212) 294-6700
       Fax: (212) 294-4700
       jkessler@winston.com
       nvyas@winston.com

       E. Danielle T. Williams (N.C. Bar No. 23283)
       **WINSTON & STRAWN LLP**
       300 South Tryon Street
       16th Floor
       Charlotte, NC 28202
       Tel: (704) 350-7700
       Fax: (704) 350-7800
       dwilliams@winston.com

       Jeanifer E. Parsigian*
       Michael Toomey*
       **WINSTON & STRAWN LLP**
       101 California Street
       San Francisco, CA 94111
       Tel: (415) 591-1000
       Fax: (415) 591-1400
       jparsigian@winston.com
       mtoomey@winston.com

       Matthew R. DalSanto*
       **WINSTON & STRAWN LLP**
       35 W. Wacker Drive
       Chicago, IL 60601
       Tel: (312) 558-5600
       Fax: (312) 558-5700
       mdalsanto@winston.com

       Josh Hafenbrack*
       Benjamin L. Rudofsky*
       **WINSTON & STRAWN LLP**
       1901 L Street NW

Washington D.C. 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
jhafenbrack@winston.com
brudofsky@winston.com

Benjamin S. Gordon*
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
bgordon@winston.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' MOTION TO EXCLUDE RICK HENDRICK'S TRIAL TESTIMONY** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
Ashley M. Bauer
Natalie W. Kaliss
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
ashley.bauer@lw.com
natalie.kaliss@lw.com

Robert B. McNary
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
rob.mcnary@lw.com

Lawrence E. Buterman
Shayan Ahmad
Quinlan Cummings
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
shayan.ahmad@lw.com
quinlan.cummings@lw.com

Anna M. Rathbun
Christina R. Gay
David L. Johnson
Christopher J. Brown
Margaret E. Cohen
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
christina.gay@lw.com
david.johnson@lw.com
chris.brown@lw.com
margaret.cohen@lw.com

*Counsel for Defendants*

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler