IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00886-KDB-SCR

| | |
|---|---|
| 2311 RACING LLC AND FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, ET AL.,<br><br>Defendants. | **ORDER** |

At the request of the Parties, the Court has slightly modified its standard Juror Questionnaire and will include in the Court's tailored in-person voir dire of proposed jurors some, but not all, of the remaining questions suggested. *See* Doc. No. 424 (and accompanying exhibits). To the extent requested questions are not asked, the Parties should assume that the Court denied the request and should not themselves ask the jurors those questions during counsel's limited voir dire.

The primary purpose of this Order is to set restrictions on the Parties' use of the confidential Juror Questionnaires as well as the Parties' or their counsel's, consultants', or other agents' investigation, communication or other contact with potential and/or chosen jurors as follows:

1. The Juror Questionnaires provided to counsel shall only be used in connection with this action and their confidentiality must be maintained by the Parties, their employees, counsel, and anyone else working for or assisting counsel or a Party. The questionnaires of all potential jurors not selected must be returned to the Courtroom clerk at the conclusion of jury selection.

2. The parties, their counsel and anyone working with or for a party or counsel (including, but not limited to investigators, jury consultants or other agents) are

1

prohibited from contacting or attempting to contact any prospective juror (including through social media).

3. The Court permits the gathering of information on prospective jurors after the delivery of Juror Questionnaires from publicly and generally available sources; however, conducting any research with respect to social media or messaging platforms (such as Twitter, Facebook, LinkedIn, Instagram, TikTok, SnapChat, Threads, WhatsApp and Telegram) must be limited as described below.

4. LinkedIn, TikTok, Instagram "Stories," Snapchat "Snaps" and "Stories," WhatsApp Status, Facebook "Stories" or similar accounts or platforms may not be used to conduct any research on any prospective juror because those accounts / features may notify the account holder that their information / posting has been viewed and by whom. Such notifications, including to/from "anonymous" accounts, constitute prohibited "contact" with the prospective juror. (In other words, prohibited "Contact" includes a notification that a prospective juror's social media profile/posting/story has been viewed by a party, attorney, investigator, etc., even if that notification is inadvertent or provided automatically by the social media site.). Further, no "follow requests," "friend requests" or the like may be sent to any prospective or chosen juror on any social media site, regardless of whether a profile is public or private.

5. Research on private databases maintained by third parties are not considered to be publicly available sources, even if based on open-source or other publicly available information, if a subscription or fee is needed to access the database.

6. No in-person surveillance, no matter how brief, of any home, neighborhood, or place of work of any juror or prospective juror or any family member of a juror or prospective juror is allowed at any time.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 17, 2025

Kenneth D. Bell
United States District Judge

2

Case 3:24-cv-00886-KDB-SCR    Document 438    Filed 11/17/25    Page 2 of 2