| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE,<br><br>Defendants. | No. 3:24-cv-886-KDB-SCR |

**NASCAR'S MOTION FOR LEAVE TO DEPOSE ANTHONY L. SMITH**

With barely two weeks until trial begins, Plaintiffs added an entirely new witness, never before disclosed, to their trial witness list. On Friday, November 14, 2025, Plaintiffs provided a second amended witness list that includes Anthony L. Smith, a partner at accounting firm GreerWalker. Plaintiffs did not include Mr. Smith on their October 17 witness list, did not include him on their November 3 amended witness list, and did not disclose him during discovery in this case. Rule 37 may ultimately require exclusion of this untimely disclosed witness, but NASCAR currently requests leave to depose Mr. Smith pursuant to the Federal Rules of Civil Procedure. Plaintiffs reported that they take no position on this request for relief.

## LEGAL STANDARD

Rule 26 requires a party to disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). A party must also timely disclose "each witness . . . the party expects to present and those it may call if the need arises." *Id.* at 26(a)(3)(A)(i). Initial and pretrial disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* at 26(e)(1)(A). "If a party fails to provide information or identify a witness . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ARGUMENT

In June 2025, NASCAR moved for each non-party Cup Series team to produce "ordinary course team financial documents," such as an annual income statement from each team, so that NASCAR could rebut Plaintiffs' hearsay and speculative claims regarding those teams' financial

condition and Plaintiffs' damages theory. Doc. 156. The non-party teams opposed NASCAR's motion. Doc. 161. The Court denied NASCAR's request for ordinary course financials and instead ordered NASCAR and the teams to "jointly select an independent accounting firm to serve as a neutral party to facilitate the production of anonymized information." Doc. 169. The non-party teams then requested to use accounting firm GreerWalker, who prepared an anonymized sheet of information that the non-party teams provided using undisclosed criteria. Anthony Smith is a partner at GreerWalker and signed the engagement letter on its behalf. GreerWalker delivered its anonymized report to NASCAR on July 11, 2025. NASCAR delivered the report to Plaintiffs the same day.

Plaintiffs disclosed Mr. Smith as a potential witness for the very first time barely two weeks before trial. There is no excuse for this untimely disclosure. Plaintiffs had multiple opportunities to disclose Mr. Smith. The accounting firm where he is a partner—GreerWalker—produced the anonymized and unverified team financial summary that Plaintiffs appear interested in asking him about on July 11, 2025. Plaintiffs could have supplemented their initial disclosures at any time before the close of discovery on September 30, 2025; they did not. Having missed that deadline, Plaintiffs should have at least included Mr. Smith on their October 17 witness list.[1] They did not. They also left him off their November 3, 2025 amended witness list. Instead, Plaintiffs admitted during open Court on November 12 that they would need to "add a summary witness" to their witness list. Hr'g Tr. 142:12-16, Nov. 12, 2025. There, for the first time, Plaintiffs notified NASCAR that they intended to call "the accountant" to testify about GreerWalker's anonymized report. *Id.* at 143:8-12. Plaintiffs did not identify that accountant until days later, on November

---

[1] The Court ordered the parties to exchange witness lists on November 3, 2025. Doc. 190. To satisfy that deadline, the parties agreed amongst themselves to exchange initial witness lists on October 17, 2025, and to exchange witness list objections on October 24, 2025.

14, after supposedly serving Mr. Smith with a trial subpoena and adding him to Plaintiffs' witness list weeks after those lists were due.

There is no question that Plaintiffs' disclosure of Mr. Smith, which comes forty-five days after the close of discovery and only nine business days before trial begins, is untimely under Rule 26 and the Court's pre-trial schedule. As such, Rule 37(c)(1) precludes Mr. Smith's testimony, unless Plaintiffs' "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (five-factor test for applying Rule 37's substantially justified or harmless proviso).

NASCAR is currently seeking a pre-trial deposition, if Mr. Smith is available. *See Reetz v. Lowe's Companies, Inc.*, 2021 WL 674016, at *3 (W.D.N.C. Feb. 22, 2021) (Bell., J.) (awarding deposition in advance of trial). If Plaintiffs intend to call Mr. Smith as a trial witness—and they must call a knowledgeable witness if they intend to admit the anonymized financial summaries that GreerWalker assembled—NASCAR "ha[s] the right to promptly depose [him] before trial." Doc. 425. And in an effort to streamline this last-minute deposition, NASCAR is willing to conduct the deposition remotely via video, eliminating the need for travel by any party or their counsel.

**CONCLUSION**

For the foregoing reasons, to prevent a trial by ambush, NASCAR respectfully requests that the Court grant NASCAR leave to depose Anthony Smith in advance of trial, either in-person or via videoconference. Plaintiffs take no position on this request for relief.

2

Dated: November 17, 2025            Respectfully submitted,

By: */s/ Lawrence E. Buterman*
Lawrence E. Buterman*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Christopher S. Yates*
Ashley M. Bauer*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
ashley.bauer@lw.com
chris.yates@lw.com

Marguerite Sullivan*
Jennifer L. Giordano*
Anna M. Rathbun*
David L. Johnson*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
marguerite.sullivan@lw.com
jennifer.giordano@lw.com
anna.rathbun@lw.com
david.johnson@lw.com
chris.brown@lw.com

Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Telephone: (704) 945-2911
Facsimile: (704) 332-1197
tmagee@shumaker.com

*Admitted *pro hac vice*

*Counsel for NASCAR and James France*

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 17th day of November, 2025.

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Of Latham & Watkins LLP

CERTIFICATE OF SERVICE

      I certify that on November 17, 2025, a true and correct copy of the foregoing was served via Email on the below counsel of record for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc. and Counter-Defendant Curtis Polk.

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

E. Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer E. Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

Eric S. Hochstadt
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 W 52nd Street
New York, New York 10019
Tel: (212) 506-5282
ehochstadt@orrick.com

/s/ *Lawrence E. Buterman*
Lawrence E. Buterman