UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. | No. 3:24-cv-886-KDB-SCR |

**NASCAR'S MOTION TO MAINTAIN UNDER SEAL TWO DOCUMENTS**

NASCAR moves for an order to maintain under seal two exhibits attached to a motion *in limine* that Plaintiffs stipulated they will not use at trial. Thus, these are not judicial documents invoking the right of public access. The two exhibits are Doc. Nos. 318-3 and 318-6. NASCAR conferred with Plaintiffs prior to filing the instant motion, and Plaintiffs indicated they take no position on this requested relief.

**ARGUMENT**

On October 27, 2025, NASCAR filed a motion in limine seeking to exclude certain evidence, argument, and testimony containing ad hominin attacks and other inflammatory language. Doc. No. 316. NASCAR's motion attached nine exhibits under seal. Doc. Nos. 318 to 318-8. In response to NASCAR's motion, Plaintiffs stipulated to that they "will not seek to introduce" at trial Doc. Nos. 318-1, 318-2, 318-3, 318-6, and 318-7. Doc. No. 366 at 1 n.1. Accordingly, the Court was not asked to resolve NASCAR's motion with respect to those exhibits, and they will not be evidence at the upcoming trial.

The documents subject to this motion—Doc. Nos. 318-3 and 318-6—are not "judicial documents," and thus no right of public access should attach. As the Fourth Circuit has held, "the mere filing of a document with a court does not render the document judicial." *United States v. Blowers*, 2005 WL 3830634, at *4 (W.D.N.C. Oct. 17, 2005) (quoting *In re Knight Ridder*, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995)). Rather, "a document becomes a judicial document when a court uses it in determining litigants' substantive rights," meaning the document must "play a relevant and useful role in the adjudication process for the common law right of public access to attached." *Id.* (quoting *In re Knight Ridder*, 1995 WL 541623, at *4). Doc. Nos. 318-3 and 318-6 played no such role because Plaintiffs stipulated to the non-use of those documents in advance of trial, and thus they were not subject to any determination of rights, and will not be part of any determination of rights at trial. *See, e.g.*, *Blowers*, 2005 WL 3830634, at *4 (maintaining under

seal materials that were used "at no point during the subsequent trial" or "relied upon by the district court in determining [] defendants' substantive rights"); *Agro v. Makhteshim Agan of N.A., Inc.*, 2012 WL 12926044, at *1 (M.D.N.C. Jan. 12, 2012) (granting motion to seal exhibits that the court "did not consider or rule upon" because the documents "do not qualify as judicial documents"); *Ford v. United States*, 2015 WL 11070248, at *4 (D. Md. Nov. 12, 2015) (granting motion to seal "exhibits attached to the Motions in Limine," and distinguishing those exhibits from "trial exhibits"); *see also Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 295 (W.D.N.C. 2019) (retaining documents under seal because "the Court does not rely on these documents" in its summary judgment ruling and explaining that "keeping the exhibit under seal does not infringe upon the public's interest in assessing the basis of the court's decision in this matter"), *aff'd*, 845 F. App'x 205 (4th Cir. 2021); *Craven v. Novelli*, 661 F. Supp. 3d 430, 456 (W.D.N.C. 2023) (unsealing "only that portion of the submitted evidence that the Court relies on in ruling . . . and sealing the remainder to honor Plaintiff's appropriate request for privacy"), *aff'd*, 2024 WL 1952590 (4th Cir. May 3, 2024).

Additionally, these documents have very little if any probative value, and have undue prejudicial value, as evidenced by the fact that Plaintiffs stipulated to their non-use in response to NASCAR's motion *in limine*. The public disclosure of these documents would serve no legitimate purpose, and would only risk complication of the jury selection process scheduled to begin in only 7 days.

## CONCLUSION

For the foregoing reasons, NASCAR moves for an order to maintain under seal Doc. Nos. 318-3 and 318-6. Plaintiffs take no position on this request for relief.

2

Dated: November 24, 2025                Respectfully submitted,

By:   */s/ Tricia Wilson Magee*
Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Telephone: (704) 945-2911
Facsimile: (704) 332-1197
tmagee@shumaker.com


Lawrence E. Buterman*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Christopher S. Yates*
Ashley M. Bauer*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
ashley.bauer@lw.com
chris.yates@lw.com

Marguerite Sullivan*
Jennifer L. Giordano*
Anna M. Rathbun*
David L. Johnson*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
marguerite.sullivan@lw.com
jennifer.giordano@lw.com
anna.rathbun@lw.com
david.johnson@lw.com
chris.brown@lw.com

*Admitted *pro hac vice*

*Counsel for NASCAR and James France*

## ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 24th day of November, 2025.

*/s/ Tricia Magee*
Tricia Magee

## CERTIFICATE OF SERVICE

       I certify that on November 24, 2025, a true and correct copy of the foregoing was served via Email on the below counsel of record for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

E. Danielle T. Williams
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer E. Parsigian
Michael Toomey
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

Eric S. Hochstadt
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 W 52nd Street
New York, New York 10019
Tel: (212) 506-5282
ehochstadt@orrick.com

       This the 24th day of November, 2025.

                                         */s/ Tricia Wilson Magee*