| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. | No. 3:24-cv-886-KDB-SCR |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST PURSUANT TO FEDERAL RULE OF EVIDENCE 615

# INTRODUCTION

All three owners of 23XI—Michael Jordan, Denny Hamlin, and Curtis Polk—should be permitted to attend the trial prior to their own testimony. There is low potential that any of their testimony will be unduly influenced by hearing the testimony of other fact witnesses, and NASCAR's counsel has taken recorded depositions of all three owners previously so the policy of Federal Rule of Evidence 615 to aid the truth-seeking process is not impacted in this situation. Regardless, each of 23XI's owners also qualifies for the exemptions listed in Rule 615.

First, Curtis Polk is exempt from Rule 615 as a party to the case. NASCAR named Mr. Polk as a defendant in its counterclaim. The Court's summary judgment ruling (Dkt No. 336) does not change his status as a party until there is a final judgment under Federal Rule of Civil Procedure 54. Moreover, NASCAR has already indicated that it is considering appealing this Court's decision in an attempt to resurrect the counterclaim, which is based on many of the same facts as Plaintiffs' claims. Mr. Polk therefore should be permitted to attend the trial in full as a party to the action.

Second, Mr. Polk and Mr. Hamlin are essential to the presentation of Plaintiffs' case against NASCAR. Even if Mr. Polk is not considered a party for purposes of Rule 615, he is essential given his extensive role in the 2025 Charter Agreement negotiations, and his knowledge of the facts and circumstances are necessary to aid counsel in presenting Plaintiffs' case. Mr. Hamlin further presents a unique perspective and role in the operations of 23XI, competing in NASCAR as a driver, and the build-up to the facts that gave rise to this litigation. These two owners act as distinct pieces to the puzzle, each of which is necessary for counsel to be able to provide a complete picture to the jury. Mr. Jordan, meanwhile, will be designated as 23XI's representative.

Lastly, as Plaintiffs' counsel stated during the pretrial hearing, Plaintiffs do not oppose NASCAR's owners being present prior to their testimony as well if 23XI's owners are allowed to

1

attend. This case does not present the typical risk of witnesses tailoring their subsequent testimony based on earlier witnesses and Plaintiffs maintain that there is no reason for either set of owners to be sequestered. *See* Nov. 12, 2025 Vol. II, Hr'g Tr. 35:5-10 (The Court: "this is, as you say, not the kind of case where you're worried about a witness changing their testimony based upon what some other witnesses said").

## LEGAL STANDARD

In general, Federal Rule of Evidence 615 requires that witnesses be sequestered when sequestration is requested by one of the parties, except when the witness is:

> (1) a party who is a natural person, or (2) one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney, or (3) any person whose presence a party shows to be essential to presenting the party's claim or defense, or (4) a person authorized by statute to be present.

Fed. R. Evid. 615; *see also United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986); *United States v. Rhynes*, 218 F.3d 310, 316—17 (4th Cir. 2000) (en banc).

## ARGUMENT

### A. Curtis Polk Is A Party Who Should Not Be Sequestered.

Curtis Polk should not be subject to sequestration during the testimony of any other witnesses until he is called to testify because NASCAR named him as an individual defendant in its counterclaim (Dkt. No. 136). Rule 615 provides an express exception for "a party who is a natural person." Fed. R. Evid. 615(a)(1). Accordingly, Mr. Polk, as a party to the counterclaim, must be permitted to attend during other witnesses' testimony.

While the Court granted Plaintiffs' motion for summary judgment of the counterclaim (Dkt. No. 336), the Court's decision was not a final judgment. Because the case is continuing on other

2

claims, and the Court did not "expressly determine[] that there is no just reason for delay" in the summary judgment decision, there is no final judgment "as to any of the claims *or parties*." Fed. R. Civ. P. 54(b) (emphasis added). Since there is no final judgment, the Court's counterclaim decision "[did] not end the action" as to Mr. Polk, who remains a party to the action.[1] *Id.* This is consistent with case law finding that, prior to a Rule 54 final judgment being entered, a party remains a party to ongoing litigation for purposes of discovery and assessing hearsay objections, even after obtaining summary judgment in their favor. *See Evanston Ins. Co. v. OEA, Inc.*, 2004 WL 7334069, at *2 (E.D. Cal. Nov. 22, 2004) ("Until [entry of final judgment pursuant to Rule 54(b)] is entered, Evanston is still a party to the ongoing litigation [for purposes of Rule 32].").

