UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 2311 RACING LLC d/b/a 23XI RACING, and FRONT ROW MOTORSPORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, NASCAR HOLDINGS, LLC, NASCAR EVENT MANAGEMENT, LLC, and JAMES FRANCE, <br><br> Defendants. | No. 3:24-cv-886-KDB-SCR |

**NASCAR'S BRIEF IN SUPPORT OF SEQUESTRATION OF FACT WITNESSES**

Plaintiffs have stipulated that "[a]ll fact witnesses shall be sequestered from the courtroom during the testimony (live or deposition) of any other witnesses until they are called to testify" except for "a *single* corporate representative." Doc. 464 at 1 (emphasis added). That is flatly inconsistent with their pretrial-conference request to have multiple 23XI owners in the courtroom before their testimony. Consistent with the parties' stipulation, NASCAR requests that, following opening statements, all fact witnesses (other than one corporate representative per party and Jim France as a named Defendant) be "excluded from the courtroom so that they cannot hear other witnesses' testimony" before they testify. Fed. R. Evid. 615(a). NASCAR also requests that the Court "prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom" and "prohibit excluded witnesses from accessing trial testimony" before they testify. *Id.* 615(b).

**INTRODUCTION**

It is "well recognized that sequestering witnesses 'is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice.'" *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996) (quoting 6 John H. Wigmore, *Wigmore on Evidence* § 1838, at 463 (James H. Chadbourn ed., 1976)). Federal Rule of Evidence 615 effectuates the sequestration rule, and "is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony." *Id.* at 629. That rule contains "mandatory language," *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986), as the "court *must* order witnesses excluded" "[a]t a party's request," Fed. R. Evid. 615(a) (emphasis added). And because of its importance in "aid[ing] the truth-seeking process and preserv[ing] the acceptability of verdicts," Rule 615's "exceptions should be construed narrowly in favor of the party requesting sequestration." *Farnham*, 791 F.3d at 335.

Contrary to their own stipulation, *see* Doc. 464 at 1, Plaintiffs apparently seek to have

1

multiple key fact witnesses from 23XI—Mr. Jordan, Mr. Polk, and Mr. Hamlin—"attend [trial] even prior to their testimony." Nov. 12, 2025 Hearing Tr., Vol. II at 34. But Plaintiffs' key fact witnesses do not fall within Rule 615's limited exceptions. Rule 615(a)(2) allows "one officer or employee of a party"—not several—to be present. And Rule 615(a)(3) requires a witness's presence to be "essential to presenting the party's claim of defense"—not merely "desirable." *Opus 3*, 91 F.3d at 629. It is "precisely" where individuals are "key fact witness[es]" that "adherence to the sequestration rule is most important." *Id.*

## LEGAL STANDARD

Rule 615 provides that "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a). The rule "does not authorize excluding … one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney," or "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(2)-(3).[1] These exceptions are construed "narrowly in favor of the party requesting sequestration." *Farnham*, 791 F.3d at 335. The court "may also, by order, prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom[,] and prohibit excluded witnesses from accessing trial testimony." *Id.* 615(b). Rule 615 is "designed to discourage and expose fabrication, inaccuracy, and collusion" and "to preclude fact witnesses from shaping their testimony based on other witnesses' testimony." *Opus 3*, 91 F.3d at 628-29.

## ARGUMENT

Since NASCAR has made the request to exclude Plaintiffs' fact witnesses, and those fact

---

[1] Rule 615 also does not authorize excluding "a party who is a natural person" or "a person authorized by statute to be present." Fed. R. Evid. 615(a)(1), (4). Neither is at issue here.

2

witnesses do fit within Rule 615's exceptions, they should be sequestered.

1. Rule 615 provides that "the court *must* order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony" "[a]t a party's request." Fed. R. Evid. 615(a) (emphasis added). NASCAR has made such a request, and so the Rule's "mandatory language" applies. *Farnham*, 791 F.2d at 335.

