```
              UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION

2311 RACING, LLC, d/b/a       )
23XI RACING, and FRONT ROW    )
MOTORSPORTS, INC.,            )
                              )
          Plaintiffs,         )    No. 3:24-cv-886
                              )
     vs.                      )    VOLUME IX-A
                              )
NATIONAL ASSOCIATION FOR      )
STOCK CAR AUTO RACING, LLC,   )
and JAMES FRANCE,             )
                              )
          Defendants.         )
_____)

            TRANSCRIPT OF TRIAL PROCEEDINGS
          BEFORE THE HONORABLE KENNETH D. BELL
            UNITED STATES DISTRICT COURT JUDGE
                   DECEMBER 11, 2025
```

APPEARANCES:

On Behalf of the Plaintiffs:

    JEFFREY L. KESSLER, ESQ.
    Winston & Strawn, LLP
    200 Park Avenue
    New York, New York 10166

    JEANIFER E. PARSIGIAN, ESQ.
    Winston & Strawn, LLP
    101 California Street, 21st Floor
    San Francisco, California 94111

    JOSHUA HAFENBRACK, ESQ.
    Winston & Strawn, LLP
    1901 L Street, NW
    Washington, DC 20036


                Cheryl A. Nuccio, RMR-CRR
                  Official Court Reporter
               United States District Court
                Charlotte, North Carolina

APPEARANCES (Cont'd.):

On Behalf of the Plaintiffs:

    MICHAEL P. TOOMEY, ESQ.
    Winston & Strawn, LLP
    101 California Street, 35th Floor
    San Francisco, California 94111

    NEHA VYAS, ESQ.
    Winston & Strawn, LLP
    200 Park Avenue
    New York, New York 10166

On Behalf of the Defendants:

    CHRISTOPHER S. YATES, ESQ.
    Latham & Watkins, LLP
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111

    ASHLEY M. BAUER, ESQ.
    Latham & Watkins, LLP
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111

    LAWRENCE F. BUTERMAN, ESQ.
    ANNA M. RATHBUN, ESQ.
    JENNIFER L. GIORDANO, ESQ.
    CHRISTOPHER J. BROWN, ESQ.
    Latham & Watkins, LLP
    555 Eleventh Street, NW, Suite 1000
    Washington, DC 20004

    PATRICIA WILSON MAGEE, ESQ.
    Shumaker, Loop & Kendrick, LLP
    128 South Tryon Street, Suite 1800
    Charlotte, North Carolina 28202

    JOHN EUGENE STEPHENSON, JR., ESQ.
    Alston & Bird, LLP
    1201 West Peachtree Street
    Atlanta, Georgia 30309

```
 1                    P R O C E E D I N G S
 2    THURSDAY MORNING, DECEMBER 11, 2025
 3              (Court called to order at 8:15 AM.)
 4              (Jury not present.)
 5              THE COURT:  All right.  Let's -- do we need the
 6    court reporter for this requested sidebar?
 7              MS. WILLIAMS:  Yes, Your Honor.
 8              MR. BUTERMAN:  I think there might be multiple
 9    issues, but we want to take up some that do not need the court
10    reporter.
11              THE COURT:  Well, there are some we're going to do
12    in open court, I'm here to tell you, Ms. Williams.
13              MS. WILLIAMS:  Thank you, Your Honor.
14              THE COURT:  But I think I can guess what you want
15    the sidebar about, in part.  Let's do that without the court
16    reporter first.
17              (Sidebar discussion not reported.)
18              (Sidebar conference as follows:)
19              THE COURT:  All right.  Mr. Buterman.
20              MR. YATES:  So, Your Honor, I met and conferred with
21    Ms. Williams and Ms. Parsigian around 10:30 last night.  I
22    told them the facts as I know them.  I also said that if
23    Mr. Morrow submitted -- and apparently has.  I just haven't
24    seen it.  I was preparing for a demonstrative argument.
25              THE COURT:  Who is Mr. Morrow?
```