As a party, Mr. Polk qualifies for an exception to sequestration under Rule 615(a)(1). *See Minebea Co. v. Papst*, 374 F. Supp. 2d 231, 234 (D.D.C. 2005) ("Rule 615 does not authorize the exclusion of a party who is a natural person.").

**B. 23XI's Owners' Presence Is Essential and They Should Not Be Sequestered.**

Denny Hamlin and Curtis Polk, as owners of 23XI, are "essential to presenting the party's claim" and accordingly fall under the exception in Rule 615(a)(3).[2] "The determination of whether a witness is essential under Rule 615(3) lies in the discretion of the district court." *In re Omeprazole Pat. Litig.*, 190 F. Supp. 2d 582, 584 (S.D.N.Y. 2002). Any "reasonable, substantiated

---

[1] NASCAR has already indicated that it intends to appeal the Court's summary judgment decision by expressly reserving its appellate challenges. *See, e.g.*, Dkt. No. 440 at 4 ("NASCAR also reserves all appellate challenges both to the Court's initial determination that its counterclaim was governed by the rule of reason and to the Court's ultimate dismissal of its counterclaim."). Mr. Polk therefore remains as invested in this case as any other named party.

[2] Plaintiffs designate 23XI's majority owner, Mr. Jordan, as a corporate representative pursuant to Rule 615(a)(2). *Farnham*, 791 F.2d at 334 (Rule 615 of the Federal Rules of Evidence "expressly provid[es] an exception for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney'") (quoting Fed. R. Evid. 615). Plaintiffs will separately designate Mr. Jenkins as the owner of Front Row Motorsports to be its corporate representative.

3

representation by counsel that the witness' presence is essential will usually be sufficient to meet [the party opposing sequestration's] burden." *Id.* (citing *Malek v. Federal Ins. Co.*, 994 F.2d 49, 54 (2d Cir. 1993)). Because that burden is met for Mr. Polk and Mr. Hamlin, the Court should exercise its discretion to allow them to attend the entire trial.

Both Mr. Polk and Mr. Hamlin have unique knowledge that is directly related to Plaintiffs' claims and necessary for providing input and advice to counsel throughout the trial with respect to the presentation of evidence and cross-examination of other witnesses. *See United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1296 (10th Cir. 2010) (witness "could reasonably be classified as [essential]" because he was "the person most knowledgeable about the history and complex factual details of the matters at issue, and with whom counsel needed to confer during trial"). **First**, if the Court finds that Curtis Polk is not exempt as a party to the action under Rule 615(a)(1), Mr. Polk's extensive involvement in the negotiations and strategy development regarding the 2025 Charter Agreement places him as the individual most knowledgeable about key factual details that constitute the basis of Plaintiffs' claims and accordingly makes him indispensable for counsel both in presenting Plaintiffs' case and cross-examining other witnesses. *See, e.g.*, Dkt. No. 336 at 7 n.8 (Mr. Polk was one of four team executives nominated to negotiate with NASCAR). NASCAR appears to agree with Mr. Polk's unique position with respect to these negotiations both with its decision to name Mr. Polk as a defendant in the counterclaim and statements made in support of its counterclaim. *See id.* at 14 (NASCAR "argues at great length that Mr. Polk and others stridently promoted the Teams' joint negotiations and discouraged the Teams from participating in individual negotiations"). **Second**, Denny Hamlin offers a unique and essential perspective as both a team owner and a driver who actively competes in NASCAR races, including the Cup Series. *See, e.g.,* Aug. 28, 2025 Prelim. Inj. Hr'g Tr. 53:20-24 (Mr. Yates:

4

"France family created [Mr. Hamlin's] life"); 78:3-7 (Mr. Kessler: "[NASCAR] feature[s] Denny Hamlin on their programming every day five times a day…They love promoting Denny Hamlin."). Mr. Hamlin's detailed understanding of motorsports—with the unique intersection of both ownership and racing—is essential for counsel to adequately present the case, accurately frame evidence, and effectively cross-examine other witnesses who offer testimony on various facets of NASCAR and its business.