In addition, the Court should "prohibit excluded witnesses from learning about, obtaining, or being provided with trial testimony" under Rule 615(b). Fed. R. Evid. 615 advisory committee's notes to 2023 Amendment ("2023 Committee Notes"). This 2023 amendment to Rule 615 "recognize[s] that the core purpose of the rule is to prevent witnesses from tailoring their testimony to the evidence presented at trial—and that purpose can only be effectuated by regulating out-of-court exposure to trial testimony." *Id.*; *see also, e.g.*, *United States v. Robertson*, 895 F.3d 1206, 1215 (9th Cir. 2018) ("The danger that earlier testimony could improperly shape later testimony is equally present whether the witness hears that testimony in court or reads it from a transcript."). Courts regularly extend Rule 615(a) orders in precisely this way. *See, e.g.*, *Weinacker v. Petfriendly, Inc.*, 2025 WL 1479185, at *2 (S.D. Ala. Mar. 5, 2025); *Z View Enters., LLC v. Giant Eagle, Inc.*, 2024 WL 382662, at *1 (W.D. Pa. Feb. 1, 2024).

"[A]dherence to the sequestration rule is most important" here, where the individuals at issue—Mr. Jordan, Mr. Polk, and Mr. Hamlin—are "key fact witness[es]" in this case. *Opus 3*, 91 F.3d at 629. NASCAR disputes the representation by Plaintiffs' counsel that there is no "worr[y] about [the] influencing" of testimony. Nov. 12, 2025 Hearing Tr., Vol. II at 34.

2. Plaintiffs cannot justify the attendance of multiple key fact witnesses through Rule 615's exceptions. Because of the "presumption favoring sequestration," the Fourth Circuit construes these exceptions "narrowly in favor of the party requesting sequestration," and the "party

3

seeking to avoid sequestration of a witness bears the burden of proving" that an exception applies. *Opus 3*, 91 F.3d at 628. Plaintiffs cannot carry that burden.

Start with Rule 615(a)(2). That exception allows "*one* officer or employee of a party that is not a natural person, if *that* officer or employee has been designated as the party's representative," to hear other witnesses' testimony. Fed. R. Evid. 615(a)(2) (emphases added). That "singular phrasing" is dispositive; as the Fourth Circuit has held, it "clearly contemplates exempting only a single representative from a sequestration request." *Farnham*, 791 F.2d at 335. In *Farnham*, the Fourth Circuit found a district court erred when it allowed two case agents to remain in the courtroom, such that the second agent heard the testimony of the first, citing concerns about "collusion or tailoring of testimony" and permitting the opposing party "to test each agent's credibility, independent of the other's testimony." *Id.* at 334-35; *see also, e.g.*, *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991) (emphasizing singular nouns). The 2023 amendment to Rule 615 underscores this point, "clarify[ing] that the exception from exclusion for entity representatives is limited to one designated representative per entity," which "generally provides parity for individual and party entities." 2023 Committee Notes. So "[i]f an entity seeks to have more than one witness-representative protected from exclusion, it needs to show under subdivision (a)(3) that the witness is essential to presenting the party's claim or defense." *Id.*

Plaintiffs cannot make that showing under Rule 615(a)(3), which allows "any person whose presence a party shows to be essential to presenting the party's claim or defense" to hear other witnesses' testimony. Fed. R. Evid. 615(a)(3). Rule 615(a)(3) requires Plaintiffs to articulate why a witnesses' presence is "'essential,' rather than simply desirable." *Opus 3*, 91 F.3d at 629 (citation omitted); *Essential*, Black's Law Dictionary (12th ed. 2024) ("essential" means "[o]f the utmost importance; basic and necessary"). Stating that a party is a "critical witness" is "insufficient."