1   MR. YATES: Mr. Morrow represents Mr. Childress,
2  RCR.
3          And so I -- you know, I haven't seen that, but I
4  would provide, if he consented, in writing to AEO. I would
5  obviously turn it over to the plaintiffs.
6          But, you know, I went through the facts as I know
7  them. I know that they don't believe that it's satisfactory,
8  but the facts are what they are. You know, obviously
9  Mr. Morrow sent me personally a letter and so, you know,
10 there's limitations on what I can say because my firm is now
11 looking at the issue.
12         THE COURT: Well, as it was reported to me, your
13 firm was allowed to represent a counter-party to Mr. Childress
14 on the condition that none of his confidential information
15 would be shared with the NASCAR trial team and it appears that
16 it was.
17         MR. YATES: So, Your Honor, what -- here are the
18 facts. I understand plaintiffs dispute this, but these are
19 the facts as I know them, but I don't know all the facts. My
20 firm is looking into all the facts.
21         THE COURT: Yeah, I'm sure your general counsel has
22 been busy the last day and a half.
23         MR. YATES: But what is -- what happened is in May,
24 June time frame, I learned from my client that Mr. Childress
25 was involved in a sales process with three different bidders,

1  including Mr. Hillin.  I've also subsequently learned about
2  conversations Mr. Childress had with various people at NASCAR
3  about a potential proposed transaction.  Then I received a
4  question from a fellow partner, a friend of mine, who said --
5  who had received basically a solicitation for an investment in
6  RCR, part of an investment, and that's how I obtained the
7  document.  It was forwarded to me.  There was a question about
8  what should I do here?  Should I -- should I invest in this?
9  What do you think?  And that's how I received the document.
10             THE COURT:  So unrelated to the firm's
11  representation of Mr. Childress's counter-party.
12             MR. YATES:  So I don't know the facts in terms of --
13  all the facts in terms of who was putting together the people.
14  There was definitely a solicitation to a variety of Latham and
15  other people, I believe.
16             THE COURT:  Okay.
17             MS. WILLIAMS:  Your Honor, this information was
18  provided to him at the end of September, is what Mr. Yates
19  told us yesterday on the phone, and it was not turned over as
20  part of discovery.  As you know, one of their -- one of their
21  defense themes has been all along that some of the teams make
22  money and so there's been no harm here by NASCAR, and so it is
23  clearly within their Rule 26 obligations and that was not
24  turned over.  And instead, he tried to hide behind
25  impeachment.  And as Your Honor knows, when there is

substantive value to the document, it's got to be turned over under Rule 26.

In addition, what Mr. Yates represented to us is that the first time that he knew about the NDA was when Mr. Childress said it on the stand, but that didn't stop his questioning and his continued violation of the NDA once he became aware of it.

And then I would also say he's the leader of their litigation team. Latham was supposed to put a wall between the litigation team and the transaction team. That requires -- that requires information being shared among the team that there's a wall in place, that there is an issue. And so when he saw that information from his partner, if that is in fact what happened, then he should have been aware of the fact that there were confidentiality issues at play.

And then when he used it with Mr. Childress and Mr. Childress asked that, then that should have -- that should have been it; but instead, he proceeded.

And so from our perspective, there has to be a curative instruction that calls out that it is the attorneys' misconduct that is the basis for the Court's instruction to the jury to disregard the testimony.

THE COURT: Some of that I don't have to explore if you settle. Now, we're going to get to the bottom of all these facts and it's going to be publicly disclosed exactly

what happened because the public cares; and it came up during the trial, and, of course, I care.

And I hear everything you're saying, Ms. Williams. My intention was if the trial proceeds, that I would instruct the jury at a minimum -- hadn't wordsmithed it yet, but that Mr. Childress was cross examined with respect to his representations of the condition -- financial condition of his racing team and his testimony will be taken as unrebutted. That's a minimum. Like I said, I haven't wordsmithed it.

Well, let me get the jury in here. Explain to them what we're doing. Give you an hour. That will include -- you know, give you time to get set up.

MR. BUTERMAN: Thank you, Your Honor.

MS. WILLIAMS: Do you want to know the name of the partner that gave him the information?

THE COURT: The facts are this, especially if you settle. We can explore all this after the fact because I'm not going to let this go.

MR. YATES: Understood, Your Honor.

THE COURT: But it doesn't have to be done now --

MR. BUTERMAN: Thank you, Your Honor.

THE COURT: -- given the fact you think you're going to settle. If it doesn't settle, we're going to explore this more promptly.

MR. BUTERMAN: Understand.