Accordingly, both Mr. Polk and Mr. Hamlin offer unique, yet equally essential, perspectives and knowledge with respect to the presentation of evidence and cross-examination of other witnesses, qualifying them for exemption under Rule 615(a)(3).[3] *See Bruneau v. S. Kortright Cent. Sch.*, 962 F. Supp. 301, 305 (N.D.N.Y. 1997) (witnesses were "essential" because one witness was "the only [one] directly aware of what occurred…during the time in question" and the other witness "had essential knowledge of the [policy at issue], had direct contact with the plaintiff's guardian regarding the allegations presented in this case, and knew what actions had been taken to remedy any problems that existed").

## CONCLUSION

For the foregoing reasons, the Court should deny NASCAR's request to exclude two of 23XI's three owners from the courtroom pursuant to Rule 615.

---

[3] Notably, all three of 23XI's owners have already been extensively deposed in this action and any risk of being improperly influenced by other testimony or tailoring their own testimony is low. Without these risks present, sequestration is not necessary to meet the goals of Rule 615. *See United States v. Neely*, 1996 WL 60329, at *12 (4th Cir. Feb. 13, 1996) ("Rule 615 is designed to aid the truth-seeking process by denying the opportunity for witnesses to collude or for one witness to tailor his testimony to the testimony of another.").

5

Dated: November 25, 2025	Respectfully submitted,

WINSTON & STRAWN LLP

By:  /s/ Jeffrey L. Kessler
Jeffrey L. Kessler*
Neha Vyas*
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
nvyas@winston.com

E. Danielle T. Williams (N.C. Bar No. 23283)
**WINSTON & STRAWN LLP**
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800
dwilliams@winston.com

Jeanifer E. Parsigian*
Michael Toomey*
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com
mtoomey@winston.com

Matthew R. DalSanto*
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
mdalsanto@winston.com

Josh Hafenbrack*
Benjamin L. Rudofsky*
**WINSTON & STRAWN LLP**
1901 L Street NW

6

Washington D.C. 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
jhafenbrack@winston.com
brudofsky@winston.com

Benjamin S. Gordon*
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
bgordon@winston.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

*Counsel for Plaintiffs 2311 Racing LLC d/b/a 23XI Racing and Front Row Motorsports, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST PURSUANT TO FEDERAL RULE OF EVIDENCE 615** was electronically filed using the Court's CM/ECF system, which will automatically send notice of this filing to counsel of record for all parties, including:

Tricia Wilson Magee
**SHUMAKER LOOP & KENDRICK, LLP**
101 S. Tryon St., Suite 2200
Charlotte, NC 28280
tmagee@shumaker.com

Christopher S. Yates
Ashley M. Bauer
Natalie W. Kaliss
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
ashley.bauer@lw.com
natalie.kaliss@lw.com

Robert B. McNary
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
rob.mcnary@lw.com

Lawrence E. Buterman
Shayan Ahmad
Quinlan Cummings
**LATHAM & WAKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
shayan.ahmad@lw.com
quinlan.cummings@lw.com

Anna M. Rathbun
Christina R. Gay
David L. Johnson
Christopher J. Brown
Margaret E. Cohen
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
anna.rathbun@lw.com
christina.gay@lw.com
david.johnson@lw.com
chris.brown@lw.com
margaret.cohen@lw.com

*Counsel for Defendants*

    */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler

9

Case 3:24-cv-00886-KDB-SCR    Document 472    Filed 11/25/25    Page 10 of 10