4

*Opus 3*, 91 F.3d at 629 n.2; *see United States v. Olofson*, 563 F.3d 652, 661 (7th Cir. 2009) ("Although it might have been helpful or desirable for [a witness] to hear … testimony, [the party] did not show that [the witness's] presence was *essential* to the presentation of his case."). At the pretrial hearing, Plaintiffs did not even offer that. Nov. 12, 2025 Hearing Tr., Vol. II at 34-35.

Most commonly, Rule 615(a)(3) applies to expert witnesses, who "will be called upon to render an opinion based on the testimony presented at trial." *Bass v. Hardee's Food Sys., Inc.*, 229 F.3d 1141, 2000 WL 1124515, at *2 n.2 (4th Cir. 2000); *see also* Fed. R. Evid. 605 advisory committee's notes on proposed rule ("The category contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation."). But even then, the exception is not automatic. *Opus 3*, 91 F.3d at 629 ("[W]e decline to adopt a *per se* rule exempting expert witnesses … from sequestration.").

By contrast, where the "testimony [is] crucial to the disputed issues" or where the person is "a key fact witness," sequestration is appropriate. *Id.*; *see also*, *e.g.*, *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1210 (5th Cir. 1993) (finding that "lay witness whose opinions were based on his personal perceptions" should be sequestered); *United States v. Brown*, 2011 WL 6046370, at *3 (E.D.N.C. Dec. 5, 2011) (declining to find second agent "essential" even though having both "would be helpful"). That comports with the purpose of Rule 615, which is designed to "preclude fact witnesses from shaping their testimony based on other witnesses' testimony." *Opus 3*, 91 F.3d at 629. Here, Mr. Jordan, Mr. Polk, and Mr. Hamlin are all key fact witnesses whose testimony is crucial to the disputed issues in this case. To remove the possibility that they tailor their testimony, this Court should issue an order under Rule 615(a) and (b).

## CONCLUSION

For these reasons, NASCAR respectfully requests that the Court enter a sequestration order consistent with the parties' own stipulation.

Dated: November 25, 2025 Respectfully submitted,

By: */s/ Christopher S. Yates*
Christopher S. Yates*
Ashley M. Bauer*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
ashley.bauer@lw.com

Lawrence E. Buterman*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Marguerite Sullivan*
Jennifer L. Giordano*
Anna M. Rathbun*
David L. Johnson*
Christopher J. Brown*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
marguerite.sullivan@lw.com
jennifer.giordano@lw.com
anna.rathbun@lw.com
david.johnson@lw.com
chris.brown@lw.com

John E. Stephenson Jr.*
**ALSTON AND BIRD LLP**
1201 West Peachtree Street NW Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7697
john.stephenson@alston.com

Tricia Wilson Magee (N.C. Bar No. 31875)
**SHUMAKER, LOOP, & KENDRICK, LLP**
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Telephone: (704) 945-2911
Facsimile: (704) 332-1197
tmagee@shumaker.com

*Admitted *pro hac vice*
*Counsel for NASCAR*

7

**ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION**

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 25th day of November, 2025.

*/s/ Christopher S. Yates*
Christopher S. Yates

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed using the Court's CM/ECF system, which will automatically send notice of filing to all parties of record as follows:

Danielle T. Williams
dwilliams@winston.com

Jeffrey L. Kessler
jkessler@winston.com

Neha Vyas
nvyas@winston.com

Jeanifer E. Parsigian
jparsigian@winston.com

Michael Toomey
mtoomey@winston.com

Matthew R. DalSanto
mdalsanto@winston.com

Josh Hafenbrack
jhafenbrack@winston.com

Benjamin L. Rudofsky
brudofsky@winston.com

Benjamin S. Gordon
bgordon@winston.com

*Counsel for Plaintiffs 23XI Racing and Front Row Motorsports Inc.*

Eric S. Hochstadt
ehochstadt@orrick.com

*Counsel for Counterclaim Defendant Curtis Polk*

This the 25th day of November, 2025.

/s/ *Christopher S. Yates*
Christopher S. Yates