1      (End of sidebar conference.)
2      THE COURT: All right. Will you bring the jury,
3 Ms. Kirk.
4      MS. KIRK: Yes, sir.
5      (Jury entered the courtroom.)
6      THE COURT: Don't get comfortable. I brought you in
7 here to send you right back out.
8      I've met with the attorneys this morning and we're
9 going to sacrifice an hour of your time in an effort to try to
10 save you many hours of time. So we're trying to get this
11 thing -- we need -- what I'm saying is we need an hour to see
12 if we can save you several hours, which I think is a good use
13 of our time. So sorry that you're here nice and early and not
14 going to have anything for you to do for an hour or so, but I
15 really do believe this will save you a lot of time in the long
16 run.
17      All right. So let me ask you to retire to the jury
18 room. We will not dally.
19      (Jury exited the courtroom.)
20      THE COURT: All right. So we'll be in recess for
21 roughly an hour. When you need a separate room, Ms. Kirk will
22 arrange for you to use my jury room on the fourth floor. Just
23 coordinate.
24      MR. BUTERMAN: Thank you, Your Honor.
25      THE COURT: All right. We'll be in recess.

```
 1                    (Recess at 8:33 AM.)
 2                    (Court back in session at 9:58 AM.)
 3                    (Jury not present.)
 4              THE COURT:  Do you have everybody you need to
 5   continue your examination?
 6              MR. HAFENBRACK:  Your Honor, let me see if I can
 7   wrangle Mr. Kessler.
 8              THE COURT:  The indispensable man.
 9              MR. HAFENBRACK:  Your Honor, he'll be in in one
10   minute, if that's okay with the Court.
11                    (Pause.)
12              THE COURT:  I see Mr. Polk in the courtroom.  Any
13   objection to him being here during this witness's testimony?
14              MR. YATES:  No, Your Honor.
15              THE COURT:  All right.  Professor, if you could come
16   up.  Thank you.
17              MR. KESSLER:  Your Honor, we're just waiting for the
18   other side to come down and seeing if we have some news.  I
19   apologize deeply.  They're stuck in the security coming down.
20   I just have to close the loop here.  Let me see what happens.
21                    (Pause.)
22              MR. KESSLER:  Your Honor, I'm pleased to say that
23   the parties believe that they have positively settled this
24   matter in a way that's going to be terrific for the industry
25   going forward.  We are still buttoning down and we will have a
```

1  sheet for you to review, but we have agreed on all terms and
2  so we just need a little more time to button it up and then
3  we'll present it to Your Honor.
4             THE COURT:  What is a little time because an hour
5  has turned into an hour and 35 minutes?
6             MR. KESSLER:  And I apologize for that, Your Honor.
7  It should now -- it's literally just --
8             MS. PARSIGIAN:  Typing.
9             MR. KESSLER:  -- typing a few things in.  We've
10 agreed -- there are no more open items.  We just have to look
11 at the final language.
12            THE COURT:  Well, to encourage that process, I'll
13 remain right here.
14            MR. KESSLER:  Thank you, Your Honor.
15            MR. BUTERMAN:  Thank you.
16            (Pause.)
17            (Court back in session at 10:21 AM.)
18            MR. BUTERMAN:  Your Honor, Your Honor had indicated
19 that he wanted to see the agreement --
20            THE COURT:  Yes.
21            MR. BUTERMAN:  -- before it was executed.  We have a
22 copy for Your Honor.  May I approach?
23            THE COURT:  Please.
24            MR. BUTERMAN:  Thank you, Your Honor.
25            (Document tendered to the Court.)

1         (Court peruses document.)
2         THE COURT: All right. The parties agree that this
3 settles all issues presently before the jury?
4         MR. KESSLER: It does, Your Honor.
5         MR. BUTERMAN: Yes, Your Honor.
6         THE COURT: All right.
7         All right. Meg, bring the jury.
8         (Jury entered the courtroom.)
9         THE COURT: All right. Members of the jury, as so
10 often happens when dealing with lawyers, an hour turns into
11 two, but I can tell you that it was productive. It will save
12 you a great deal of time in that the case has been settled,
13 meaning the trial is over.
14         So a couple things. Ms. Kirk just reminded me, hang
15 around for a few minutes. She has some paperwork for you so
16 don't go anywhere.
17         If you want to meet with me for any reason, to
18 discuss the case or tell us how we can improve the juror
19 experience, better if you just stay in the jury room for a few
20 minutes and I'd be glad to meet with you there.
21         Ms. Kirk reported that you're her favorite jury of
22 all time. Of course, I'm fair and impartial so I can't say
23 things like that. But I really have been impressed by how
24 studious you have been to this case. I know you were
25 following it. You understood this case as complicated as it

1  is and I'm just extremely impressed.
2              I know that everyone here is grateful for the time
3  you gave us.  In some ways it can be dissatisfying for you
4  because it's like, what have I done the last nine days?  You
5  settled a case, a very important case.
6              I engaged in a judicial settlement conference with
7  the parties a couple of months ago and I couldn't achieve what
8  you did in the last nine days.  Sometimes the parties just
9  need to see how the evidence unfolds and get a better
10 understanding of the wisdom of settlement and you enabled them
11 to do that.  So I can't thank you enough on behalf of
12 everyone.  We're all very grateful.
13             So I need you to stay for a few minutes so Ms. Kirk
14 can do this paperwork with you.  If you want to stay longer, I
15 can join you in the jury room before too long.  It won't be
16 the hour the lawyers talked about.  I'll be there before too
17 long.  Thank you so much.
18             And you are now free to talk or not talk to whoever
19 you want.  I don't know if anybody is going to reach out to
20 you.  Sometimes the press does stuff like that.  You don't
21 have to talk to anyone, but you're free to talk to whoever you
22 want and you can read whatever you want.  There's been a lot
23 written about it.
24             Thank you so much.  Those of you that I'll see in a
25 few minutes, I look forward to it.

```
 1              (Jury exited the courtroom.)
 2              THE COURT:  All right.  Thank you all for your hard
 3   work.  I wish we could have done this a couple of months ago,
 4   but it is the right thing to do.  I congratulate all of you.
 5   I think this is going to be great for NASCAR.  It's going to
 6   be great for the entity NASCAR, the industry NASCAR.  It's
 7   going to be great, I think, for the teams and the drivers.
 8   And as you have often said yourself, ultimately it's going to
 9   be great for the fans, so I'm very happy with this resolution.
10              All right.  We will be in recess until next Thursday
11   at 9:30, correct?
12              MS. KIRK:  That is correct.
13              THE COURT:  And I'd like to come down and speak to
14   everyone.
15              Yes, ma'am -- we can take up that issue separately.
16              MS. WILLIAMS:  Okay.
17              MR. KESSLER:  And, Your Honor, just on behalf -- I'm
18   sure defendants will say the same.  We thank you, your court
19   staff for the tremendous amount of time and effort that you've
20   devoted to this case, including starting early and coming in
21   hours and trying to settle it.  We really do appreciate the
22   Court's efforts.  Thank you.
23              MR. BUTERMAN:  And I would also add, Your Honor,
24   obviously the same on behalf of NASCAR and the France family.
25   Thank you for everything that you and the court and all the
```

1  personnel in court have done, even during the time when we
2  were in the government shutdown and a lot of people were
3  suffering, and so thank you all for that.
4              And I'd also like to thank Mr. Mishkin who was a
5  participant and very helpful in helping the parties reach this
6  resolution.
7              MR. KESSLER:  I, of course, join in that as well.
8              THE COURT:  And notwithstanding all of the alleged
9  error I committed during this case, I appreciate those kind
10 words.
11             MR. STEPHENSON:  Judge, you put your back into it.
12 Nobody can dispute that.
13             THE COURT:  All right.  Thank you all.  I'll come
14 down and speak to you.
15             (End of proceedings at 10:32 AM.)
16                              *****

```
 1  UNITED STATES DISTRICT COURT
 2  WESTERN DISTRICT OF NORTH CAROLINA
 3  CERTIFICATE OF REPORTER
 4
 5
 6          I, Cheryl A. Nuccio, Federal Official Realtime Court
 7  Reporter, in and for the United States District Court for the
 8  Western District of North Carolina, do hereby certify that
 9  pursuant to Section 753, Title 28, United States Code, that
10  the foregoing is a true and correct transcript of the
11  stenographically reported proceedings held in the
12  above-entitled matter and that the transcript page format is
13  in conformance with the regulations of the Judicial Conference
14  of the United States.
15
16          Dated this 14th day of December 2025.
17
18
19                          s/Cheryl A. Nuccio
                            _____
20                          Cheryl A. Nuccio, RMR-CRR
                            Official Court Reporter
21
22
23
24
25
```